















SWD   9/30/05   14:28

3:05-CV-01876   REYNOLDS V. PHILIP MORRIS USA

*1*

*CMP.*

1  **BLUMENTHAL& MARKHAM**
   Norman B. Blumenthal (State Bar #068687)
2  David R. Markham (State Bar #071814)
   Kyle Nordrehaug (State Bar #205975)
3  Cathy K. Kazemi (State Bar #225006)
   2255 Calle Clara
4  La Jolla, CA 92037
   Tel: 858/551-1223
5  Fax: 858/551-1232
   Attorneys for Plaintiff

6

7

8              **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  CORTNEY REYNOLDS, individually, on      Civil Action No.
    her own behalf, on behalf of all persons        **05 CV 1876     JAH (BLM)**
12  similarly situated, and on behalf of the
    general public,                          **CLASS ACTION**
13

14            Plaintiff,                     COMPLAINT FOR VIOLATIONS OF
                                             (1) THE UNFAIR PRACTICES ACT
15  vs.                                      PURSUANT TO BUSINESS &
                                             PROFESSIONS CODE § 17200 *ET. SEQ.*;
16  PHILIP MORRIS U.S.A., INC.
                                             (2) CALIFORNIA CONSUMERS LEGAL
17            Defendant.                      REMEDIES ACT, CIVIL CODE §§1750, et
                                             seq. ("CLRA") ;
18
                                             (3) BREACH OF IMPLIED COVENANT
19                                           OF GOOD FAITH AND FAIR DEALING
                                             AND;
20
                                             (4) DECLARATORY RELIEF
21

22                                           DEMAND FOR JURY TRIAL

23

24

25

26

27

28
                                    1

*COMPLAINT*                                            05 cv _____

1   Plaintiff CORTNEY REYNOLDS,(hereafter "Plaintiff"), on her own behalf, on behalf of those

2   similarly situated, and on behalf of the general public alleges as follows:

3

4   **NATURE OF THE ACTION**

5   1.   This action seeks redress for Plaintiff Cortney Reynolds, and a class of similarly situated

6   individuals, who hold or held Marlboro "5 Miles" and/or "Five Miles" award certificates issued by

7   Defendant Philip Morris USA Inc. ("PHILIP MORRIS") on its packages of Marlboro and Marlboro

8   Lights cigarettes and who are California residents.  PHILIP MORRIS uniformly advertises and offers

9   ward promotions on its Marlboro cigarettes, including the "Miles" promotional program featuring

10  Marlboro packaging with "5 Miles" award certificates which are included on each Marlboro and

11  Marlboro Light package.  PHILIP MORRIS includes these certificates with the intent that they be cut

12  from the packages by consumers who will then present them to PHILIP MORRIS for free gifts.  The

13  more "Miles" certificates the consumer saves, the more valuable a free gift he will receive upon

14  presentation.  Thus PHILIP MORRIS uses these certificates as incentives to consumers to buy more of

15  its cigarettes.  During the class period, PHILIP MORRIS changed the name on the certificates in a subtle

16  way, specifically changing the "5 Mile" notation to "Five Miles."  In PHILIP MORRIS's terminology,

17  the "5 Miles" certificates are also called "Old Miles"and the "Five Miles" certificates are called "New

18  Miles."  A copy of sample "5 Miles and "Five Miles" award certificates featured on the Marlboro

19  packaging  is attached hereto as Exhibit "1."  The "5 Miles" and "Five Miles" award promotions are

20  also collectively referred to herein as "Marlboro Miles."

21  2.   Within the class period,  people such as Plaintiff accumulated and saved the Marlboro

22  Miles for purposes of redeeming their value in exchange for Marlboro promotional items as advertised

23  in  the promotion.

