















JPP    10/25/05    9:22

3:05-CV-01876   REYNOLDS V. PHILIP MORRIS USA

*5*

*P/A.*

ANNA S. McLEAN (Bar No. 142233)
DANIEL K. SLAUGHTER (Bar No. 136725)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

DAVID E. KLEINFELD (Bar No. 110734)
CHAD R. FULLER (Bar. No. 190830)
HELLER EHRMAN LLP
4350 La Jolla Village Drive
7th floor
San Diego, CA  92122-1246
Telephone:  (858) 450-8400
Facsimile:  (858) 450-8499

Attorneys for Defendant
PHILIP MORRIS USA INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORTNEY REYNOLDS, | Case No.: 05 CV 1876 JAH |
| Plaintiff, | CLASS ACTION |
| v. | DEFENDANT PHILIP MORRIS USA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT [Fed. R. Civ. P. 12(b)(6)] |
| PHILIP MORRIS USA INC., | |
| Defendant. | The Honorable John A. Houston Courtroom:  11 Date:  December 15, 2005 Time:  3:00 p.m. |

5

**Table of Contents**

Page

I.      INTRODUCTION ...................................................................................................1

II.     PLAINTIFF'S ALLEGATIONS .........................................................................3

III.    PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM ...................................4

        A.      Marlboro Proofs of Purchase Are Not "Gift Certificates"
                Regulated by Civil Code Section 1749.5 ...........................................5

                1.      The plain language of Section 1749.5 does not apply to
                        Marlboro Proofs of Purchase ................................................5

                2.      The legislative history of Section 1749.5 indicates that
                        Marlboro Proofs of Purchase are not the subject of the
                        statute ..............................................................................7

                3.      Other states' statutes governing "gift certificates"
                        uniformly exclude proofs of purchase ...................................10

                4.      Case law also indicates that Marlboro Proofs of Purchase
                        are not subject to the statute................................................11

        B.      Plaintiff's entire Complaint must be dismissed ............................13

IV.     CONCLUSION .....................................................................................................15

PHILIP MORRIS USA INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS: 05 CV 1876 JAH

## Table of Authorities

Page

### Cases

*Blankenship v. McDonald,*
    176 F.3d 1192 (9th Cir. 1999)..................................................................................4

*Branch v. Tunnell,*
    14 F.3d 449 (9th Cir. 1994)......................................................................................3

*Burr v. Sherwin Williams Co.,*
    42 Cal. 2d 682 (1954) ...........................................................................................14

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tele. Co.,*
    20 Cal. 4th 163 (1999) ..........................................................................................13

*Cole v. Doe 1 Thru 2 Officers of the City of Emeryville Police Dep't,*
    No. C-03-5643, 2005 WL 2122051 (N.D. Cal. Sept. 1, 2005) .................................11

*Elwood v. Aid Ins. Co.,*
    880 F.2d 204 (9th Cir. 1989)..................................................................................11

*Freeman v. Wal-Mart Stores, Inc.,*
    111 Cal. App. 4th 660 (2003) ...........................................................................12, 13

*In re Syntex Corp. Sec. Litig.,*
    95 F.3d 922 (9th Cir. 1996).................................................................................. 4-5

*In re ZZZZ Best Sec. Litig.,*
    No. CV 87-3574, 1990 WL 132715 (C.D. Cal. July 23, 1990) .................................12

*Isaacson v. Cal. Ins. Guar. Ass'n,*
    44 Cal. 3d 775 (1988) ...........................................................................................14

*Leonte v. ACS State and Local Solutions, Inc.,*
    123 Cal. App. 4th 521 (2004) ..................................................................................5

*McLaughlin v. State Bd. of Educ.,*
    75 Cal. App. 4th 196 (1999) ....................................................................................8

*Ortiz-Sandoval v. Gomez,*
    81 F.3d 891 (9th Cir. 1996)....................................................................................11

PHILIP MORRIS USA INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS: 05 CV 1876 JAH

*Rety v. Green,*
    546 So. 2d 410 (Fla. Dist. Ct. App. 1989) ............................................................8

*Waul v. Circuit City Stores, Inc.,*
    No. A101414, A101792, 2004 WL 1535825
    (Cal. App. 1 Dist. July 9, 2004) ...................................................11, 12, 13

**State Statutes**

Cal. Bus. & Prof. Code
    § 17200............................................................................................................4
    § 17700............................................................................................................9
    § 17750.........................................................................................................4, 9

Cal. Civ. Code
    § 1749.45 .......................................................................................................7
    § 1749.5 ................................................................................................ passim
    § 1749.5(a) .....................................................................................................5
    § 1749.5(d)(1) .............................................................................................5-6
    § 1749.5(e)(1)................................................................................................7
    § 1749.6(c)(2)(c) ...........................................................................................7
    § 1749.6(d)(3) ...............................................................................................7
    § 1750............................................................................................................4

Ariz. Rev. Stat. § 44-7401(2) .................................................................................10

