USDC SCAN INDEX SHEET










JPP 12/2/05 10:57
3:05-CV-01876 REYNOLDS V. PHILIP MORRIS USA
*9*
*OPPM.*

BLUMENTHAL & MARKHAM
Norman B. Blumenthal (State Bar #068687)
David R. Markham (State Bar #071814)
Kyle Nordrehaug (State Bar #205975)
2255 Calle Clara
La Jolla, CA 92037
Tel: 858/551-1223
Fax: 858/551-1232
Attorneys for Plaintiff



FILED
05 DEC -1 PH 1:28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORTNEY REYNOLDS, individually, on her own behalf, on behalf of all persons similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>PHILIP MORRIS U.S.A., INC.<br><br>Defendant. | Civil Action No. 05 CV 1876 JAH<br><br>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT PHILIP MORRIS USA INC.'S MOTION TO DISMISS<br><br>The Honorable John Houston<br><br>Courtroom: 11<br>Date: December 15, 2005<br>Time: 3:00 p.m. |

## I. INTRODUCTION

Plaintiff alleges that the Defendant has a promotional awards program entitled "Marlboro Miles" through which customers purchase packs of Marlboro cigarettes and receive a paper "certificate" affixed to the package without an expiration date. The paper "Miles" certificate is provided to the customer as part of the Defendant's promotional awards and loyalty program with their purchase which entitle Plaintiff to redeem the Miles certificates for gifts, like clothing, jackets, or even outdoor equipment. In reliance on this program, Plaintiff accumulated years of Marlboro Miles certificates, loyally purchasing Marlboro packs with the certificates affixed to the package without an expiration or limitation stated. Defendant then unilaterally announced that the Miles certificates had expired and were no longer valid and that Defendants would no longer honor the certificates which Plaintiff accumulated from her purchases but had not yet redeemed. Plaintiff brings suit to challenge this business practice, on behalf of herself, and all other California residents similarly situated who collected their certificates without an expiration date that have now been rendered worthless by Defendant's business practice.

Defendant's motion argues that Plaintiff's entire case hinges on the application of Civil Code §1749.5, and because § 1749.5 does not apply to Defendant's Marlboro Miles certificates, the complaint must be dismissed. **In support of this argument, Defendant erroneously cites to the 1996 version of the law, and fails to discuss the 1997 amendment which expressly clarified that section 1749.5 governed certificates "distributed by the issuer to a consumer pursuant to an awards, loyalty, or promotional program."** *See* **Civil Code §1749.5(d)(1).** Defendant's failure to discuss this crucial 1997 amendment, and instead rely on the repealed provisions, speaks volumes.

The legislative history for section 1749.5 is no aid to the Defendants, and cannot as a matter of law be used to contradict the clear language of the law. The Defendant's narrow construction of the term "certificate" to expressly exclude without reference any customer awards or loyalty program is most certainly unsupported by the language of subsection (d)(1) of § 1749.5. Where as here express exemptions are specified in a statute, the Court may not under the maxim of statutory construction, *expressio unius est exclusio alterius,* imply additional exemptions. Sierra Club v. State Bd. of Forestry,

1

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT PHILIP MORRIS USA INC.'S MOTION TO DISMISS

05 cv 1876

7 Cal. 4th 1215, 1230 (1994).

While Plaintiff agrees that the legal issue of whether § 1749.5 applies to certificates issued in a promotional awards program is prominent in this case, this legal issue is respectfully not dispositive of the entire case. Plaintiff contends that § 1749.5 does in fact govern the Defendant's "Miles" program, and that Defendant violates the requirements in that section. If § 1749.5 is some how found not to apply, then the Plaintiff's case nevertheless survives because there is no longer a Legislative "safe harbor" for Defendant's conduct, and Plaintiff may proceed with the alternative claim that the undisclosed expiration of the "Miles" program is a deceptive and/or unfair business practice under Business & Professions Code §17200, et seq. (the "UCL") and violates the implied covenant of good faith and fair dealing. *See* Complaint at ¶35, ¶37, and ¶45.

## II. STATEMENT OF FACTS

This action seeks redress for Plaintiff, and a class of similarly situated California consumers, who hold or held Marlboro "5 Miles" and/or "Five Miles" award certificates (hereinafter "Marlboro Miles") issued by Defendant on packages of Marlboro and Marlboro Light cigarettes. Complaint at ¶1. During the Class Period, Defendant placed Marlboro Miles certificates on each pack of cigarettes for consumers to collect and redeem for valuable gifts. Complaint at ¶2-¶4. A copy of the Miles certificates, which are all that is required for gift redemption, are attached as Exhibit #1 to Plaintiff's Complaint.

