















JPP   12/2/05   10:59

3:05-CV-01876   REYNOLDS V. PHILIP MORRIS USA

*10*

*REQJNTC.*

**BLUMENTHAL& MARKHAM**
Norman B. Blumenthal (State Bar #068687)
David R. Markham (State Bar #071814)
Kyle Nordrehaug (State Bar #205975)
2255 Calle Clara
La Jolla, CA 92037
Tel: 858/551-1223
Fax: 858/551-1232
Attorneys for Plaintiff





# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORTNEY REYNOLDS, individually, on her own behalf, on behalf of all persons similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>PHILIP MORRIS U.S.A., INC.<br><br>Defendant. | Civil Action No. **05 CV 1876 JAH**<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO DEFENDANT PHILIP MORRIS USA INC.'S MOTION TO DISMISS**<br><br>The Honorable John Houston<br><br>Courtroom: 11<br>Date: December 15, 2005<br>Time: 3:00 p.m. |

Pursuant to Federal Rule of Evidence 201, Plaintiff requests that the Court take judicial notice of the exhibits attached hereto and referenced in the Memorandum of Points and Authorities in Opposition to Motion to Dismiss the Complaint.

The Legislative Intent Service located and compiled the complete legislative history of Civil

1

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO DEFENDANT PHILIP MORRIS USA INC.'S MOTION TO DISMISS**



1   Code § 1749.5, as amended, at Plaintiff's request. The Legislative Intent Service's Declaration

2   authenticating the legislative history is attached hereto as <u>Exhibit #1</u>.

3         All of the remaining exhibits attached hereto are contained in the Legislative History for Civil

4   Code §1749.5, and in particular, in the Legislative History for AB 1054, which was the 1997

5   amendment to Civil Code § 1749.5. This is the statute upon which Defendant's motion is based.

6         The Legislative History of a statute relevant to the lawsuit may be the proper subject of judicial

7   notice. <u>Palmer v. Stassinos</u>, 348 F.Supp. 2d 1070, 1077 (N.D. Cal. 2004); <u>California RSA No.4 v.</u>

8   <u>Madera County</u>, 332 F. Supp. 2d 1291, 1293-4 (E.D. Cal. 2003); <u>Sebastian International v. Russolillo</u>,

9   151 F.Supp. 2d 1215, 1219 (C.D. Cal. 2001). The Defendant has also taken the position that the Court

10   should take judicial notice of the Legislative History for Civil Code § 1749.5.

11         The exhibits attached hereto are as follows:

| | | |
|---|---|---|
| 12 | <u>Exhibit #1</u> | Declaration of Maria Sanders authenticating the Legislative |
| 13 | | History |
| 14 | <u>Exhibit #2</u> | All versions of Assembly Bill 1054 (Goldsmith 1997) |
| 15 | <u>Exhibit #3</u> | Material from the Legislative Bill (AB 1054) file, Letters in |
| 16 | | support from the California Retailers Assoc. |
| 17 | <u>Exhibit #4</u> | Assembly Republican Caucus Billa Analysis for AB1054, dated |
| 18 | | June 2, 1997 |
| 19 | <u>Exhibit #5</u> | Two Third Reading Analysis for AB 1054 |
| 20 | <u>Exhibit #6</u> | Department of Finance Bill Analysis for AB 1054. |

22   Dated: November 30, 2005              BLUMENTHAL & MARKHAM

24                     By:

                              Norman B. Blumenthal, Esq.

25                              David R. Markham, Esq.

                              Kyle Nordrehaug, Esq.

26                              Attorneys for Plaintiff

28   **PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO DEFENDANT PHILIP MORRIS USA INC.'S MOTION TO DISMISS**

                                                05 cv 1876

## CERTIFICATE OF SERVICE

I hereby certify that the following document(s):

    (1) **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT PHILIP MORRIS USA INC.'S MOTION TO DISMISS**

    (2) **PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO DEFENDANT PHILIP MORRIS USA INC.'S MOTION TO DISMISS**

has been sent via U.S Mail to the attorneys for the Defendants at the following address(es):

| | |
|---|---|
| Anna McLean | David Kleinfeld |
| HELLER EHRMAN | HELLER EHRMAN |
| 333 Bush Street | 4350 La Jolla Village Dr., 7th fl. |
| San Francisco, CA 94104-2878 | San Diego, CA 92122-1246 |

Dated: November 30, 2005

_____
Kyle R. Nordrehaug

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO DEFENDANT PHILIP MORRIS USA INC.'S MOTION TO DISMISS**

05 cv 1876

# LEGISLATIVE
# INTENT SERVICE

712 Main Street, Woodland, CA 95695
(800) 666-1917 • (916) 441-7959 • Fax: (530) 668-5866

## DECLARATION OF MARIA A. SANDERS

I, Maria A. Sanders, declare:

I am an attorney licensed to practice in California, State Bar No. 092900, and am employed by Legislative Intent Service, a company specializing in researching the history and intent of legislation.

Under my direction and the direction of other attorneys on staff, the research staff of Legislative Intent Service undertook to locate and obtain all documents relevant to the enactment of Assembly Bill 1054 of 1997. Assembly Bill 1054 was approved by the Legislature and was enacted as Chapter 472 of the Statutes of 1997.

The following list identifies all documents obtained by the staff of Legislative Intent Service on Assembly Bill 1054 of 1997. All listed documents have been forwarded with this Declaration except as otherwise noted in this Declaration. All documents gathered by Legislative Intent Service and all copies forwarded with this Declaration are true and correct copies of the originals located by Legislative Intent Service. In compiling this collection, the staff of Legislative Intent Service operated under directions to locate and obtain all available material on the bill.