24  3.   PHILIP MORRIS has violated California law by imposing illegal expiration dates on the

25  Marlboro Miles promotion.  These expiration dates – not printed or stated on the face of the "5 Miles"

26  and "Five Miles" award certificates – are illegal, since Section 1749.5 of the California Civil Code

27  makes it unlawful to issue a certificate for free gifts pursuant to an awards, loyalty, or promotional

28

2

1  program subject to an expiration date without stating the expiration date in capital letters in at least

2  10-point font on the front of the certificate.  An expiration date was unilaterally imposed by PHILIP

3  MORRIS on its Old Miles when it converted to its New Miles promotion, thus making the OLD ("5

4  Miles") certificates subject to expiration date after they had been distributed to consumers.  Later, Philip

5  Morris has sold its cigarettes with Five Mile certificates not reciting any expiration date while

6  announcing prospective expiration dates for them in other publications.

7       3.     To this date PHILIP MORRIS continues to manufacture, sell or distribute Marlboro

8  cigarettes featuring the Marlboro Miles packaging without the requisite expiration date appearing on the

9  front of the Marlboro Miles awards certificate.

10       4.     Specifically, PHILIP MORRIS' present Marlboro Miles promotion program features the

11  "Five Miles" award points, which became effective in March 2005 and is intended to expire on

12  September 30, 2005.  The expiration date is set forth in other publications, including the Marlboro Miles

13  Catalog.  In violation of California law, this date of expiration similarly fails to appear in capital letters

14  in at least 10-point font on the front of the Marlboro Miles certificate as required under California Civil

15  Code 1749.5, rendering the Marlboro Miles valueless to holders such as Cortney Reynolds after the date

16  of expiration.

17       5.     This class action is brought by the named Plaintiff to remedy violations of California's

18  state consumer protection statutes and common and statutory law.

19       6.     Both Class members and the general public face damages in terms of, *inter alia,* having

20  the Marlboro Miles dishonored, and therefore, rendering the value of the Marlboro Miles certificates

21  worthless.

22       7.     In this suit, Class Plaintiff seeks for the members of the Class both equitable relief,

23  including declaratory, injunctive, restitutionary and other equitable monetary relief, and economic

24  damages as set forth more fully below, including but not limited to full credits for and/or monetary value

25  of the improperly and unlawfully expired Marlboro Miles, re-issuance of new Marlboro Miles at full

26  redemption value, disgorgement of the value of any illegally expired certificates.

27

28

3

## PARTIES TO THE ACTION

8.     At all times relevant to this Complaint, Plaintiff Cortney Reynolds resided in San Diego County, California, and within the Southern District of California.

9.     PHILIP MORRIS is a corporation organized and existing under the laws of the state of Virginia whose principal place of business is located at 120 Park Avenue, New York, New York 10016.

10.    PHILIP MORRIS manufactures, advertises, promotes, markets and sells cigarettes, including but not limited to Marlboro cigarettes on a national scale, specifically including the state of California. According to PHILIP MORRIS' web site, PHILIP MORRIS has "long been associated" with "globally recognized cigarette brands" and "today the name is proudly carried by the leading cigarette manufacturer in the United States."

11.    At all relevant times, Defendant PHILIP MORRIS was engaged in substantial and not isolated activities within the State California including but not limited to the sale of Marlboro cigarettes with Marlboro Miles attached to its packaging and which Plaintiff holds.   At all relevant times, Defendant was responsible for the packaging of the Marlboro cigarettes, including the Marlboro packaging featuring the Marlboro Miles promotional program.   At all relevant times, PHILIP MORRIS caused damages within the state of California arising out of an act or omission outside of California while engaged in solicitation activities within California or while it processed, serviced or manufactured products used or consumed in California in the ordinary course of commerce, trade or use.

## JURISDICTION AND VENUE

12.    The Court has personal jurisdiction over Defendant PHILIP MORRIS because Defendant PHILIP MORRIS conducts a substantial amount of business in the State of California, and in particular, the Southern District of California. During the relevant time period, Defendant did sufficient business in, had sufficient contacts with, and intentionally availed themselves of the laws and market of the State of California through the promotion, sale, marketing, distribution and operation of its cigarette businesses.