Conn. Gen. Stat. § 3-56a(5) ...................................................................................10

Haw. Rev. Stat. Ann. § 481B-13(e) (Lexis 2004)...........................................10, 11

Ill. Comp. Stat. Ann. 505/2QQ (West 2005) ...................................................10, 11

Iowa Code Ann. § 566.9 (West 2005) .....................................................................10

La. Rev. Stat. Ann. § 51:1423 (2004) ...............................................................10, 11

Mass. Gen. Laws ch. 255D § 1 ...............................................................................10

N.Y. Aband. Prop. Law § 103...................................................................................10

N.Y. Gen. Bus. Law § 396-i......................................................................................10

R.I. Gen Laws §6-13-12 (2004) ........................................................................10, 11

iii

Wash. Rev. Code § 19.240.010 (2005) ............................................................10

**Rules**

Cal. Rule of Court 977(a) ...............................................................................11

Fed. R. Civ. P. 12(b)(6) ...................................................................................4

**Other Authorities**

American Heritage Dictionary of the English Language
    (Fourth ed. 2000) ...................................................................................1, 6

PHILIP MORRIS USA INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS: 05 CV 1876 JAH

# I.      INTRODUCTION

Plaintiff's Complaint seeks to apply California's gift certificate statute, California Civil Code § 1749.5, in a way that is inconsistent with both its plain language and the Legislature's intent.  Section 1749.5 makes it "unlawful to sell a gift certificate to a purchaser that contains . . . an expiration date," but exempts "promotional" gift certificates distributed for free, so long as their expiration dates are in 10-point font on the front of the gift certificate.  Plaintiff's suit relies on the false premise that proofs of purchase such as Marlboro Miles ("Marlboro Proofs of Purchase"), which appear next to the Universal Product Code ("UPC") on the side of Philip Morris USA's Marlboro® and Marlboro Lights® cigarette packages, are "gift certificates."  Plaintiff then argues that Marlboro Proofs of Purchase do not satisfy the statutory exemption for promotional gift certificates because no expiration date appears on the Marlboro Proof of Purchase that is printed on the cigarette package.  This theory forms the basis for all four of her claims.

Plaintiff's theory fails at the outset because she does not, and cannot, allege that Marlboro Proofs of Purchase are "gift certificates."  She calls them "certificates," "award certificates" and "award promotions" — never "gift certificates."  But Section 1749.5 applies only to "gift certificates."  Nor is this a defect that could be corrected by amendment, because the law is clear that Marlboro Proofs of Purchase are not "gift certificates" within the meaning of Section 1749.5.

First, the plain language of the statute clearly indicates that it governs "gift certificates" in the usual sense of the word — "a *certificate* usually presented as a *gift* that entitles the recipient to select merchandise *of an indicated cash value* at a commercial establishment." *American Heritage Dictionary of the English Language* (Fourth ed. 2000) (emphasis added).  Marlboro Proofs of Purchase do not meet *any* of these criteria.  They are not physically like a gift certificate or gift card, not being in the form of a distinct card or certificate that the gift recipient can use to purchase items at a commercial establishment.  They have no "cash value" — no stated amount that can be exchanged for a like dollar amount of goods or services.  Nor are they intended to be given as gifts.  As plaintiff herself

1

1 | concedes, Marlboro Proofs of Purchase are accumulated by purchasing packages of

2 | Marlboro® cigarettes and redeemed during a promotion ("Marlboro Catalog Program") *by*

3 | *the original consumer of the cigarettes*, not given as gifts to a third party.

4 |     <u>Second</u>, the legislative history of Section 1749.5 makes it clear that proofs of

5 | purchase are not the same as "gift certificates." Section 1749.5 was enacted to address a

6 | specific problem that had resulted in complaints and litigation by consumers who had

7 | bought gift certificates for cash and gave them as gifts, only to find that the gift certificate

8 | had expired before the recipient was able to use it. The Legislature considered this to be a

9 | windfall, especially since some merchants were not thereafter escheating the value of their

10 | unredeemed gift certificates to the state, as required by law. The extensive legislative

11 | history of Section 1749.5 contains no suggestion that the Legislature intended to create a set

12 | of regulations that could be expanded to cover proofs of purchase and similar programs, as

13 | Plaintiff's construction of the statute would do. To the contrary, the history indicates that

14 | the Legislature had in mind precisely what a "gift certificate" is, and nothing else: "[A]

15 | certificate purchased by a consumer from a retailer, *to be given as a gift,* that entitles the

16 | recipient of that gift to select goods or services *in the amount stated thereon* . . . ." AB

17 | 2466, Legislative Counsel's Report at 2 (January 17, 1997), RJN Ex. A.[1] (Emphasis

18 | added).

19 |     <u>Third</u>, other states' statutes defining "gift certificate" all use the term in the

20 | traditional sense, and none supports a construction that could be extended to govern

21 | Marlboro Proofs of Purchase. This underscores the conclusion that the phrase has a

22 | particular meaning in both common and legislative use that does not include proofs of

23 | purchase.