Defendant uniformly advertises and offers award promotions on Defendant's Marlboro cigarettes, including the "Miles" promotional program featuring award certificates which are included on every package. Complaint at ¶1. Defendant includes these certificates with the intent that they be cut from the packages by consumers who will then physically redeem the certificates for valuable gifts. The more "Miles" certificates the consumer saves, the more valuable a free gift the consumer can redeem his/her Miles to receive. Complaint at ¶1.

Defendant uses these certificates as incentives to consumers to buy more of Defendant's cigarettes and for customers to buy their cigarettes to the exclusion of competitors. Complaint at ¶1.

Defendant created the Marlboro Miles promotion as an incentive to increase cigarette sales by offering Defendant's loyal customers free gifts of merchandise if they collect Marlboro Miles certificates through their purchases. Complaint at ¶24. Customers were given an incentive to buy more cigarette packs because more valuable gifts could be acquired for more certificates. The Marlboro Miles incentive program is one of the most important marketing techniques used by Defendant to maintain brand loyalty and obtain a competitive advantage, which is key to the cigarette business. Complaint at ¶24.

Plaintiff holds Marlboro Miles award certificates in California issued during the relevant class period, and these Miles are now subject to Defendant's unilaterally-imposed expiration date. Complaint at ¶25. Both Plaintiff and the members of the Class have sustained damages and lost money by paying for cigarettes which also included valuable award certificates which were rendered worthless by unilateral imposition after the purchase of an expiration date not disclosed on the face of the package or certificate in violation of California law. Complaint at ¶35.

### III. ARGUMENT

California Civil Code §1749.5 codifies the consumer protection policy that "a gift certificate sold without an expiration date is valid until redeemed or replaced." Civil Code §1749.59(c). This law establishes a general prohibition against expiration dates, and an absolute prohibition against undisclosed expiration dates. The statute originally excluded programs like the Defendant's: "(c) This section shall not apply to gift certificates that are distributed to a consumer for promotional purposes without any money or other thing of value being given in exchange for the gift certificate by the consumer." **This language, however, was amended in 1997, when the Legislature repealed this provision and amended the statute to specify types of certificates which would be exempt from the prohibition, but only if they meet certain requirements:**

> (d) This section does not apply to any of the following gift certificates issued on or after January 1, 1998, **provided the expiration date appears in capital letters in at least 10-point font on the front of the gift certificate:**
> (1) Gift certificates that are distributed by the issuer to a consumer **pursuant to an awards, loyalty, or promotional** program without any money or other thing

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT PHILIP MORRIS USA INC.'S MOTION TO DISMISS

05 cv 1876

> of value being given in exchange for the gift certificate by the consumer.
> (2) Gift certificates that are sold below face value at a volume discount to employers or to nonprofit and charitable organizations for fundraising purposes if the expiration date on those gift certificates is not more than 30 days after the date of sale.
> (3) Gift certificates that are issued for a food product.

Cal. Civil Code § 1749.5(d)(1)-(3) (emphasis added).

The Miles certificates issued by Defendant did not meet the requirements of subsection (d) because there was no disclosure of the expiration on the certificate. As a result, Defendant's attempt to unilaterally rescind all previously issued Miles certificates violates the law.

In this motion, Defendant argues that each cause of action fails to allege a legally sufficient claim because Defendant's awards, loyalty, or promotional program is not subject to Civil Code § 1749.5 as a matter of law. This argument fails for multiple reasons. First, by express language, the California Legislature specifically included certificates "distributed by the issuer to a consumer pursuant to an awards, loyalty, or promotional program" within the scope of § 1749.5. **In the 1997 amendment, the Legislature then exempted these awards, loyalty, or promotional programs, "provided the expiration date appears in capital letters in at least 10-point font on the front of the gift certificate." Civil Code §1749.5(d).** *See* Plaintiff's Request for Judicial Notice, Exhibit #2. In this case, Plaintiffs contend that the Defendant's "Miles" program failed to comply with the requirements of § 1749.5(d), and therefore is not exempted. Second, to the extent this Court somehow determines that the "Miles" program is not regulated by § 1749.5, the practice would as a result not be subject to the Legislative "safe harbor" articulated in Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.4th 163 (1999). Absent this safe harbor, the Defendant's practice becomes independently actionable as an unfair or deceptive business practice. *See* Section III(B)(3), *infra*.