### ASSEMBLY BILL 1054 OF 1997:

1. All versions of Assembly Bill 1054 (Goldsmith-1997);
2. Procedural history of Assembly Bill 1054 from the 1997-98 Assembly Final History;
3. Analysis of Assembly Bill 1054 prepared for the Assembly Committee on Consumer Protection, Governmental Efficiency and Economic Development;
4. Material from the legislative bill file of the Assembly Committee on Consumer Protection, Governmental Efficiency and Economic Development on Assembly Bill 1054;

5.    Analysis of Assembly Bill 1054 prepared for the Assembly Committee on Appropriations;

6.    Material from the legislative bill file of the Assembly Committee on Appropriations on Assembly Bill 1054;

7.    Two Third Reading analyses, with attached Proposed Amendments, of Assembly Bill 1054 prepared by the Assembly Committee on Consumer Protection, Governmental Efficiency and Economic Development;

8.    Material from the legislative bill file of the Assembly Republican Caucus on Assembly Bill 1054;

9.    Analysis of Assembly Bill 1054 prepared for the Senate Committee on Judiciary;

10.    Material from the legislative bill file of the Senate Committee on Judiciary on Assembly Bill 1054;

11.    Document from the legislative bill file of the Senate Committee on Appropriations on Assembly Bill 1054;

12.    Third Reading analysis and Special Consent Calendar analysis of Assembly Bill 1054 prepared by the Office of Senate Floor Analyses;

13.    Concurrence in Senate Amendments analysis of Assembly Bill 1054 prepared by the Assembly Committee on Consumer Protection, Governmental Efficiency and Economic Development;

14.    Legislative Counsel's Rule 26.5 analysis of Assembly Bill 1054;

15.    Post-enrollment documents regarding Assembly Bill 1054;

16.    Excerpt regarding Assembly Bill 1054 from the <u>1997 Digest of Legislation</u>, prepared by the Office of Senate Floor Analyses, October 1997.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 10th day of November, 2005 at Woodland, California.

MARIA A. SANDERS

AMENDED IN ASSEMBLY MAY 1, 1997

CALIFORNIA LEGISLATURE—1997-98 REGULAR SESSION

# ASSEMBLY BILL            No. 1054

Introduced by Assembly Member Goldsmith

February 27, 1997

---

An act to amend Section 1749.5 of the Civil Code, relating to gift certificates.

### LEGISLATIVE COUNSEL'S DIGEST

AB 1054, as amended, Goldsmith.  Gift certificates.

Under existing law, it is unlawful for any person or entity to sell a gift certificate to a purchaser containing an expiration date, except for gift certificates distributed to a consumer for promotional purposes without any money or other thing of value being given in exchange.

This bill would also exempt from the prohibition gift certificates *that are sold below face value, or that are item specific. It also would revise the existing exemption to make it applicable to gift certificates distributed to a consumer pursuant to an awards, loyalty, or promotional program, as specified.*

Existing law provides that a gift certificate sold without an expiration date is valid continuously except when refunded or replaced with a new gift certificate.

This bill would recast this provision to provide that a gift certificate sold without an expiration date is valid until redeemed or replaced.



LEGISLATIVE INTENT SERVICE    (800) 666-1917.

LIS - 1b

Vote: majority. Appropriation: no. Fiscal committee: no. State-mandated local program: no.

*The people of the State of California do enact as follows:*

1    SECTION 1. Section 1749.5 of the Civil Code is
2  amended to read:
3    1749.5. (a) On or after January 1, 1997, it is unlawful
4  for any person or entity to sell a gift certificate to a
5  purchaser containing an expiration date. Any gift
6  certificate sold after that date shall be redeemable in cash
7  for its cash value, or subject to replacement with a new
8  gift certificate at no cost to the purchaser or holder.
9    (b) A gift certificate sold without an expiration date is
10  valid until redeemed or replaced.
11    (c) This section shall not apply to either of the
12  following:
13    (1) Gift certificates that are distributed to a consumer
14  ~~for promotional purposes~~ *pursuant to an awards, loyalty,*
15  *or promotional program* without any money or other
16  thing of value being given in exchange for the gift
17  certificate by the consumer.
18    (2) Gift certificates sold below face value.
19    *(3) Gift certificates that are item specific.*

O

LEGISLATIVE INTENT SERVICE    (800) 666-1917

AMENDED IN ASSEMBLY MAY 20, 1997

AMENDED IN ASSEMBLY MAY 1, 1997

CALIFORNIA LEGISLATURE—1997-98 REGULAR SESSION

## ASSEMBLY BILL                    No. 1054

Introduced by Assembly Member Goldsmith

February 27, 1997

An act to amend Section 1749.5 of the Civil Code, *and to amend Section 1520.5 of the Code of Civil Procedure*, relating to gift certificates, *and making an appropriation therefor.*

### LEGISLATIVE COUNSEL'S DIGEST

AB 1054, as amended, Goldsmith.  Gift certificates.

*(1)* Under existing law, it is unlawful for any person or entity to sell a gift certificate to a purchaser containing an expiration date, except for gift certificates distributed to a consumer for promotional purposes without any money or other thing of value being given in exchange.

This bill would also exempt from the prohibition *specified* gift certificates that are sold below face value, *as specified,* or that are item specific. It also would revise the existing exemption to make it applicable to *specified* gift certificates distributed to a consumer pursuant to an awards, loyalty, or promotional program, as specified.

*(2)* Existing law provides that a gift certificate sold without an expiration date is valid continuously except when refunded or replaced with a new gift certificate.