13.    This case is also a class action within the meaning of 28 USC §1332(d)(1), as amended by

4

1    the Class Action Fairness Act of 2005, because at least one class member is a citizen of a state different from

2    Defendants. Plaintiff and members of the class all reside in the state of California.  PHILIP MORRIS is

3    a Virginia corporation with a principal place of business in New York. The amount in controversy with

4    respect to the claims for the entire class as alleged herein exceeds $5,000,000, exclusive of interest and costs.

5         14.    Venue is proper in this Court because Plaintiff Cortney Reynolds resides in San Diego

6    County, California.  Further, the acts upon which this action is based occurred in part in this district.

7    Plaintiff Cortney Reynolds and numerous Class members reside in this district, purchased the products,

8    were injured and/or were subjected to harm in this venue.  Defendants received substantial compensation

9    and profits from the sale of their products in this district engaged in transactions and/or breached obligations

10   imposed by law in this County.  Thus, Defendant PHILIP MORRIS' liability arose in part in this district.

11

12

13                            **CLASS ACTION ALLEGATIONS**

14        15.    Plaintiff brings this lawsuit as a class action pursuant to Fed.R.Civ.P, 23 on behalf of the

15   class.  The class is composed of:

16           All persons who reside in the State of California and who, within four years
             prior to the filing of this Complaint until the end of the Class Period, either
17           have held or hold Marlboro Miles certificates, and which Philip Morris
             dishonored or intends to dishonor on the basis of a date of expiration not
18           printed or published as specified California's gift certificate law, Civ. Code
             § 1749.5 (the "Class").
19

20   Excluded from the Class are all Defendant PHILIP MORRIS's agents, attorneys, directors, officers and

     employees; and all members of the judiciary sitting in judgment on this case.
21

22        16.    The proposed Class is ascertainable and so numerous that the individual joinder of all its

23   members in one action is unreasonable and  impracticable.  While the exact number and the identities of

24   Class members are unknown at this time, Plaintiff estimates the Class includes thousands of individual

25   members. PHILIP MORRIS' records, available through discovery, will show how many Marlboro Miles

26   were issued with Marlboro cigarette sales and the rate of redemption of Marlboro Miles certificates before

27   the expiration date(s).  Notice to class members from PHILLIP MORRIS' customer database, and through

28

                                      5

1    publication in media of general circulation in California, is authorized by law.

2        17.    The claim of Plaintiff is typical of the claims of the members of the Class.  Like the Class

3    Members, the named Plaintiff  has sustained and will sustain damage from the conduct complained of

4    herein.

5        18.    Plaintiff will fairly and adequately represent and protect the interests of the Class and has

6    retained counsel competent and experienced in class action litigation.  The interests of the Class coincide

7    with, and are not antagonistic to, those of Plaintiff.

8        19.    A class action is superior to other methods for the fair and efficient adjudication of this

9    controversy and will provide substantial benefit both to the parties and to the court system.  Since the

10   practices PHILIP MORRIS engaged in are uniform and common to all members of the Class, judicial

11   economy will be promoted by treating this case as a class action.  It would not be economically practicable

12   for Plaintiff or Class Members to maintain individual actions because of the amounts at issue in a given

13   transaction.

14       20.    The expenses and burdens of litigation would make it costly and inefficient for Class

15   Members to seek redress on an individual basis for the wrongs done to them.  When the liability of PHILIP

16   MORRIS has been adjudicated, the claims of all Class Members can be administered efficiently and/or

17   determined by the courts.

18       21.    This action will promote an orderly and expeditious administration of Class claims; promote

19   economies of time, effort and resources; and promote uniformity of decisions.  A multitude of individual

20   actions would work a hardship on the court system and would be impractical to coordinate by any means

21   other than a class action.