24 |     <u>Finally</u>, the limited case law construing Section 1749.5 confirms that the term is to

25 | be given a particular meaning, and that the statute is to be narrowly construed. Because

26 |

27 |     [1] Portions of the legislative history are attached as exhibits to Defendant Philip

28 | Morris USA Inc.'s Request for Judicial Notice in Support of Motion to Dismiss Complaint ("RJN"), filed herewith.

1  Marlboro Proofs of Purchase simply do not fit the statutory meaning of "gift certificate,"

2  they are not regulated by Section 1749.5.

3       All of plaintiff's claims are predicated on the assumption that Section 1749.5 applies

4  to Marlboro Proofs of Purchase and that it is therefore unlawful for Marlboro Proofs of

5  Purchase to appear on cigarette packages without an expiration date in 10-point font. Each

6  claim fails because Section 1749.5 is inapplicable to Marlboro Proofs of Purchase.

7  Plaintiff's Breach of Implied Covenant claim fails for the additional reason that there is no

8  contract between plaintiff and Philip Morris USA. The Court should dismiss the Complaint

9  in its entirety with prejudice.

10  **II.  PLAINTIFF'S ALLEGATIONS**

11       Plaintiff's complaint concerns "5 Miles" and "Five Miles" proofs of purchase

12  (collectively "Marlboro Proofs of Purchase") that appear on the side of Marlboro® cigarette

13  packages. Plaintiff refers to "5 Miles" as "Old Miles" and "Five Miles" as "New Miles."

14  Plaintiff refers to Marlboro Proofs of Purchase collectively as "certificates," "award

15  certificates," "awards certificates," "Miles Certificates," "award promotions," or "Marlboro

16  Miles." Plaintiff never refers to Marlboro Proofs of Purchase as gift certificates.[2]

17       Plaintiff alleges that Marlboro Proofs of Purchase are intended to be cut from the

18  packages on which they appear and submitted to Philip Morris USA for "free gifts."

19  Complaint ¶ 1. Plaintiff says that she accumulated Marlboro Proofs of Purchase "for

20  purposes of redeeming their value in exchange for Marlboro promotional items as

21  advertised in the promotion." *Id.* ¶ 2.

22       Plaintiff complains that Philip Morris USA has "imposed" expiration dates on

23       [2] Although plaintiff states that copies of Marlboro Proofs of Purchase are attached to

24  the Complaint (Complaint ¶ 1), neither the service copy received by Philip Morris USA nor
the copy of the complaint in the Court's file contains any attachment. Nevertheless,

25  because they are referred to and incorporated by reference in the Complaint, it is proper for

26  Philip Morris USA to attach them to its Motion to Dismiss. *Branch v. Tunnell,* 14 F.3d 449,
453-4 (9th Cir. 1994) (documents whose contents are referred to in the Complaint and

27  whose authenticity no party questions may be considered in ruling on a Rule 12(b)(6)

28  motion). Accordingly, both types of Marlboro Proofs of Purchase are attached to this brief
as Exhibit 1.

3

1   Marlboro Proofs of Purchase, and that these expiration dates are "illegal" because they do

2   not appear on the cigarette packages themselves. *Id.* ¶¶ 3, 25, 26. Specifically, plaintiff

3   says that Old Miles were "made subject to a unilaterally-imposed expiration date after he

4   [sic] purchased them," and that New Miles were "made subject to a prospective expiration

5   date." *Id.* Plaintiff does not identify the expiration date for Old Miles, but says that New

6   Miles expire on either September 30, 2005 or October 30, 2005. *Id.* ¶¶ 4, 25. Plaintiff

7   alleges that both expiration dates were "announced" in the "Marlboro Miles Catalog" and

8   "other publications." *Id.* ¶¶ 2-4.

9           Plaintiff's legal theory is that Philip Morris USA's "imposition" of an expiration date

10   on Marlboro Proofs of Purchase, without placing that date on the cigarette packages

11   themselves, violates Civil Code § 1749.5. Based on this supposed violation of Section

12   1749.5, plaintiff asserts four causes of action for: (1) violation of California Business &

13   Professions Code §§ 17200 *et seq.* (the Unfair Competition Law, or "UCL"); (2) violation

14   of California Civil Code §§ 1750 *et seq.* (the Consumers Legal Remedies Act, or "CLRA");

15   (3) breach of implied covenant of good faith and fair dealing; and (4) declaratory relief and

16   payment for unjust enrichment.

17           Plaintiff purports to represent a class of California residents who held Marlboro

18   Proofs of Purchase during the last four years "which Philip Morris dishonored or intends to

19   dishonor on the basis of a date of expiration not printed or published as specified [sic]

20   California's gift certificate law." *Id.* ¶ 15. Plaintiff seeks "restitutionary disgorgement,

21   rebates and restitution," declaratory or injunctive relief, damages (on the breach of implied

22   covenant claim only), attorneys' fees and costs. *Id.* Prayer, at p. 12.