A.  **The Applicable Pleading Standard**

In considering a motion to dismiss, the court accepts the plaintiff's allegations as true and construes them in the light most favorable to the plaintiff. *See* No. 84 Employer-Teamster Joint Council

4

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT PHILIP MORRIS USA INC.'S MOTION TO DISMISS

05 cv 1876

Pension Trust Fund v. Am. West Holding Corp., 320 F.3d 920, 931 (9th Cir. 2003). The sufficiency of the complaint must be determined considering the allegations in their entirety and viewing all facts in complaint as a whole. Id.

The UCL's scope is broad. Unfair competition is defined by statue to "include **any** unlawful, unfair or fraudulent business act or practice . . . ." B&P Code §17200. "The Legislature intended this 'sweeping language' to include ' "**anything** that can be properly called a business practice and that at the same time is forbidden by law." ' "Bank of the West v. Superior Court, 2 Cal.4th 1254, 1266 (emphasis added) (1992); accord, e.g., Stop Youth Addiction Inc. v Lucky Stores, Inc., 17 Cal.4th 553, 560 (1998). Dismissal of a UCL claim as a matter of law is generally inappropriate. What constitutes "unfair competition or unfair or fraudulent business practice under any given set of circumstances is a "question of fact." People v. McKale, 25 Cal. 3d 626, 635 (1979); People ex rel. Mosk v. National Research Co., 201 Cal. App. 2d 765, 772 (1962), *cited with approval in* Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 195 (1999). Courts cannot preliminarily judge the merits of the alleged business practices. In Committee on Children's Television v. General Foods Corp., 35 Cal.3d 197 (1983), the Supreme Court reviewed the sufficiency of allegations in a UCL action and concluded that the allegations were sufficient for purposes of demurrer, and held:

> It is not the ordinary function of a demurrer to test the truth of the plaintiff's allegations or the accuracy with which he describes the defendant's conduct.

Committee on Children's Television, supra, 35 Cal. 3d at 213.

### B. Plaintiffs' Claims Are Legally Sufficient

#### 1. The Defendant's "Miles" Program Is Subject to Civil Code §1749.5

Defendant argues that the " Marlboro Miles" program is not subject to the scope of Civil Code §1749.5. Defendant does not have any authority for this argument, and the only express language in the statute in fact supports Plaintiff's position that the Marlboro Miles program is an "awards, loyalty or promotional program" as set forth in subsection (d)(1) as follows:

5

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT PHILIP MORRIS USA INC.'S MOTION TO DISMISS

05 cv 1876

> **(1) Gift certificates that are distributed by the issuer to a consumer pursuant to an awards, loyalty, or promotional program without any money or other thing of value being given in exchange for the gift certificate by the consumer.**

Cal. Civil Code § 1749.5(d)(1) (emphasis added).

This definition clearly applies to the Defendant's Miles program, and because the Legislature provided regulations which address the precise situation here, Defendant should not be allowed to bypass the law by arguing that the "Miles" are "Proofs of Purchase" and not "Certificates." Semantics does not except Defendant from the laws which every other business follows. For example, if Defendant's "Miles" program is excepted, then so too would be Credit Card Miles or other similar programs. In the future, credit card companies could simply wipe away Credit Card Miles without disclosing the expiration in advance, miles which consumers accumulated by loyally using that credit card in lieu of a competitor's card.

Because the express language of the statute evidences that the Marlboro Miles program is subject to Civil Code §1749.5, there is no need to resort to legislative history:

> The plain language of the statute establishes what was intended by the Legislature."
> (*People v. Statum* (2002) 28 Cal.4th 682, 690 [122 Cal. Rptr. 2d 572, 50 P.3d 355].) " 'If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to [extrinsic] indicia of the intent of the Legislature ... .'

Jarrow Formulas v. LaMarche, 31 Cal. 4th 728, 735 (2003).

Thus, Defendant's reliance upon letters from private parties contained in the legislative history is misplaced here, where the statute contains express language as is the case here.[1]

Moreover, Defendant's narrow construction of Civil Code §1749.5 cannot be accepted and does

---

[1] Further, the Legislative Counsel opinion cited by Defendant dealt with the 1996 version of the law, which was changed substantially in 1997. Defendant's exclusive citation to the legislative history relating to the 1996 enactment is not relevant to construing the provisions which substantially amended the enactment and were added in 1997. Plaintiffs agree that in the 1996 enactment, Defendant's Miles program was exempt. **In 1997, however, the law was amended significantly, and Plaintiff's claim is based upon the amendment which expressly requires disclosure of the expiration for awards, loyalty or promotional programs to be exempt and permitted to impose an expiration on the certificates they issued.** Attached hereto as part of the Plaintiff's Request for Judicial Notice, Plaintiffs include relevant portions of the Legislative History for the 1997 amendment of Civil Code § 1749.5.