LIS - 1c

This bill would recast this provision to provide that a gift certificate sold without an expiration date is valid until redeemed or replaced.

(3) *Existing law provides that certain tangible personal property which remains unclaimed for more than 3 years after it is payable escheats to the state, whereupon the proceeds thereof are deposited in the Abandoned Property Account in the Unclaimed Property Fund, a continuously appropriated account. Existing law provides that gift certificates subject to the prohibition described in (1) are not subject to escheat.*

*This bill would provide that the provisions relating to escheat apply to certain gift certificates having an expiration date, thereby making an appropriation by expanding the proceeds of property deposited in the Abandoned Property Account in the Unclaimed Property Fund.*

Vote: ~~majority~~ 2/3. Appropriation: ~~no~~ yes. Fiscal committee: ~~no~~ yes. State-mandated local program: no.

*The people of the State of California do enact as follows:*

1 SECTION 1. Section 1749.5 of the Civil Code is
2 amended to read:
3 1749.5. (a) On or after January 1, 1997, it is unlawful
4 for any person or entity to sell a gift certificate to a
5 purchaser containing an expiration date. Any gift
6 certificate sold after that date shall be redeemable in cash
7 for its cash value, or subject to replacement with a new
8 gift certificate at no cost to the purchaser or holder.
9 (b) A gift certificate sold without an expiration date is
10 valid until redeemed or replaced.
11 (c) This section shall not apply to ~~either~~ *any of the*
12 *following provided the expiration date appears in capital*
13 *letters in at least 10-point font on the front of the gift*
14 *certificate:*
15 (1) Gift certificates that are distributed to a consumer
16 pursuant to an awards, loyalty, or promotional program
17 without any money or other thing of value being given in
18 exchange for the gift certificate by the consumer.

1 (2) Gift certificates *that are sold below face value at a*
2 *volume discount to employers or to nonprofit · and*
3 *charitable organizations for fundraising purposes.*
4 (3) Gift certificates that are item specific.
5 SEC. 2. *Section 1520.5 of the Code of Civil Procedure*
6 *is amended to read:*
7 1520.5. *Section 1520 shall not apply to gift certificates*
8 *subject to Title 1.4A (commencing with Section 1749.5)*
9 *of Part 4 of Division 3 of the Civil Code. However, Section*
10 *1520 shall apply to any gift certificate having an expiration*
11 *date and that is given in exchange for money or other*
12 *thing of value.*

AMENDED IN ASSEMBLY MAY 30, 1997
AMENDED IN ASSEMBLY MAY 20, 1997
AMENDED IN ASSEMBLY MAY 1, 1997

CALIFORNIA LEGISLATURE—1997-98 REGULAR SESSION

## ASSEMBLY BILL                    No. 1054

Introduced by Assembly Member Goldsmith

February 27, 1997

An act to amend Section 1749.5 of the Civil Code, and to amend Section 1520.5 of the Code of Civil Procedure, relating to gift certificates, and making an appropriation therefor.

LEGISLATIVE COUNSEL'S DIGEST

AB 1054, as amended, Goldsmith. Gift certificates.

(1) Under existing law, it is unlawful for any person or entity to sell a gift certificate to a purchaser containing an expiration date, except for gift certificates distributed to a consumer for promotional purposes without any money or other thing of value being given in exchange.

This bill would also exempt from the prohibition specified gift certificates that are sold below face value, as specified, or that are item specific. It also would revise the existing exemption to make it applicable to specified gift certificates distributed to a consumer pursuant to an awards, loyalty, or promotional program, as specified.

(2) Existing law provides that a gift certificate sold without an expiration date is valid continuously except when refunded or replaced with a new gift certificate.

LEGISLATIVE INTENT SERVICE    (800) 666-1917

LIS - 1d

This bill would recast this provision to provide that a gift certificate sold without an expiration date is valid until redeemed or replaced.

(3) Existing law provides that certain tangible personal property which remains unclaimed for more than 3 years after it is payable escheats to the state, whereupon the proceeds thereof are deposited in the Abandoned Property Account in the Unclaimed Property Fund, a continuously appropriated account. Existing law provides that gift certificates subject to the prohibition described in (1) are not subject to escheat.

This bill would provide that the provisions relating to escheat apply to certain gift certificates having an expiration date, thereby making an appropriation by expanding the proceeds of property deposited in the Abandoned Property Account in the Unclaimed Property Fund.

Vote: ²/₃. Appropriation: yes. Fiscal committee: yes. State-mandated local program: no.

*The people of the State of California do enact as follows:*

1  SECTION 1. Section 1749.5 of the Civil Code is
2  amended to read:
3  1749.5.  (a) On or after January 1, 1997, it is unlawful
4  for any person or entity to sell a gift certificate to a
5  purchaser containing an expiration date. Any gift
6  certificate sold after that date shall be redeemable in cash
7  for its cash value, or subject to replacement with a new
8  gift certificate at no cost to the purchaser or holder.
9  (b) A gift certificate sold without an expiration date is
10  valid until redeemed or replaced.
11  (c) This section shall not apply to any of the following,
12  provided the expiration date appears in capital letters in
13  at least 10-point font on the front of the gift certificate:
14  (1) Gift certificates that are distributed to a consumer
15  pursuant to an awards, loyalty, or promotional program
16  without any money or other thing of value being given in
17  exchange for the gift certificate by the consumer.
18  (2) Gift certificates that are sold below face value at a
19  volume discount to employers or to nonprofit and
20  charitable organizations for fundraising purposes *if the*

---

1  *expiration date on those certificates is not more than 30*
2  *days after the date of sale.*
3  (3) Gift certificates that are item specific.
4  SEC. 2.  Section 1520.5 of the Code of Civil Procedure
5  is amended to read:
6  1520.5.  Section 1520 shall not apply to gift certificates
7  subject to Title 1.4A (commencing with Section 1749.5)
8  of Part 4 of Division 3 of the Civil Code. However, Section
9  1520 shall apply to any gift certificate having an expiration
10  date and that is given in exchange for money or other
11  thing of value.