22       22.    There are questions of law and fact common to the Class, which predominate over any

23   questions affecting only individual Class Members.  These questions arise from Defendant PHILIP

24   MORRIS's common, standardized practices and procedures.  Among others, the issues include but are not

25   limited to:

26       a.    Whether PHILIP MORRIS violated state consumer protection statutes, specifically section

27            1749.5 of the Civil Code;

28

*COMPLAINT*                                                              05 cv _____

b.     Whether the Marlboro Miles at issue were subject to an illegal expiration date;

c.     Whether PHILIP MORRIS' uniform course of conduct resulted in the inclusion of provisions as part of a transaction that were illegal;

d.     Whether PHILIP MORRIS knew or reasonably should have known or were obligated by law to know that the effective imposition of an expiration date without providing the actual expiration date in capital letters in at least 10-point font on the front of the Miles Certificate was illegal under California law;

e.     When PHILIP MORRIS learned such activities were illegal;

f.     Whether PHILIP MORRIS continued to collect or retain the monies or value of the Marlboro Miles here at issue despite their knowledge of the illegality of the expiration dates;

g.     Whether the conduct at issue had a likelihood of deceiving Class members or was unfair;

h.     The amount of revenues and profits PHILIP MORRIS received, retained and/or the amount of monies or other obligations lost by Class members as a result of such wrongdoing;

I.     Whether Class members are entitled to restitutionary disgorgement or payment of damages plus interest thereon, and if so, what is the amount of such relief.

23.     There will be no difficulty in the management of this lawsuit as a Class action.  Class-wide resolution of such consumer claims is the superior method for resolution of these claims.

## FACTUAL ALLEGATIONS

24.     PHILIP MORRIS sells Marlboro cigarettes featuring promotional Marlboro Miles throughout the state of California and generate many millions of dollars each year in California through the sales of Marlboro and Marlboro Light cigarettes alone. PHILIP MORRIS created the Marlboro Miles promotion as an incentive to increase cigarette sales by offering its loyal customers free gifts of merchandise if they collected and redeemed Marlboro Miles certificates.  Customers were given an incentive to buy more cigarettes because more valuable gifts could be acquired for more certificates. The Marlboro Miles incentive program is one of the most important marketing techniques used by PHILIP MORRIS to maintain brand loyalty.  The use of the Marlboro Miles promotion resulted in continued and increased sales of Marlboro

7

1    cigarettes to consumers, including the Plaintiff.

2        25.    Consistent with the experience of other Class members, Class Plaintiff holds or has held

3    Marlboro Miles award certificates in California during the relevant class period.  Plaintiff holds or has held

4    Marlboro Miles which are subject to expiration dates.  The Old Miles held by Plaintiff were made subject

5    to a unilaterally-imposed expiration date after he purchased them.  The New Miles held by Plaintiff

6    Reynolds have been made subject to a prospective expiration date.  The Marlboro Miles certificates now

7    being issued to Plaintiff and members of the Class as they purchase Marlboro cigarettes are subject to a

8    prospective expiration date of October 30, 2005.

9        26.    The imposition of the expiration on the Marlboro Miles is illegal.  California Civil Code

10   § 1749.5 expressly makes it unlawful for any person or entity to issue a certificate for a free gift pursuant

11   to "an awards, loyalty, or promotional program" without the expiration date appearing in "capital letters in

12   at least 10-point font on the front of the gift certificate."

13       27.    The transactions in question are material, as the amounts saved by PHILIP  MORRIS

14   through the illegal imposition of such expiration dates can be substantial due the large number of Marlboro

15   Miles that may go unredeemed and are unlawfully deemed expired and dishonored.

16       28.    Such conduct adversely impacted or will impact thousands of members of the Class and the

17   general public.

18       29.    Having been exposed to this illegal conduct, Class members had their legal rights infringed

19   as a result of Defendant PHILIP  MORRIS' illegal conduct. Class members should therefore be entitled to

20   continue to receive free gifts or the value thereof.

21       30.    PHILIP  MORRIS' failure to abide by their legal obligations is ongoing and continues to

22   this date, as it continues to impose illegal expiration dates.

23

24                              **FIRST COUNT**

25   **Violations of the California Unfair Competition Law - Bus. & Prof. Code §§ 17200 et seq.**

26       31.    Plaintiff repeats and realleges each allegation set forth herein.

27       32.    The California Unfair Competition Act ("UCL") (Bus. & Prof. Code §§ 17200, et seq.)