23   **III.    PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM**

24           A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal

25   sufficiency of the pleadings. In considering a motion to dismiss, the Court must accept as

26   true all well pled allegations in the Complaint. *See Blankenship v. McDonald*, 176 F.3d

27   1192 (9th Cir. 1999). However, baseless contentions, unsupported characterizations, and

28   legal conclusions do not constitute well pled allegations and may be rejected. *See In re*

*Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996) ("conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.").

A. **Marlboro Proofs of Purchase Are Not "Gift Certificates" Regulated by Civil Code Section 1749.5**

1. **The plain language of Section 1749.5 does not apply to Marlboro Proofs of Purchase**

In construing a California statute, the first step is to look at its plain language. The Court must examine "the words of the statute, giving them their usual and ordinary meaning and construing them in the context of the statute as a whole." *Leonte v. ACS State and Local Solutions, Inc.,* 123 Cal. App. 4th 521, 526-27 (2004) (sustaining demurrer to plaintiff's UCL complaint).

Section 1749.5 is a narrowly tailored statute aimed only at "gift certificates." It is included in Title 1.4A of the Civil Code, which is entitled "GIFT CERTIFICATES." The statute specifically refers to "gift certificates" throughout — never to "certificates," "award promotions" or any of the other constructs plaintiff uses in her complaint.[3]

The purpose of the statute is to prohibit expiration dates on most gift certificates sold in California. Cal. Civ. Code § 1749.5(a) ("It is unlawful for any person or entity to sell a gift certificate to a purchaser that contains any of the following: (1) An expiration date . . ."). Plaintiff's lawsuit is based on one of the exceptions to this general prohibition. Subsection (d)(1) of the statute exempts "[g]ift certificates that are distributed by the issuer to a consumer pursuant to an awards, loyalty, or promotional program without any money or other thing of value being given in exchange for the gift certificate by the consumer." Such "free" gift certificates may contain an expiration date if it "appears in capital letters in at least 10-point font on the front of the gift certificate." Plaintiff alleges that Marlboro

---

[3] Indeed, in the course of amending the statute, the Legislature made sure always to use the entire phrase "gift certificates" and not any other term. *See* AB 1054 at 3 (as amended July 14, 1997) (Amendment adding "gift" [italicized] in front of "certificates" in new subsection so as to conform to remainder of statute), RJN Ex. B.

1  Proofs of Purchase are "certificates," that they are part of a promotional program falling

2  within the subsection (d)(1) exception, and that therefore the expiration date of Marlboro

3  Proofs of Purchase must be in 10-point font on the package.

4      This theory fails from the start because Marlboro Proofs of Purchase are not gift

5  certificates.  The ordinary meaning of the phrase "gift certificate" is "a *certificate* usually

6  presented as a *gift* that entitles the recipient to select merchandise *of an indicated cash value*

7  at a commercial establishment." *American Heritage Dictionary of the English Language*

8  (Fourth ed. 2000) (emphasis added).  Although Marlboro Proofs of Purchase may be

9  exchangeable for goods (if redeemed during a Marlboro Catalog Program in accordance

10 with program requirements), they are plainly not intended to be given as a gift.  Indeed,

11 plaintiff's own allegations make this clear since plaintiff alleges that she accumulated

12 Marlboro Proofs of Purchase "for purposes of redeeming their value in exchange for

13 Marlboro promotional items" (Complaint ¶ 2) — not so she could give her Marlboro Proofs

14 of Purchase as a gift to someone else.  Plaintiff seeks to satisfy the "gift" element of the

15 statute by alleging that the merchandise for which Marlboro Proofs of Purchase can be

16 redeemed amounts to a "free gift" from Philip Morris USA to the consumer (Complaint

17 ¶ 1), but this construction improperly divorces the "gift" from the "certificate."  A "gift

18 certificate" means only one thing — a certificate that is *itself* intended to be given as a gift.

19      Nor are Marlboro Proofs of Purchase similar in physical form to the gift certificates

20 contemplated by the statute.  Subsection (d) requires that the 10-point font expiration date

21 be "on the front of the gift certificate."  This clearly refers to a paper with a front and back,

22 both of which could have printing, and requires that the date appear on the front so that a

23 consumer would not have to turn over the gift certificate in order to see when it expired.

24 But Marlboro Proofs of Purchase are printed above the UPC on the side of a cigarette

25 package.  There is no "back" to the Marlboro Proofs of Purchase that could possibly have a

26 visible expiration date.  There is nothing to "turn over."  Thus, Marlboro Proofs of Purchase

27 do not look like the "gift certificates" the statute addresses.

28      Other sections of the statute also make clear that a "gift certificate" must have a set

6

1  value.  For example, subsection (e)(1) of Section 1749.5 allows service fees on gift cards

2  (which are explicitly included within the definition of "gift certificates") when the

3  "remaining value of the gift card is five dollars ($5) or less."  Similarly, the statute

4  immediate following Section 1749.5, governing gift certificates issued by a bankrupt entity,

5  states that such an entity need not "[m]aintain a separate account for the funds used to

6  purchase the gift certificate" and need not "pay interest on the value of the gift certificate

7  held in trust."  Cal. Civ. Code 1749.6(c)(2)(C) and (d)(3).  It goes without saying that "Five

8  Miles" has no dollar value that could slip below five dollars, accrue interest or be

9  maintained in an account.