not advance the consumer protection purpose of the statute. Defendant argues that the "Miles" are not "gifts" to others, and therefore fall outside of the scope of the statute. Defendant also argues that the "Miles" do not have a cash value, and therefore fall outside if the scope of the statute. This construction, however, does violence to the actual language of the statute and would render subsection (d) a nullity. **All of the specific regulations in subsection (d) deal with certificates which are given to consumers for their own use and do not have cash value.** Defendant's construction of Civil Code § 1749.5 which narrows the scope and renders the language of subsection (d) surplusage must be avoided. See, e.g., Williams v. Superior Court 5 Cal.4th 337, 357 (1993) ("An interpretation that renders statutory language a nullity is obviously to be avoided").

Finally, the "Proof of Purchase" exemption now argued by Defendant, whereby certificates issued for redemption under an awards, loyalty or promotion program may avoid the requirements of Civil Code § 1749.5 by labeling the certificates as "proof of purchases" is an exemption never contemplated by the Legislature. Here, where the Legislature has specifically provided how and in what way certificates are exempted, Courts may not create or imply other exemptions. Pursuant to "the maxim of statutory construction, *expressio unius est exclusio alterius*, if exemptions are specified in a statute, we may not imply additional exemptions unless there is a clear legislative intent to the contrary" Sierra Club v. State Bd. of Forestry, 7 Cal. 4th 1215, 1230 (1994).

### 2. The Defendant's "Miles" Program Does Not Qualify For an Exemption From the Requirements of Civil Code §1749.5

Because Defendant's Miles are distributed as part of Defendant's "awards, loyalty or promotional program" which are redeemable for gifts in a catalog, Defendant may not unilaterally expire the Miles certificates collected by consumers and refuse to honor the Miles which consumers collected as rewards for their loyal purchases. This practice is contrary to the language and policy of Civil Code §1749.5 which prohibits companies from issuing certificates for redemption and then refusing to honor such certificates because of an undisclosed expiration or some other excuse not disclosed to the

7

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT PHILIP MORRIS USA INC.'S MOTION TO DISMISS

05 cv 1876

consumer. Under the Defendant's construction, companies could promise valuable incentive programs, only to unilaterally impose expirations after the customer has purchased the product, which defeats the policy behind Civil Code § 1749.5.

**Defendant failed to comply with the requirements for exemption under Civil Code §1749.5(d)(1).** Defendant's Miles program may be exempted from the general proscription against refusing to redeem certificates issued to consumers, however, only when Defendant complies with Civil Code § 1749.5(d). There is no dispute, and the allegations of the Complaint establish, that the Defendant did not comply with the minium disclosure requirements of Civil Code § 1749.5. As such, Defendant's Miles program does not qualify for exemption and remains subject to the prohibition against expiring certificates already issued to consumers without an expiration date after the 1997 amendment.

3. **Regardless of the Application of Civil Code §1749.5, Plaintiffs Complaint States A Legally Sufficient Claim Against the Defendant**

Defendant fails to recognize that the statute itself was a codification of the lawsuit settlement in Ligori v. T.R. Stuard, San Diego County Case No. N62405. *See* Defendant's Request for Judicial Notice, Exhibit "C". In the 1994 lawsuit, the plaintiffs contended that the use of undisclosed (or inadequately disclosed) expiration date deprived consumers of the benefit of the bargain and violated the UCL. The Legislature agreed, and enacted the Civil Code § 1749.5 regulation in response to the lawsuit.

If Civil Code §1749.5 somehow is held not to apply, the Defendant's unilateral refusal to honor "Miles" certificates nevertheless violates the UCL and the Implied Covenant of Good Faith and Fair Dealing. In Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.4th 163 (1999), the Supreme Court of California addressed the "safe harbor" doctrine under which civil claims may be barred where the Legislature has acted so as to approve the challenged practice. The Supreme Court described this safe harbor doctrine as follows:

> We thus conclude that a plaintiff may not bring an action under the unfair competition law if some other provision bars it. That other provision must actually bar it, however,

8

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT PHILIP MORRIS USA INC.'S MOTION TO DISMISS

05 cv 1876

and not merely fail to allow it. In other words, courts may not use the unfair competition law to condemn actions the Legislature permits. Conversely, the Legislature's mere failure to prohibit an activity does not prevent a court from finding it unfair.

Cel-Tech, supra, 20 Cal. 4th at 184.