LEGISLATIVE INTENT SERVICE     (800) 666-1917

AMENDED IN SENATE JULY 14, 1997

AMENDED IN ASSEMBLY MAY 30, 1997

AMENDED IN ASSEMBLY MAY 20, 1997

AMENDED IN ASSEMBLY MAY 1, 1997

CALIFORNIA LEGISLATURE—1997-98 REGULAR SESSION

## ASSEMBLY BILL          No. 1054

Introduced by Assembly Member Goldsmith

February 27, 1997

An act to amend Section 1749.5 of the Civil Code, and to amend Section 1520.5 of the Code of Civil Procedure, relating to gift certificates, and making an appropriation therefor.

LEGISLATIVE COUNSEL'S DIGEST

AB 1054, as amended, Goldsmith.  Gift certificates.
(1) Under existing law, it is unlawful for any person or entity to sell a gift certificate to a purchaser containing an expiration date, except for gift certificates distributed to a consumer for promotional purposes without any money or other thing of value being given in exchange.

This bill would also exempt from the prohibition specified gift certificates that are sold below face value, as specified, or that are ~~item specific~~ *issued for a food product.* It also would revise the existing exemption to make it applicable to specified gift certificates distributed *by the issuer* to a consumer pursuant to an awards, loyalty, or promotional program, as specified.

LEGISLATIVE INTENT SERVICE     (800) 666-1917

LIS - 1e

(2) Existing law provides that a gift certificate sold without an expiration date is valid continuously except when refunded or replaced with a new gift certificate.

This bill would recast this provision to provide that a gift certificate sold without an expiration date is valid until redeemed or replaced.

(3) Existing law provides that certain tangible personal property which remains unclaimed for more than 3 years after it is payable escheats to the state, whereupon the proceeds thereof are deposited in the Abandoned Property Account in the Unclaimed Property Fund, a continuously appropriated account. Existing law provides that gift certificates subject to the prohibition described in (1) are not subject to escheat.

This bill would provide that the provisions relating to escheat apply to certain gift certificates having an expiration date, thereby making an appropriation by expanding the proceeds of property deposited in the Abandoned Property Account in the Unclaimed Property Fund.

Vote: 2/3. Appropriation: yes. Fiscal committee: yes. State-mandated local program: no.

*The people of the State of California do enact as follows:*

1 SECTION 1. Section 1749.5 of the Civil Code is
2 amended to read:
3 1749.5. (a) On or after January 1, 1997, it is unlawful
4 for any person or entity to sell a gift certificate to a
5 purchaser containing an expiration date. Any gift
6 certificate sold after that date shall be redeemable in cash
7 for its cash value, or subject to replacement with a new
8 gift certificate at no cost to the purchaser or holder.
9 (b) A gift certificate sold without an expiration date is
10 valid until redeemed or replaced.
11 (c) This section shall not apply to any of the following,
12 provided the expiration date appears in capital letters in
13 at least 10-point font on the front of the gift certificate:
14 (1) Gift certificates that are distributed *by the issuer*
15 to a consumer pursuant to an awards, loyalty, or
16 promotional program without any money or other thing

1 of value being given in exchange for the gift certificate by
2 the consumer.
3 (2) Gift certificates that are sold below face value at a
4 volume discount to employers or to nonprofit and
5 charitable organizations for fundraising purposes if the
6 expiration date on those *gift* certificates is not more than
7 30 days after the date of sale.
8 (3) Gift certificates that are ~~item specific~~ *issued for a*
9 *food product.*
10 SEC. 2. Section 1520.5 of the Code of Civil Procedure
11 is amended to read:
12 1520.5. Section 1520 shall not apply to gift certificates
13 subject to Title 1.4A (commencing with Section 1749.5)
14 of Part 4 of Division 3 of the Civil Code. However, Section
15 1520 shall apply to any gift certificate having an expiration
16 date and that is given in exchange for money or other
17 thing, of value.

AMENDED IN SENATE JULY 22, 1997

AMENDED IN SENATE JULY 14, 1997

AMENDED IN ASSEMBLY MAY 30, 1997

AMENDED IN ASSEMBLY MAY 20, 1997

AMENDED IN ASSEMBLY MAY 1, 1997

CALIFORNIA LEGISLATURE—1997-98 REGULAR SESSION

# ASSEMBLY BILL   No. 1054

Introduced by Assembly Member Goldsmith

February 27, 1997

An act to amend Section 1749.5 of the Civil Code, and to amend Section 1520.5 of the Code of Civil Procedure, relating to gift certificates, and making an appropriation therefor.

### LEGISLATIVE COUNSEL'S DIGEST

AB 1054, as amended, Goldsmith.  Gift certificates.

(1) Under existing law, it is unlawful for any person or entity to sell a gift certificate to a purchaser containing an expiration date, except for gift certificates distributed to a consumer for promotional purposes without any money or other thing of value being given in exchange.