28

                                       8

*COMPLAINT*                                                    05 cv _____

1  prohibits acts of unfair competition, which include any "unlawful, unfair, or fraudulent business act or

2  practice."

3      33.   By its actions described above, Defendant PHILIP MORRIS has violated and continues to

4  violate the UCL in that it has engaged and continues to engage in unfair business practices within the

5  meaning of the UCL.

6      34.   PHILIP MORRIS has engaged in an "unlawful" business act and/or practice by imposing

7  actually or effectively expiration dates not appearing "in capital letters in at least 10-point on the front" of

8  the Miles Certificated issued and therefore,  not permissible under the law.  As detailed herein, these

9  business acts and practices violated provisions of law, including, inter alia, Cal. Civil Code §1749.5.

10      35.   Through the above-described conduct, PHILIP MORRIS has engaged in an "unfair" business

11  act or practice in that the business acts and practices is (1) outweighed by the gravity of the resulting harm,

12  particularly considering the available alternatives, and/or (2) violates the spirit or intent of California law

13  as declared by the legislature, offends public policy or causes injury to consumers and competitors.  Both

14  Plaintiff and the members of the Class have sustained damages and lost money by paying for cigarettes

15  containing certificates which were subject to expiration dates not disclosed on their faces in violation of

16  California law.

17      36.   The above-described unlawful practices engaged in by PHILIP MORRIS continue to this

18  day, and present a threat to the Class and the general public in that PHILIP MORRIS has failed to rescind

19  its expiration dates.  As a result of this practice, Plaintiffs and the other members of the Class have lost

20  money and property because they can no longer redeem their collected Marlboro Miles for valuable

21  merchandise and property.

22      37.   Pursuant to California Business & Professions Code §17203, Plaintiff, individually

23  and on behalf of the Class, and on behalf of the general public, seeks an order of this Court prohibiting

24  Defendant PHILIP MORRIS from continuing to engage in the unlawful, unfair, or fraudulent business acts

25  or practices set forth in this Complaint and/or ordering PHILIP MORRIS to engage in a corrective

26  informational campaign.  Plaintiff additionally requests an order from the Court  requiring that  PHILIP

27  MORRIS provide (1) complete equitable monetary relief, including that it disgorge and restitute or pay over

28

9

05 cv _____

1   the value of certificates subject to previous expiration dates, and (2) equitable relief adjudging that

2   prospective expiration dates are invalid unless in compliance with section 1749.5.

3

4                                    **SECOND COUNT**

5       **Violation of the California Consumers Legal Remedies Act (Injunctive Relief Only)**

6       38.    The allegations of the preceding paragraphs are incorporated by reference as if fully set forth

7   herein.

8       39.    The California Consumers Legal Remedies Act, Cal. Civ. Code §§1750, et seq. ("CLRA"),

9   has adopted a comprehensive statutory scheme prohibiting various deceptive practices in connection with

10  the conduct of a business providing goods, property or services to consumers primarily for personal,

11  household or family purposes.

12      40.    PHILIP MORRIS' sold either directly or indirectly Marlboro cigarettes featuring packaging

13  with Marlboro Miles as part of an awards promotional program.  The Marlboro Miles failed to include an

14  expiration date in "capital letters in at least 10-point font on the front" of the certificate  in violation of

15  California Civil Code § 1749.5.

16      41.    As alleged above, PHILIP MORRIS' violated and continues to breach  its obligations under

17  California law by imposing expiration dates not appearing on the front of the Marlboro Miles "in capital

18  letters in at least 10-point on the front."

19      42.    The transactions, policies, acts, omissions and practices engaged in by PHILIP MORRIS and

20  alleged herein were intended to, and did, result in the continued sale of the goods and services here at issue

21  to members of the Class primarily for personal, household or family purposes, and violated and continued

22  to violate the CLRA in at least the following respects:

23      a.     In violation of Cal. Civ. Code §1770(a)(5), PHILIP MORRIS' acts and practices constitute

24             representations regarding  the characteristics, benefits or uses of the certificates which they

25             do not have; and

26      b.     In violation of Cal. Civ. Code §1770(a)(14), PHILIP MORRIS' acts and practices constitute

27             representations regarding the rights, remedies or obligations of the certificates which they

28

                                            10

1  do not have or are prohibited by law.