10      Finally, the meaning of the term "gift certificate" can also be gleaned from the

11  definitional statute preceding Section 1749.5, Section 1749.45.  Section 1749.45 provides

12  that "gift certificate" includes "gift cards" (with certain exceptions).  Both gift certificates

13  and gift cards are intended to be given as gifts to others, and both have a dollar value.  The

14  only difference between a gift certificate and a gift card is that the latter is generally made

15  from plastic, and may be capable of storing its value electronically on a magnetic strip.

16  Even these small differences were apparently sufficient to compel the Legislature to include

17  "gift cards" in the definition.  "Certificates" and "award certificates" — to use plaintiff's

18  terminology — were not similarly included.  Nor were proofs of purchase.

19      Section 1749.5 applies only to "gift certificates."  The clear language of Section

20  1749.5 does not encompass Marlboro Proofs of Purchase, because Marlboro Proofs of

21  Purchase are not called gift certificates (even by plaintiff); they are not physically like a gift

22  certificate, as is plain from the Marlboro Proofs of Purchase incorporated by reference in

23  plaintiff's Complaint; plaintiff does not allege that they are intended to be given as gifts;

24  and they have no stated value.

25          **2.    The legislative history of Section 1749.5 indicates that Marlboro**
                    **Proofs of Purchase are not the subject of the statute**
26

27      The Court need look no further than the Complaint and the plain language of Section

28  1749.5 to determine that Marlboro Proofs of Purchase are not gift certificates subject to the

7

1  statute.  But if the Court concludes that the statutory language is ambiguous, it is proper to

2  look to the legislative history for guidance concerning the Legislature's intent in enacting it.

3  *McLaughlin v. State Bd. of Educ.,* 75 Cal. App. 4th 196, 215 (1999) (in case of latent

4  ambiguity, courts may go behind the literal language and analyze the intent of the law using

5  customary rules of statutory construction or legislative history for guidance).

6       What did the Legislature think was meant by "gift certificate?"  The Legislative

7  Counsel's analysis of the statute could not be clearer:

8       Although Section 1749.5 does not define the term 'gift certificate,' we think
9       in common usage the term refers to a certificate purchased by a consumer
         from a retailer, *to be given as a gift,* that entitles the recipient of that gift to
10      select goods or services *in the amount stated thereon.*

11  AB 2466, Legislative Counsel's Report at 2 (January 17, 1997), RJN Ex. A (emphasis

12  added), *citing Rety v. Green,* 546 So. 2d 410, 416 n.7 (Fla. Dist. Ct. App. 1989).

13       Similarly, the arguments in support of the bill before its passage noted that "[g]ift

14  certificates ought to retain all the characteristics of cash itself," and that "[g]ift-givers do not

15  expect their gifts to expire."  AB 2466, Assembly Committee on Banking and Finance,

16  Analysis at 1 (April 22, 1996), RJN Ex. C; AB 2466, Consumers Union's letter in support

17  at 1 (April 16, 1996), RJN Ex. D; AB 2466, Assembly Banking and Finance Committee,

18  Republican Analysis at 1 (April 19, 1996), RJN Ex. E.  Another committee noted:

19       The retailer has already received payment for the value of the certificate.
20       Thus, expired gift certificates dash the expectation of the gift-givers and
         constitute an unfair windfall to retailers.
21

22  AB 2466, Senate Judiciary Committee, Analysis at 4 (June 11, 1996), RJN Ex. F.  Thus, the

23  analysis upon which the Legislature relied when Section 1749.5 was enacted, and the

24  official analysis of the final bill, make clear that the statute was intended to apply to "gift

25  certificates" with a dollar face value that were to be given as gifts.

26       The legislative history of the amendments to the statute in 1997 and 2003 confirm

27  this interpretation.  The analysis of the 1997 "clean-up measure" refers to the fact that the

28  original statute might have allowed a consumer to "*negotiate* the certificate for its *full cash*

8

1  *value*" — *i.e.,* to present the gift certificate to a merchant and demand its face value in cash.

2  AB 1054, Consumer protection, Governmental Efficiency and Economic Development

3  Committee, Assembly Republican Caucus Bill Analysis at 2 (June 2, 1997), RJN Ex. G

4  (emphasis added).  Here again, plaintiff concedes that Marlboro Proofs of Purchase are to

5  be accumulated and redeemed for merchandise; accordingly, they have no "cash value" that

6  can be "negotiated."