Thus, only if Defendant's Marlboro Miles practice is subject to Civil Code §1749.5 would the Defendant's conduct would be subject to the "safe harbor" doctrine.[2] On the other hand, if the Marlboro Miles are outside of the scope of Civil Code § 1749.5, Plaintiff may bring claims for unfair and deceptive conduct under the UCL. In the event this Court holds that the practice is somehow not subject to the requirements of Civil Code §1749.5, Plaintiff nevertheless has a viable claim under the UCL and the Implied Covenant of Good Faith and Fair Dealing. These alternative claims allege that the unilateral imposition of an undisclosed expiration date by Defendant after the purchase is actionable independent of Civil Code §1749.5.[3] Plaintiffs allegation that Defendant's unilateral refusal to honor "Miles" which were collected by consumers and failure to disclose at the time of purchase that the "Miles" would expire sufficiently state a cause of action under the UCL, as this practice is both "likely to deceive" consumers and is unfair to consumers who purchased Defendant's products loyally to collect the redeemable "Miles" rather than a competitor's product. As pled in paragraph 45 of the Complaint:

---

[2] Under the safe harbor doctrine, Plaintiff could enforce the requirements of Civil Code §1749.5, but could not attack the practice on grounds inconsistent with the statute.

[3] As discussed in the Legislative History, the enactment of the statute was predicated upon litigation regarding the legality of expiration dates. Defendant's Request for Judicial Notice, Exhibit "D". In this 1994 case, the plaintiffs contended that the imposition of an undisclosed expiration date was likely to deceive consumers. The Legislature agreed and enacted Civil Code § 1749.5 in 1996. The Defendant's attempt to exclude their program by using the label "proof of purchase" instead of "certificate" would defeat the clear purpose of the enactment to stop such sharp practices. Contrary to the Defendant's position, the Legislative history shows that the supporters of the 1997 amendment referred to the provision of subsection (d)(1) to refer to "'awards and loyalty' certificates" and "award certificates earned by customers in connection with customer loyalty and frequent purchase incentive programs." See Plaintiff's Request for Judicial Notice at Exhibit #3. This history of the 1997 amendment refutes Defendant's argument that the statute applies only to certificates with cash value. The reports by Republican Caucus and the Department of Finance show that the Legislature clearly intended to only provide an exemption where "the date disclaimer must appear on the front of the certificate". See Plaintiff's Request for Judicial Notice at Exhibits #4 and #6.

9

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT PHILIP MORRIS USA INC.'S MOTION TO DISMISS**

05 cv 1876

> Through the sale of cigarette packages with Marlboro Miles as set forth above, PHILIP MORRIS entered into a contract of sale with consumers. Such contracts provided not only that the consumer would receive cigarettes in exchange for the purchase price, but also that he would receive Marlboro Miles certificates redeemable for free gifts.... This is especially true in this case because much of the offered merchandise and property requires consumers to collect and save Marlboro Miles for a very long time in order to have sufficient Miles to redeem.

Certainly, the factual question of whether this conduct is "likely to deceive," "unfair" or whether this conduct deprived consumers of their right to enjoy the full benefits of their purchase as promised cannot be decided as a matter of law.

## IV. CONCLUSION

For these reasons, Plaintiff respectfully requests that this Court deny the motion to dismiss filed by Defendant.

Dated: November 30, 2005

BLUMENTHAL & MARKHAM

By: _____
Norman B. Blumenthal, Esq.
David R. Markham, Esq.
Kyle Nordrehaug, Esq.
Attorneys for Plaintiff

K:\D\NBB\Reynolds\p-Opposition-Motion to Dismiss.wpd

10

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT PHILIP MORRIS USA INC.'S MOTION TO DISMISS**

05 cv 1876

# CERTIFICATE OF SERVICE

I hereby certify that the following document(s):

    (1) **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT PHILIP MORRIS USA INC.'S MOTION TO DISMISS**

    (2) **PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO DEFENDANT PHILIP MORRIS USA INC.'S MOTION TO DISMISS**

has been sent via U.S Mail on today's date to the attorneys for the Defendants at the following address(es):

| | |
|---|---|
| Anna McLean<br>HELLER EHRMAN<br>333 Bush Street<br>San Francisco, CA 94104-2878 | David Kleinfeld<br>Chad Fuller<br>HELLER EHRMAN<br>4350 La Jolla Village Dr., 7th fl.<br>San Diego, CA 92122-1246 |

Dated: November 30, 2005

*/s/ Kyle R. Nordrehaug*

Kyle R. Nordrehaug

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT PHILIP MORRIS USA INC.'S MOTION TO DISMISS

05 cv 1876