This bill would also exempt from the prohibition specified gift certificates *issued after January 1, 1998,* that are sold below face value, as specified, or that are issued for a food product. It also would revise the existing exemption to make it applicable to specified gift certificates distributed by the

LEGISLATIVE INTENT SERVICE   (800) 666-1917

LIS - 1f

issuer *after January 1, 1998,* to a consumer pursuant to an awards, loyalty, or promotional program, as specified.

(2) Existing law provides that a gift certificate sold without an expiration date is valid continuously except when refunded or replaced with a new gift certificate.

This bill would recast this provision to provide that a gift certificate sold without an expiration date is valid until redeemed or replaced.

(3) Existing law provides that certain tangible personal property which remains unclaimed for more than 3 years after it is payable escheats to the state, whereupon the proceeds thereof are deposited in the Abandoned Property Account in the Unclaimed Property Fund, a continuously appropriated account. Existing law provides that gift certificates subject to the prohibition described in (1) are not subject to escheat.

This bill would provide that the provisions relating to escheat apply to certain gift certificates having an expiration date, thereby making an appropriation by expanding the proceeds of property deposited in the Abandoned Property Account in the Unclaimed Property Fund.

Vote: 2/3. Appropriation: yes. Fiscal committee: yes. State-mandated local program: no.

*The people of the State of California do enact as follows:*

1   SECTION 1. Section 1749.5 of the Civil Code is
2 amended to read:
3   1749.5. (a) On or after January 1, 1997, it is unlawful
4 for any person or entity to sell a gift certificate to a
5 purchaser containing an expiration date. Any gift
6 certificate sold after that date shall be redeemable in cash
7 for its cash value, or subject to replacement with a new
8 gift certificate at no cost to the purchaser or holder.
9   (b) A gift certificate sold without an expiration date is
10 valid until redeemed or replaced.
11   (c) This section shall not apply to any of the following
12 *gift certificates issued on or after January 1, 1998,*
13 provided the expiration date appears in capital letters in
14 at least 10-point font on the front of the gift certificate:

1   (1) Gift certificates that are distributed by the issuer
2 to a consumer pursuant to an awards, loyalty, or
3 promotional program without any money or other thing
4 of value being given in exchange for the gift certificate by
5 the consumer.
6   (2) Gift certificates that are sold below face value at a
7 volume discount to employers or to nonprofit and
8 charitable organizations for fundraising purposes if the
9 expiration date on those gift certificates is not more than
10 30 days after the date of sale.
11   (3) Gift certificates that are issued for a food product.
12   SEC. 2. Section 1520.5 of the Code of Civil Procedure
13 is amended to read:
14   1520.5. Section 1520 shall not apply to gift certificates
15 subject to Title 1.4A (commencing with Section 1749.5)
16 of Part 4 of Division 3 of the Civil Code. However, Section
17 1520 shall apply to any gift certificate having an expiration
18 date and that is given in exchange for money or other
19 thing of value.

An act to amend Section 1749.5 of the Civil Code, and to amend Section 1520.5 of the Code of Civil Procedure, relating to gift certificates, and making an appropriation therefor.

[Approved by Governor September 24, 1997. Filed with Secretary of State September 25, 1997.]

## LEGISLATIVE COUNSEL'S DIGEST

AB 1054, Goldsmith. Gift certificates.

(1) Under existing law, it is unlawful for any person or entity to sell a gift certificate to a purchaser containing an expiration date, except for gift certificates distributed to a consumer for promotional purposes without any money or other thing of value being given in exchange.

This bill would also exempt from the prohibition specified gift certificates issued after January 1, 1998, that are sold below face value, as specified, or that are issued for a food product. It also would revise the existing exemption to make it applicable to specified gift certificates distributed by the issuer after January 1, 1998, to a consumer pursuant to an awards, loyalty, or promotional program, as specified.

(2) Existing law provides that a gift certificate sold without an expiration date is valid continuously except when refunded or replaced with a new gift certificate.

This bill would recast this provision to provide that a gift certificate sold without an expiration date is valid until redeemed or replaced.

(3) Existing law provides that certain tangible personal property which remains unclaimed for more than 3 years after it is payable escheats to the state, whereupon the proceeds thereof are deposited in the Abandoned Property Account in the Unclaimed Property Fund, a continuously appropriated account. Existing law provides that gift certificates subject to the prohibition described in (1) are not subject to escheat.

This bill would provide that the provisions relating to escheat apply to certain gift certificates having an expiration date, thereby making an appropriation by expanding the proceeds of property deposited in the Abandoned Property Account in the Unclaimed Property Fund.

Appropriation: yes.

LEGISLATIVE INTENT SERVICE    (800) 666-1917

*The people of the State of California do enact as follows:*

SECTION 1. Section 1749.5 of the Civil Code is amended to read:

1749.5. (a) On or after January 1, 1997, it is unlawful for any person or entity to sell a gift certificate to a purchaser containing an expiration date. Any gift certificate sold after that date shall be redeemable in cash for its cash value, or subject to replacement with a new gift certificate at no cost to the purchaser or holder.

(b) A gift certificate sold without an expiration date is valid until redeemed or replaced.

(c) This section shall not apply to any of the following gift certificates issued on or after January 1, 1998, provided the expiration date appears in capital letters in at least 10-point font on the front of the gift certificate:

(1) Gift certificates that are distributed by the issuer to a consumer pursuant to an awards, loyalty, or promotional program without any money or other thing of value being given in exchange for the gift certificate by the consumer.

(2) Gift certificates that are sold below face value at a volume discount to employers or to nonprofit and charitable organizations for fundraising purposes if the expiration date on those gift certificates is not more than 30 days after the date of sale.

(3) Gift certificates that are issued for a food product.