2      43.    As a result, Plaintiff and the other members of the Class are entitled to equitable relief.

3  Plaintiff seeks and is entitled to, pursuant to California Civil Code §1780(a)(2), an order enjoining the

4  above-described wrongful acts and practices of defendants.

5

6                          **THIRD COUNT**

7          **Breach of Implied Covenant of Good Faith and Fair Dealing**

8      44.    The allegations of the preceding paragraphs are incorporated by reference as if fully set

9  forth herein.

10      45.    Through the sale of cigarette packages with Marlboro Miles as set forth above, PHILIP

11  MORRIS entered into a contract of sale with consumers.  Such contracts provided not only that the

12  consumer would receive cigarettes in exchange for the purchase price, but also that he would receive

13  Marlboro Miles certificates redeemable for free gifts.  Under California law, every contract contains an

14  implied covenant of good faith and fair dealing that a party will take no action which deprives the other party

15  of the right to enjoy the benefits of the contract. Thus PHILIP MORRIS' sale contracts contain an implied

16  covenant that PHILIP MORRIS  will act toward Plaintiff and the class in good faith and fair dealing, and

17  not impose expiration dates on already issued certificates after-the-fact which would render them valueless

18  and so deprive consumers of a benefit of the contracts.  This is especially true in this case because much of

19  the offered merchandise and property requires consumers to collect and save Marlboro Miles for a very long

20  time in order to have sufficient Miles to redeem.

21      46.    By reason of unilaterally imposing expiration dates on its Miles certificates,

22  PHILIP MORRIS has breached the covenant of good faith and fair dealing with the class members and has

23  undermined the value of the Marlboro Miles.

24

25                          **FOURTH COUNT**

26          **Declaratory Relief and Payment for Unjust Enrichment**

27      47.    The allegations of the preceding paragraphs are incorporated by reference as if fully set

28

*COMPLAINT*                                 05 cv _____

7.    For such other and further relief as the Court deems proper.

Dated: September 28 2005                    BLUMENTHAL & MARKHAM

By: _____
        Norman B. Blumenthal, Esq.
        David R. Markham, Esq.
        Kyle Nordrehaug, Esq.
        Cathy K. Kazemi, Esq.
        Attorneys for Plaintiff


## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable and an advisory jury for a factual determination on all equitable claims.

Dated: September 28 2005                    BLUMENTHAL & MARKHAM

By: _____
        Norman B. Blumenthal, Esq.
        David R. Markham, Esq.
        Kyle Nordrehaug, Esq.
        Cathy K. Kazemi, Esq.
        Attorneys for Plaintiff

K:\D\NBB\Reynolds\Marlboro Complaint Final Draft.wpd

13

*COMPLAINT*                                              05 cv _____

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CORTNEY REYNOLDS | PHILIP MORRIS USA, INC 05 SEP 29 PM 3: 22 |

LEFT U.S. DISTRICT COURT
OF CALIFORNIA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED  **San Diego**
PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  **New York**
(IN U.S. PLAINTIFF CASES ONLY)

DEPUTY

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

NORMAN BLUMENTHAL
Blumenthal & Markham, 2255 Calle Clara
La Jolla, CA  92037,  (858)551-1223

ATTORNEYS (IF KNOWN)

**'05 CV 1876    JAH (BL)**

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

28 U.S.C. §1332 - class action in excess of $5,000,000 with diversity

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce ICC Rates etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒1 Original Proceeding  ☐2 Removal from State Court  ☐3 Remanded from Appellate Court  ☐4 Reinstated or Reopened  ☐5 Transferred from another district (specify)  ☐6 Multidistrict Litigation  ☐7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $  Injunction & more than $5 million   Check YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See instructions):**   JUDGE   Docket Number

DATE  9/28/05   SIGNATURE OF ATTORNEY OF RECORD

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

CR    1117534   $250.00