7       Similarly, in connection with the 2003 amendment that included gift cards within the

8  meaning of the statute, the legislative analysis noted that "[g]ift cards and certificates

9  represent funds paid in advance by the consumer to the retailer."  AB 1092, Assembly

10  Committee on Business and Professions, Analysis at 1 (May 6, 2003), RJN Ex. H.  *See also*

11  AB 1092, Assembly Committee on Business and Professions, Background Information

12  Request at 1 (undated), RJN Ex. I (noting "Problem in current law":  "A consumer pays the

13  *face value* of the certificate/card, the issuer has the use of the *cash* used to purchase it, but

14  the issuer may charge a fee which becomes, in effect a hidden tax.") (emphasis added); AB

15  1092, Senate Judiciary Committee, Analysis at 1 (June 24, 2003), RJN Ex. J ("Gift

16  certificates . . .. provide the seller with immediate cash flow in exchange for the delayed

17  provision of a product or service . . ."); AB 1092, Office of the Governor, Press Release at 1

18  (July 28, 2003), RJN Ex. K ("Once someone has purchased a gift certificate for a *specified*

19  *amount*, there should be no need for a fee to provide added compensation to the issuer of the

20  gift certificate.") (emphasis added).[4]

21  _____

22  [4] The legislative history of 1749.5 also makes clear that the term "gift certificates"
does not include other types of devices that might be redeemed for merchandise or services,

23  which are regulated by other statutes.  *See* AB 2466, Senate Judiciary Committee, Analysis
at 2 (June 11, 1996), RJN Ex. F ("Existing law regulates the issuance and redemption of

24  trading stamps and premium coupons, but does not regulate the issuance and redemption of
gift certificates."); Cal. Bus. & Prof. Code §§ 17700 and 17750.  Under plaintiff's

25  construction, such devices would all be included under the term "gift certificates," because

26  they may be redeemable for free merchandise.  But the "trading stamp" and "premium
coupon" statutes do not prohibit expiration dates, and it clearly was not the Legislature's

27  intent to apply the "gift certificate" regulations to these devices.  Indeed, the Legislature
expressly recognized that these areas were already regulated, while gift certificates were

28  not.

9

1       Thus, the legislative history of Section 1749.5 makes clear that the Legislature

2 intended that statute to regulate only "gift certificates" and "gift cards" intended to be given

3 by the buyer as a gift to someone else, with an "amount stated thereon" that has a "cash

4 value." Because Marlboro Proofs of Purchase do not meet any of these criteria, they are not

5 gift certificates subject to Section 1749.5.

6         **3.    Other states' statutes governing "gift certificates" uniformly**

7             **exclude proofs of purchase**

8       The California Legislature's use of the term "gift certificate" in Section 1749.5 is

9 consistent with the definitions used in other states' statutes regulating the same subject

10 matter. These definitions all confirm that the term refers to something with a dollar face

11 value given to a third party who can redeem the certificate for merchandise or services in

12 the amount stated.[5]

13       Moreover, several of these statutes have "carve outs" similar to the one in Civil Code

14 section 1749.5 for free "gift certificates" issued pursuant to promotional or loyalty

15 programs. As in California, such "promotional" gift certificates are generally permitted to

16

17       [5] *See, e.g.,* Conn. Gen. Stat. § 3-56a(5); Ill. Comp. Stat. Ann. 505/2QQ (West 2005);

18 R.I. Gen Laws §6-13-12 (2004); Wash. Rev. Code § 19.240.010 (2005) (defining gift certificate as a record (1) evidencing a promise, (2) made for consideration, (3) by the seller

19 or issuer of the record, (4) that goods and services will be provided to the owner of the record *to the value shown in the record)*; Ariz. Rev. Stat. § 44-7401(2); Haw. Rev. Stat.

20 Ann. § 481B-13(e) (Lexis 2004) (defining gift card as a gift certificate "for which the issuer

21 has received payment for the *full face value* or full banked dollar value of the card for the future purchase or delivery of goods and services."); La. Rev. Stat. Ann. § 51:1423 (2004);

22 Mass. Gen. Laws ch. 255D § 1 (defining gift certificate as (1) a writing, (2) purchased by a

23 buyer, (3) *for use by a person other than the buyer,* (4) not redeemable in cash and *usable in its face amount in lieu of cash,* and (5) in exchange for goods or services supplied by the

24 seller); Iowa Code Ann. § 566.9 (West 2005) (gift certificate is "a merchandise certificate or electronic gift card conspicuously *designated as a gift certificate or electronic gift card,* and

25 *generally purchased by a buyer for use by a person other than the buyer.*"); N.Y. Gen. Bus.

26 Law § 396-i; N.Y. Aband. Prop. Law § 103 (gift certificate defined as a written promise or electronic payment device that (i) is usable at a single merchant or an affiliate group of

27 merchants or service providers (ii) *is issued in a specified amount* (iii) may or may not be increased in value or reloaded (iv) *is purchased or loaded on a prepaid basis* for the future

28 purchase and delivery of any goods or service and (v) is honored on presentation).