SEC. 2. Section 1520.5 of the Code of Civil Procedure is amended to read:

1520.5. Section 1520 shall not apply to gift certificates subject to Title 1.4A (commencing with Section 1749.5) of Part 4 of Division 3 of the Civil Code. However, Section 1520 shall apply to any gift certificate having an expiration date and that is given in exchange for money or other thing of value.

LEGISLATIVE INTENT SERVICE     (800) 666-1917



# CALIFORNIA RETAILERS ASSOCIATION

980 NINTH STREET, SUITE 2100 · SACRAMENTO, CA 95814
(916) 443-1975 · FAX (916) 441-4218

**DATE:**     April 30, 1997

**MEMO TO:** Members, Assembly Consumer Protection, Governmental Efficiency and
Economic Development Committee

**FROM:**     Bill Dombrowski, President

**RE:**       AB 1054, Goldsmith: Support

The California Retailers Association is the sponsor of AB 1054, Goldsmith, which is scheduled
for hearing in the Assembly Consumer Protection, Governmental Efficiency and Economic
Development Committee on Tuesday, May 6.

As background, legislation enacted last year prohibits expiration dates on gift certificates. This has
created problems for retailers, including grocery stores, general merchandise retailers and chain drug
stores. Many schools, community and charitable organizations buy gift certificates from retailers at a
discount, and then sell the certificates to parents and supporters at face value, pocketing the difference
to support their programs. Schools and charitable groups *want* expiration dates on the certificates to
promote usage, and future additional sales to the same parents, etc.

Another problem relates to gift certificates that are item-specific, usually purchased by employers for
their employees. For example, an employer will purchase a large number of certificates for a specific
item, such as a holiday turkey. The employer agrees to spend a minimum amount and receives a
volume discount from the retailer. The employer deposits an amount with the retailer (typically 50%),
and receives the certificates. The employer and the retailer both require an expiration date in order to
close the books on the transaction. These types of discount programs will not be feasible if parties are
not allowed to use an expiration date on the certificates.

**AB 1054 WILL:**
Provide an exemption to the prohibition against gift certificates with expiration dates in three very
specific limited instances:

1.    For "awards and loyalty" certificates. These certificates are issued for free, not paid for by a
      consumer.

2.    For gift certificates issued at below face value. These are usually gift certificates or "script"
      sold to charity and community programs at a discount for their fundraising purposes.

3.    For gift certificates that are item specific. Typical examples are hams and turkeys.

LEGISLATIVE INTENT SERVICE    (800) 666-1917

AP-1

**We urge your AYE vote on AB 1054.**

The California Retailers Association is a trade association representing major California department and specialty stores, mass merchandisers, grocery, chain drug and convenience stores. Our members have more than 9,000 stores in California and account for more than $100 billion in sales annually.

cc:    Andrew Meyers, Consultant, Assembly Consumer Protection, Governmental Efficiency and
       Economic Development Committee
       Hon. Jan Goldsmith



LEGISLATIVE INTENT SERVICE   (800) 666-1917

AP-2



# CALIFORNIA RETAILERS ASSOCIATION

980 NINTH STREET, SUITE 2100 SACRAMENTO, CA 95814
(916) 443 1975 · FAX (916) 441 4218

(800) 666-1917

LEGISLATIVE INTENT SERVICE

## AB 1054, GOLDSMITH: GIFT CERTIFICATES

**BACKGROUND:**

Legislation enacted in 1996 ( AB 2466, Chapter 933), prohibits expiration dates on gift certificates. This has created problems for retailers, including grocery stores, general merchandise retailers and chain drug stores. Many schools and charitable organizations buy gift certificates from retailers at a discount, and then sell the certificates to parents and supporters at face value, pocketing the difference to support their programs. Schools and charitable groups *want* expiration dates on the certificates to promote usage, and future additional sales to the same parents, etc.

Another problem relates to gift certificates that are item-specific, usually purchased by employers for their employees. For example, an employer will purchase a large number of certificates for a specific item, such as a holiday turkey. The employer agrees to spend a minimum amount and receives a volume discount from the retailer. The employer deposits an amount with the retailer (typically 50%), and receives the certificates. The employer and the retailer both require an expiration date in order to close the books on the transaction. These types of discount programs will not be feasible if parties are not allowed to use an expiration date on the certificates.

**THE BILL WILL:**

Provide an exemption to the prohibition against gift certificates with expiration dates for very specific instances: for gift certificates that are *sold at a discount, item-specific, or award certificates earned by customers in connection with customer loyalty and frequent purchase incentive programs.*

The bill is sponsored by the California Retailers Association, and has the support of the Theater Owners Association, the California Business Properties Association, the California Grocers Association, and the California Restaurant Association.

## PLEASE SUPPORT AB 1054 !

AP-8

**Consumer Protection, Governmental Efficiency and Economic Development Committee**

**AB 1054** (GOLDSMITH)
GIFT CERTIFICATES.

**Version:** 5/30/97 Last Amended        **Vice-Chair:** Bill Campbell
**Analyzed:** 6/2/97                **Vote:** 2/3 Vote (Appropriation)
**Recommendation: Support**           **Tax or Fee Increase:** No

| Summary | **Removes the provision which prohibits a gift certificate to have an expiration date, if that certificate is sold below face value, or for a specific item.** Recasts existing law to provides that a gift certificate sold without an expiration date is valid until redeemed or replaced. Specifies that the expiration date disclaimer must appear on the front of the certificates in at least 10-point type. Specifies that this measure shall only apply to gift certificates sold below face value, at a volume discount to employers or to nonprofit and charitable organizations for fundraising purposes if the expiration date is not more than 30 days after the sale date. Additional clarifying language. |
|---|---|