1   expire so long as the expiration date is disclosed.   *See, e.g.,* Haw. Rev. Stat. Ann. § 481B-

2   13(e) (Lexis 2004); Ill. Comp. Stat. Ann. 505/2QQ (West 2005); La. Rev. Stat. Ann. §

3   51:1423 (2004); R.I. Gen Laws §6-13-12 (2004).  Notably, no other state's statute uses a

4   definition of "gift certificate" that could be construed to bring proof of purchase programs

5   under the "promotional" gift certificate exception.  Rather, given that each statute defines

6   "gift certificate" in its usual, narrow sense, the disclosure requirement is plainly intended to

7   *permit* the distribution of gift certificates bearing expiration dates that are issued for no

8   charge to loyal customers — such as the ubiquitous hotel or airline programs.  They have no

9   application to proof of purchase programs like Marlboro Proofs of Purchase, which do not

10  fit the definition of a gift certificate under any statute.

11              **4.     Case law also indicates that Marlboro Proofs of Purchase are not
                         subject to the statute**
12

13          Our research has located only two cases considering Section 1749.5.  Both support a

14  narrow, common sense definition of the term "gift certificate" and are completely

15  inconsistent with plaintiff's theory.

16          The most recent case, *Waul v. Circuit City Stores, Inc.,* No. A101414, A101792,

17  2004 WL 1535825 (Cal. App. 1 Dist. July 9, 2004), was a challenge to "merchandise

18  cards." [6]  Plaintiff alleged that the cards were "gift cards" within the meaning of Section

19  _____

20          [6] Philip Morris USA recognizes that unpublished cases may not be precedential
        authority, given that California Rule of Court 977(a) prohibits citation of such opinions in
21      California state courts.  Rule 977(a) is not binding on federal courts, however, and a number
        of federal courts have considered unpublished California state court opinions.  *See e.g.,*
22      *Ortiz-Sandoval v. Gomez,* 81 F.3d 891, 895 (9th Cir. 1996) (taking note of the view
        expressed in vacated California Court of Appeal decision, although, pursuant to Rule
23      977(a), not citing the case as decisional law); *Cole v. Doe 1 Thru 2 Officers of the City of
        Emeryville Police Dep't,* No. C-03-5643, 2005 WL 2122051, at *1 n.7 (N.D. Cal. Sept. 1,
24      2005) (finding California Court of Appeals' analysis in unpublished decision persuasive and
        stating "California Rule of Court 977(a)....is not binding in the federal courts...."); *In re*
25      *ZZZZ Best Sec. Litig.,* No. CV 87-3574, 1990 WL 132715, at *1, *13-*14 (C.D. Cal. July
        23, 1990) ("The Court notes that it has considered the excerpts of the unpublished opinions
26      of the state trial courts which E & W relies upon, and their limited use as persuasive
        authority.").  *But see Elwood v. Aid Ins. Co.,* 880 F.2d 204, 208 n.4 (9th Cir. 1989) (refusing
27      to rely on unpublished California Court of Appeal decision).
28

1    1749.5 and that their expiration dates were therefore prohibited. The trial court found that

2    the cards were not "sold" and therefore were not covered by Section 1749.5. The appellate

3    court affirmed, noting that the cards were provided to customers who purchased a computer

4    from Circuit City and also signed up for internet service. The card was offered as an

5    alternative to a cash rebate, but could only be used to purchase additional merchandise at

6    Circuit City.

7        The court noted that "Civil Code section 1749.5 was enacted to address a specific

8    problem: the practice of refusing to honor gift certificates that had expired." *Id.* at *3.

9    After examining the legislative history, the court concluded that "it is clear that the section

10   contemplates a 'gift'; *i.e.*, a certificate or card purchased or obtained by someone for the

11   purpose of giving it to someone else." *Id.* Although the court recognized that the

12   merchandise cards were "similar to gift cards" and "vulnerable to some of the same abuses

13   as gift cards," it held they were "not purchased or obtained as gifts." *Id.* Further, they were

14   not covered by Section 1749.5 because, instead of being "sold," they were "provided by the

15   store as a 'bonus' to a qualifying customer, much in the way that a seller could provide the

16   customer with an additional 'bonus product' with a qualifying purchase." *Id.*

17       The merchandise cards in *Waul* were similar to the "gift cards" regulated by the

18   statute. They were physically like a gift card, were redeemable like gift cards and had a

19   certain value. But the court refused to apply the statute because they were not directly sold

20   to the consumer for cash, and were not intended to be given as gifts. Instead, much like the

21   Marlboro Proofs of Purchase at issue here (which also do not have the physical, face value

22   or redemption characteristics of a gift certificate or gift card), they were offered as a bonus

23   related to a separate purchase and intended to be used by the first recipient of the card.