**Proposed Amendments**    None.

**Potential Effects**    Would allows gift certificates to contain an expiration date, if sold below face value.

**Sponsor:**    CA Retailers Assn.
**Support:**    CA Grocers Assn.; CA Business Properties Assn.
**Oppose:**    None on File

| State Fiscal Effect | No direct fiscal effect. |
|---|---|
| Local Fiscal Effect | Crimes and Infractions ~~disclosure~~ *disclamer.* |
| Fiscal Comments | None. |

*No fiscal change.*

(Version: 5/20/97)

**Comments**

1. **Background.** This is a clean-up measure to AB 2466 (Goldsmith, 1996), which inadvertently omitted expiration dates on gift certificates that are sold at a discount or

LEGISLATIVE INTENT SERVICE   (800) 666-1917

otherwise provided to receipients based on past shopping patterns. These programs benefit charities and employee groups, among others. Additionally, this measure cleans-up the possibility that a customer could purchase a gift certificate on their credit card and then negoiate the certificate for its full cash value.

2.  **Charitable Organizations.** Many charitable organizations buy gift certificates from retailers at a discount and then sell the certificates to supporters at face value, utilizing the difference to support their programs. Charities favor the expiration date concept, so that they may use this same fundraising technique repeatedly.

3.  **Employee incentives.** An expiration date on the gift certificate would assist employers and retailers to enter into agreements, so that the employer could provide their employees with certificates to the retailer. Since not all the gift certificates are used, the retailer and the employer will want an end date for the two parties to appropriately close their books before the end of the fiscal year.

**Assembly Republican Floor Votes     (     )     6/04/97**
(73-0)   Ayes:  All Republicans Except...
            Noes:  None
            Abs. / NV:  Morrow

**Senate Republican Floor Votes        (Consent Calendar)     8/29/97**
(36-0)   Ayes:  All Republicans Except...
            Noes:  None
            Abs. / N.V.:  Craven, Hurtt

**Policy Consultant:** Peter Renevitz
**Fiscal Consultant:** Richard Costigan, III

LEGISLATIVE INTENT SERVICE     (800) 666-1917



Revised - as amended RN9713921

ASSEMBLY THIRD READING
AB 1054 (Goldsmith)
As amended
Majority vote

CONSUMER PROTECTION      13-0

Ayes:  Davis, Campbell, Alquist,
       Figueroa, Firestone, Frostier,
       Machado, Morrissey, Napolitano,
       Ortiz, Strom-Martin, Takasugi,
       Wildman

SUMMARY: Allows specified gift certificates to contain expiration dates and changes the validity rules for gift certificates sold without an expiration date. Specifically, this bill:

1) Allows retailers to place expiration dates on gift certificates that are:

   a)  Sold at a discount for fundraising purposes or as part of an employee awards program.

   b)  Item-specific; or

   c)  Granted pursuant to a consumer awards or promotional program without any money being given in exchange for the certificate.

2) Provides that gift certificates sold without an expiration date are valid until redeemed or replaced.

3) Provides for escheat to the state of unclaimed gift certificates containing expiration dates as authorized by the measure.

4) Specifies point size and location for the printing of expiration dates on gift certificates.

EXISTING LAW:

1) Prohibits expiration dates for all gift certificates except for those that are distributed for promotional purposes and do not require consumers to pay for them.

2) Provides that gift certificates without expiration dates are continuously valid except when refunded or replaced with a new gift certificate.

FISCAL EFFECT: Unknown, but probably less than $100,000 in revenue per year to the state from the escheat of gift certificates.

COMMENTS: According to the author's office, the measure is intended to remove the unintended consequences of AB 2466 (Goldsmith), Chapter 933, Statutes of 1996, which prohibits expiration dates on most gift certificates. According

LEGISLATIVE INTENT SERVICE   (800) 666-1917



LIS - 7b

to the sponsor, this prohibition has created problems for retailers, employers who buy these certificates as employee gifts, and fundraising organizations.

The sponsor, California Retailers Association, cites two types of problems facing individuals who use gift certificates. For example, the absence of expiration dates on item-specific gift certificates purchased at discount from retailers, such as ones purchased by employers for holiday turkeys for employees, makes it difficult for those retailers and employers to complete their transactions in a timely manner. Another example relates to fundraising organizations and schools who want expiration dates on gift certificates bought at a discount from retailers so that they can promote future additional sales to the same groups they previously sold to.

As amended, the measure should address concerns raised by staff regarding the adequacy of consumer protection provisions related to the sale and use of gift certificates.

The amendments make this a fiscal bill, and therefore the bill should be re-referred to the Appropriations Committee.

<u>Analysis prepared by</u>: Sailaja Cherukuri / aconpro / (916) 324-7440

FN 031081

(800) 666-1917   LEGISLATIVE INTENT SERVICE

PROPOSED AMENDMENTS TO ASSEMBLY BILL NO. 1054
Legislative Counsel No. RN9713921
(Goldsmith)

The proposed amendments:

1) Specify point size and location for the printing of expiration dates on
   gift certificates.

2) Restrict the exemption allowing the placement of expiration dates on gift
   certificates sold at a discount to only those gift certificates i) sold
   for fundraising purposes and ii) those given as part of an employee awards
   program.

3) Provide for escheat to the state of unclaimed gift certificates containing
   expiration dates as authorized by the measure.