24       *Freeman v. Wal-Mart Stores, Inc.*, 111 Cal. App. 4th 660 (2003), also supports a

25   narrow construction of the term "gift certificate." The plaintiff in that case challenged Wal-

26   Mart's practice of charging a service fee against the value of its "shopping cards" when not

27   used within a 24-month period. The trial court granted summary judgment in favor of Wal-

28   Mart, holding that the service fee was not equivalent to an "expiration date," even though it

12

1    could in theory eventually reduce the value of the card to zero.  The Court of Appeal

2    affirmed, noting that "[s]ection 1749.5 does not address the type of card which is the subject

3    of this action and it is not for this court to fill the statutory void."[7]  *Id.* at 666.  It therefore

4    declined to extend the statute beyond its plain meaning, even though the "shopping card" at

5    issue operated very much like a gift certificate.

6        Thus, *Waul* and *Freeman* indicate that Section 1749.5 is to be construed narrowly

7    and cannot be applied to proofs of purchase.

8        **B.    Plaintiff's entire Complaint must be dismissed**

9        Plaintiff's entire Complaint depends on her theory that Marlboro Proofs of Purchase

10   violate Section 1749.5.  In the third paragraph, plaintiff states that Philip Morris USA

11   "violated California law by imposing illegal expiration dates on the Marlboro Miles

12   promotion."  Plaintiff explicitly states that the expiration dates allegedly are "illegal"

13   because "Section 1749.5 . . . makes it unlawful to issue a certificate for free gifts pursuant to

14   an awards, loyalty, or promotional program subject to an expiration date without stating the

15   expiration date in capital letters in at least 10-point font on the front of the certificate."

16   Complaint ¶ 3.  Plaintiff's other general allegations also make it clear that the alleged

17   Section 1749.5 violation is the sole basis for her Complaint.  *See e.g. id.* ¶¶ 4, 15, 22, 26.

18       Each of plaintiff's claims is based on the same supposed statutory violation, and

19   nothing else.  California's Unfair Competition Law allows claims based on the violation of

20   other laws, making violations of those laws also actionable under the UCL.  *Cel-Tech*

21   *Commc'ns, Inc. v. Los Angeles Cellular Tele. Co.,* 20 Cal. 4th 163, 180 (1999).  Plaintiff's

22   UCL claim is based on the allegedly "unlawful" practice of "imposing actually or

23   effectively expiration dates not appearing 'in capital letters in at least 10-point on the front'

24   of the Miles."  Complaint ¶ 34.  Plaintiff also claims that Philip Morris USA has engaged in

25   "unfair" practices, which, plaintiff says, "violates the spirit or intent of California law as

26

27       [7] *Freeman* noted that the Legislature had actually extended the statute so as to apply

28   to "gift cards" in a 2003 amendment (relating to "gift cards" with "service fees"), but the
     cards at issue in *Freeman* predated that amendment's effective date.

1  declared by the legislature, offends public policy or causes injury to consumers or

2  competitors." *Id.* ¶ 35.  Although plaintiff does not explicitly tie this violation to Section

3  1749.5, that is the *only* violation of law or policy or injury to consumers alleged in the

4  Complaint.

5      Plaintiff's CLRA claim is also explicitly tied to Philip Morris USA's supposed

6  violation of Section 1749.5.  *Id.* ¶¶ 40, 41.  Plaintiff's breach of implied covenant and

7  declaratory relief claims are similarly dependent on a finding that imposition of expiration

8  dates on Marlboro Proofs of Purchase is "illegal." *Id.* ¶¶ 45, 48.[8]

9      Plaintiff's claims are all based on a single flawed theory — that Marlboro Proofs of

10 Purchase are "gift certificates" subject to Section 1749.5 and that the "expiration dates" of

11 Marlboro Proofs of Purchase must therefore appear in 10-point font on cigarette packages.

12 This house of cards must fall, however, because the key card at the base of plaintiff's theory

13 must be removed.  As a matter of California law, Marlboro Proofs of Purchase are not gift

14 certificates.  Plaintiff's Complaint should be dismissed.  Since it is entirely dependent on an

15 inaccurate and unsustainable theory, no amendment could rescue plaintiff's claims.

16

17

18

19

20

21

22

23

---

24  [8] Moreover, an implied covenant of good faith and fair dealing arises only from a
    contractual relationship. *Isaacson v. Cal. Ins. Guar. Ass'n*, 44 Cal. 3d 775, 789 (1988).  It is
25  black letter law that there is no privity of contract between an indirect purchaser of a
    product and the manufacturer of that product. *Burr v. Sherwin Williams Co.*, 42 Cal. 2d
26  682, 695 (1954).  Without a contract, there can be no implied covenant to breach.  Plaintiff
    does not allege that she, or any member of the putative class, purchased cigarettes directly
27  from Philip Morris USA.  Accordingly, plaintiff's breach of covenant claim must be
28  dismissed on this ground as well.



## IV. CONCLUSION

For all of the above reasons, plaintiff's Complaint should be dismissed in its entirety with prejudice.

Dated: October 24, 2005

Respectfully submitted,

HELLER EHRMAN LLP

By [signature]
ANNA S. McLEAN

Attorneys for PHILIP MORRIS USA INC.

Marlboro
Proof of
Purchase



Marlboro
Proof of
Purchase



Marlboro
Proof of
Purchase



Marlboro
Proof of
Purchase