Analysis prepared by:  Sailaja Cherukuri / aconpro / (916) 324-7440



LEGISLATIVE INTENT SERVICE     (800) 666-1917

# DEPARTMENT OF FINANCE BILL ANALYSIS



**AMENDMENT DATE:** July 22, 1997
**POSITION:** Neutral
**SPONSOR:** California Retailers Association

**BILL NUMBER:** AB 1054
**AUTHOR:** J. Goldsmith

## BILL SUMMARY

Existing law prohibits the sale of gift certificates with an expiration date unless the certificate is distributed for promotional purposes without any money or value given in exchange. This bill would allow gift certificates to expire if the following requirements are met: an expiration date appears in front of the certificate and in capital letters in at least 10-point font **and** any one of the following: 1) distributed to a consumer pursuant to an awards, loyalty, or promotional program; **or** 2) sold below face value to employers or nonprofit and charitable organizations for fundraising purposes and the expiration date is not more than 30 days after the date of sale; **or** 3) is for a food product.

## FISCAL SUMMARY

Staff of the State Controller's Office (SCO) indicate that this bill would likely increase the proceeds of property deposited in the Abandoned Property Account (APA) within the Unclaimed Property Fund (UPF), but are unable to determine to what extent, since the portion of gift certificates that fall under the provisions of this bill cannot be accurately established. However, staff of the SCO believe that the fiscal impact to the APA, and subsequently the UPF, would be minor.

## COMMENTS

Author's staff indicates this bill is clean-up for AB 2266/Goldsmith (Ch. 933/1996) which made it unlawful to sell a gift certificate with an expiration date.

This bill would create no additional costs to the State, and may increase the Abandoned Property Account. Therefore, the Department of Finance has no fiscal concerns with this bill.

| Code/Department Agency or Revenue Type | SO LA CO RV | (Fiscal Impact by Fiscal Year) | | | | | |
|---|---|---|---|---|---|---|---|
| | | (Dollars in Thousands) | | | | | |
| | | PROP 98 | FC | 1997-1998 | FC | 1998-1999 FC 1999-2000 | Fund Code |
| 1600/Misc Rev Tot | RV | No | ---------------- No/Minor Fiscal Impact ------------------ | | | | 0970 |

Fund Code: 0970    Title: Unclaimed Property Fund

| Analyst/Principal (0222) M. Carlton | Date 8/8/97 | Program Budget Manager S. Calvin Smith | Date 8-11-97 |
|---|---|---|---|
| *Marcia Carlton* | | *J.W. Miller* | |
| Department Deputy Director | | | Date |
| | | | ARC-1 |
| Governor's Office: | By: | Date: | Position Noted |
| | | LIS - 8 | Position Approved |
| | | | Position Disapproved |

BILL ANALYSIS                                                      Form DF-43 (Rev 03/95 Buff)

LEGISLATIVE INTENT SERVICE   (800) 666-1917

| Department | Author | Bill Number |
|---|---|---|
| CONSUMER AFFAIRS | Goldsmith | AB 1054 |

| Sponsor | Related Bills | Amended Date |
|---|---|---|
| California Retailers Association | | 5-1-97 |

| Analyst: | Telephone: |
|---|---|
| Gale Baker | 322-4294 |

| Subject: |
|---|
| Gift Certificates |

\_\_\_ DEPARTMENT'S AMENDMENTS ACCEPTED. Amendments reflect suggestions of analysis for
       the_____version.

\_\_\_ AMENDMENTS HAVE A FISCAL IMPACT. A new fiscal analysis is provided.

\_\_\_ AMENDMENTS DID NOT RESOLVE THE DEPARTMENT'S CONCERNS stated in the analysis for
       the_____version.

\_\_\_ MORE AMENDMENTS NECESSARY - See comments below.

\_\_\_ DEPARTMENT RECOMMENDS POSITION BE CHANGED TO \_\_\_\_\_.

\_X\_ REMAINDER OF ANALYSIS FOR\_\_2-27-97 (intro.)\_\_ VERSION STILL APPLIES.

\_\_\_ OTHER - See comments below.

**SUMMARY:**

AB 1054 would amend a 1996 statute which generally prohibits the issuance of gift certificates with expiration dates.

Current law exempts gift certificates that are for "promotional purposes" and are provided without charge. The May 1 version would instead exempt gift certificates for "an awards, loyalty, or promotional program" that are provided without charge.

The May 1 version also adds an exemption for gift certificates that are "item specific" (e.g., certificates for a holiday turkey purchased by an employer).

We have no concerns with the May 1 amendments and continue to recommend a **NEUTRAL** position on this bill.

| FEE / / | FISCAL / / | | REPORT / / |
|---|---|---|---|

DEPARTMENTS THAT MAY BE AFFECTED

| STATE MANDATE / / | | GOVERNOR'S APPOINTMENT / / | |
|---|---|---|---|

| DEPARTMENT DIRECTOR POSITION | | AGENCY SECRETARY POSITION | | GOVERNOR'S OFFICE USE |
|---|---|---|---|---|
| \_ S | \_ O | \| \_ S \_ O | \| | POSITION APPROVD. \_ \| |
| \_ SIA | \_ OUA | \| \_ SIA \_ OUA | \| | POSITION DISAPP. \_ \| |
| \_X\_ N | \_ NP | \| X \_ N \_ NP | \| | POSITION NOTED \_ \| |
| \_ NIA | \_ NAR | \| \_ NIA \_ NAR | \| | |
| \_ DEFER | | \| \_ DEFER  Original Signed By | |

TRACI STEVENS

| DEPARTMENT DIRECTOR DATE: 5/6/97 | AGENCY SECRETARY DATE: MAY 8 1997 |
|---|---|

For MARJORIE M. BERTE

Deputy Secretary
Legislation

ARG-2