















CGL    12/9/05     9:53

3:05-CV-01876   REYNOLDS V. PHILIP MORRIS USA

*12*

*RPLYOPPM.*

1  ANNA S. McLEAN (Bar No. 142233)
   DANIEL K. SLAUGHTER (Bar No. 136725)
2  HELLER EHRMAN LLP
   333 Bush Street
3  San Francisco, CA 94104-2878
   Telephone:    (415) 772-6000
4  Facsimile:    (415) 772-6268

5  DAVID E. KLEINFELD (Bar No. 110734)
   CHAD R. FULLER (Bar. No. 190830)
6  HELLER EHRMAN LLP
   4350 La Jolla Village Drive
7  7th floor
   San Diego, CA 92122-1246
8  Telephone:    (858) 450-8400
   Facsimile:    (858) 450-8499

9
   Attorneys for Defendant
10 PHILIP MORRIS USA INC.

11              UNITED STATES DISTRICT COURT

12             SOUTHERN DISTRICT OF CALIFORNIA

13

14 CORTNEY REYNOLDS,                    Case No.: 05 CV 1876 JAH

15                      Plaintiff,       CLASS ACTION

16      v.                               **DEFENDANT PHILIP MORRIS
                                         USA INC.'S REPLY
17 PHILIP MORRIS USA INC.,               MEMORANDUM IN SUPPORT OF
                                         MOTION TO DISMISS
18                      Defendant.       COMPLAINT
                                         [Fed. R. Civ. P. 12(b)(6)]**
19
                                         The Honorable John A. Houston
20                                       Courtroom:    11
                                         Date:         December 15, 2005
21                                       Time:         3:00 p.m.

22

23

24

25
26
27
28

PHILIP MORRIS USA INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS: 05 CV 1876 JAH

**FILED**

05 DEC -8 PM 4: 42

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ....................................................................................................... 1

II.  PLAINTIFF'S OPPOSITION FAILS TO DEMONSTRATE THAT
ANY VIABLE CLAIM HAS BEEN STATED............................................................ 2

    A.  Marlboro Proofs of Purchase Are Not Gift Certificates ................................... 2

    B.  Plaintiff's UCL, CLRA and Implied Covenant Claims Are All
Based on Section 1749.5 and None of Them States a Cause of
Action....................................................................................................................... 7

III.  CONCLUSION ............................................................................................................ 9

i

1

## TABLE OF AUTHORITIES

2

**Page**

3 <u>Cases</u>

4 *Burr v. Sherwin Williams Co.*,
5     42 Cal. 2d 682 (1954) ...................................................................................8

6 *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
7     20 Cal. 4th 163 (1999) ................................................................................8

8 *Cleveland v. City of Los Angeles*,
9     420 F.3d 981 (9th Cir. 2005)......................................................................3

10 *Freeman v. Wal-Mart Stores, Inc.*,
    111 Cal. App. 4th 660 (2003) ...................................................................2

11 *In re Syntex Corp. Sec. Litig.*,
12     95 F.3d 922 (9th Cir. 1996)........................................................................9

13 *Isaacson v. Cal. Ins. Guar. Ass'n*,
14     44 Cal. 3d 775 (1988) ...............................................................................8

15 *Perrin v. United States*,
16     444 U.S. 37 (1979) .....................................................................................2

17 *Sierra Club v. State Bd. of Forestry*,
18     7 Cal. 4th 1215 (1994) ..............................................................................4

19 *Waul v. Circuit City Stores, Inc.*,
    No. A101414, A101792, 2004 WL 1535825 (Cal. App. 1 Dist. July 9,
20     2004) ......................................................................................................2, 4

21

22 <u>Statutes</u>

23 Cal. Civ. Code

24
25     § 1749.5........................................................................................ *passim*
    § 1749.5(d)(1) ........................................................................................3, 4, 5
26     § 1749.5(d)(2) ........................................................................................3, 4
    § 1749.5(d)(3) .......................................................................................3

27

28

## I.   INTRODUCTION

Plaintiff does not dispute that her complaint depends entirely on the premise that Marlboro Proofs of Purchase are "gift certificates."  In the opening brief, Philip Morris USA demonstrated that plaintiff's premise is wrong:  after examining the plain language of Civil Code § 1749.5, its legislative history, other states' similar laws and the only two appellate decisions on the subject, it is clear that Marlboro Proofs of Purchase are not "gift certificates" and are therefore not governed by Civil Code § 1749.5.

In response, plaintiff fails to apply the statutory construction analysis that controls this dispositive legal issue:

- She does not say that Marlboro proofs of purchase are "gift certificates."  She refers to them — in her complaint and her opposition brief — as "certificates" and other constructions.

- She does not offer any definition of "gift certificate" or try to demonstrate how Marlboro Proofs of Purchase might fall within that term.

- She does not address the only two cases construing the statute, both of which support a narrow definition of "gift certificate" that does not include proof of purchase programs like the one at issue here.

- She does not analyze the legislative history of Section 1749.5, except to say that only the 1997 "clean up" amendment to the statute is relevant, because it added language requiring that expiration dates on certain types of gift certificates, including "promotional" gift certificates, be disclosed "in capital letters in at least 10-point font on the front of the gift certificate."  But the central determination on this motion is not whether Marlboro Proofs of Purchase satisfy the "10-point font" disclosure exception, but whether they are "gift certificates" and therefore covered by the statute at all.  And *all* of the legislative history supports Philip Morris USA's position that they are not.

Plaintiff also advances another argument:  that her claim is not dependent on Section 1749.5.  This argument cannot survive even a cursory review of the complaint, which is

1

based *solely* and explicitly upon a statutory violation. The complaint, as pled, fails unless there is a violation of section 1749.5. There is no violation because Marlboro Proofs of Purchase are not gift certificates. The complaint should be dismissed in its entirety.

## II. PLAINTIFF'S OPPOSITION FAILS TO DEMONSTRATE THAT ANY VIABLE CLAIM HAS BEEN STATED

### A. Marlboro Proofs of Purchase Are Not Gift Certificates

As is more fully explained in the opening brief, Section 1749.5 regulates gift certificates and only gift certificates. Indeed, the Legislature was precise in using the term "gift certificate" exclusively. *See* Philip Morris USA's RJN Ex. B (amendment adding "gift" [italicized] in front of "certificates" in new subsection so as to conform to remainder of statute).

The statute does not, however, define "gift certificate." In its opening brief, Philip Morris USA set forth the legislative history of the statute, dictionary definitions, and definitions from statutes from other states — all of which clearly show that a gift certificate is a card with a dollar face value, intended to be purchased by one person to be given to another, and intended to be redeemed by the person receiving it for merchandise or services. *See, e.g.,* Legislative Counsel's Report at 2 (Jan. 17, 1997), Philip Morris USA's RJN Ex. A. Case law is in accord. The only two appellate decisions construing the statute both held that devices much more like gift certificates than the Proofs of Purchase at issue here were *not* governed by the statute. *See Waul v. Circuit City Stores, Inc.,* No. A101414, A101792, 2004 WL 1535825 (Cal. App. 1 Dist. July 9, 2004) (promotional merchandise certificate not "gift certificate"); *Freeman v. Wal-Mart Stores, Inc.,* 111 Cal. App. 4th 660 (2003) (gift card not "gift certificate").

Plaintiff does not question *any* of Philip Morris USA's arguments. She does not dispute that this unambiguous statutory term should be defined according to its ordinary and common meaning. *Perrin v. United States,* 444 U.S. 37, 42 (1979) ("A fundamental cannon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning."); *Cleveland v. City of Los Angeles,*

2

1   420 F.3d 981, 989 (9th Cir. 2005) (when determining ordinary meaning of words, "resort to

2   a dictionary is permissible").  She does not proffer any alternative definitions of "gift

3   certificate" from either of these approved sources — or, indeed, any source at all.  Nor does

4   she attempt to demonstrate how Marlboro Proofs of Purchase fit within the standard

5   definitions set forth in Philip Morris USA's brief, or address the case law, legislative

6   history, or other states' statutory provisions that indicate what a gift certificate is.

7           Instead, plaintiff attempts to focus the Court's attention on the provisions of

8   subsection (d), which allows expiration dates on:  promotional gift certificates ((d)(1)), gift

9   certificates sold below face value to charities and other organizations ((d)(2)), and gift

10  certificates for food items ((d)(3)), so long as the expiration date is disclosed in 10-point

11  font capital letters on the front of the gift certificate.  Plaintiff says that this exception to the

12  general ban on gift certificate expiration dates shows that promotional programs are covered

13  by the statute.  Plaintiff then argues that because Marlboro Proofs of Purchase are part of a

14  promotional program, they therefore must be governed by the statute.

15          This argument is pure sophistry.  Plaintiff ignores the first two words of

16  subsection (d)(1) which, like the rest of the statute, applies only to "gift certificates."

17  Subsection (d)(1) covers promotional *gift certificates*, not all promotional programs.  The

18  plain language of the subsection, like the rest of the statute, makes clear that only gift

19  certificates — not promotional devices generally — are regulated by Section 1749.5.  And

20  gift certificate means "a certificate purchased by a consumer from a retailer, *to be given as a*

21  *gift,* that entitles the recipient of that gift to select goods or services *in the amount stated*

22  *thereon*."  Legislative Counsel's Report at 2 (Jan. 17, 1997), Philip Morris USA's RJN

23  Ex. A (emphasis added).

24          Plaintiff's argument that there is no exemption in the statute for proofs of purchase

25  fails for the same reason.  There is no need for an "exemption" for proofs of purchase,

26  because they are not covered in the first place.  The statute covers only gift certificates, not

27

28

1   — as plaintiff would have it — anything connected with a promotional program.[1]

2        Plaintiff also claims that none of the gift certificates regulated by subsection (d) has

3   any "cash value" and that, therefore, this criterion does not apply in determining whether

4   something should be considered a "promotional" gift certificate. Opp. at 7:3-6. Plaintiff

5   badly misreads the statute. Subsection (d)(1) refers to promotional gift certificates given to

6   consumers for free, but certainly does not say that such gift certificates do not have a

7   specific value, as is the case with gift certificates generally. Indeed, subsection (d)(2)

8   specifically refers to gift certificates "sold below face value," clearly indicating that the free

9   gift certificates regulated by subsection (d) must indeed have a specified cash value.

10        Moreover, plaintiff's tortured reading of the statute — that it governs any device that

11   can be exchanged for merchandise or services, unless the statute explicitly exempts that

12   device — is wholly inconsistent with the most recent case interpreting the statute, *Waul,*

13   *2004 WL 1535825.* Plaintiff ignores this case entirely — undoubtedly because *Waul* rejects

14   the very construction she advances here. The "merchandise cards" at issue in *Waul* were

15   issued pursuant to a Circuit City promotional program and were exchangeable for free

16   merchandise, yet the court found them not subject to Section 1749.5. Plaintiff makes no

17   attempt to distinguish *Waul,* or even to address the case law at all.

18

19      [1] Plaintiff's citation to *Sierra Club v. State Board of Forestry,* 7 Cal. 4th 1215

20   (1994), is inapposite for the same reason. *Sierra Club* involved a challenge to the
California Board of Forestry's approval of certain timber harvesting plans. The statute at

21   issue in *Sierra Club* was CEQA, which broadly regulates environmental impacts and
generally requires environmental impact reports ("EIR"). The Legislature had specifically

22   addressed the requirements for obtaining an exemption from the EIR requirement, and
plaintiff there challenged the Board's exemption, because it did not meet the statutory

23   requirements. Plaintiff cites the case for the proposition that, where a broadly applicable

24   statute contains specific exceptions, no additional exceptions should be implied. But the
applicable statute here, Section 1749.5, is not a broad statute; it covers only gift certificates.

25   Further, the statute contains nothing about other types of instruments, and therefore cannot

26   provide an "exemption" for them. The notion that the exemption of promotional gift
certificates from the expiration date ban somehow could indicate the Legislature's intent to

27   *include* all other promotional items — whether gift certificates or not — runs against the
plain language of the statute, and defies logic and common sense.

28

1    Moreover, plaintiff's expansive reading would sweep into this statute — enacted to

2  regulate *gift certificates* — an incredible array of promotional instruments that bear even

3  less resemblance to a "gift certificate" than the "merchandise cards" ruled outside the

4  statute in *Waul*. Are cereal box tops to be covered by Section 1749.5? Soda bottle caps and

5  pull-tabs? Grocery "scrip" and soup labels collected for educational fundraisers? Fast food

6  restaurant game pieces? And what about trading stamps and coupons, which the Legislature

7  specifically noted in the legislative history of Section 1749.5 were already covered by

8  existing law? *See* AB2466, Senate Judiciary Committee Analysis, at 2, Philip Morris

9  USA's RJN Ex. F. All of these programs are "promotional" in nature and allow consumers

10  to collect and redeem various items for free merchandise. If plaintiff's argument prevails,

11  one can foresee a parade of lawsuits about whether each such promotional instrument is

12  somehow a "gift certificate," and, as such, whether the instrument (and the promotion it

13  supports) must never "expire." For this reason alone, it is important that plaintiff's theory

14  not advance beyond the pleading stage.

15    The absurdity of plaintiff's argument is apparent even in her own brief. Plaintiff

16  says that "if Defendant's 'Miles' program is excepted, then so too would be Credit Card

17  Miles." Opp. at 6:7-8. But there is nothing in the statute, its legislative history or anything

18  else that would indicate that "Credit Card Miles" are to be regulated as "gift certificates."

19  Plaintiff cites no authority for her argument that Credit Card Miles are gift certificates, just

20  as there is no authority supporting the notion that Marlboro Proofs of Purchase are either.

21    Finally, plaintiff's incorrect and irrelevant arguments about the legislative history

22  must be turned aside. Plaintiff says that Philip Morris USA cited "exclusively" to the

23  legislative history of the original version of 1749.5, passed in 1996. Plaintiff says that this

24  history is irrelevant, because plaintiff's claim relies on subsection (d)(1) of the statute

25  concerning promotional gift certificates, which was amended in 1997 to require such gift

26  certificates to contain expiration dates in 10-point font capital letters (previously,

27  promotional gift certificates were exempted from the law entirely). Plaintiff has it wrong.

28    Philip Morris USA's opening brief actually cites to the legislative history of the

5

1  original 1996 statute *and* the 1997 and 2003 amendments.  That history is consistent

2  throughout in indicating that only *gift certificates* are regulated by the statute.  Indeed,

3  Philip Morris USA cited the history of the 1997 amendment indicating the legislature's

4  intent that all gift certificates — including promotional gift certificates — governed by the

5  statute have a cash face value.  Assembly Republican Caucus Bill Analysis, June 2, 1997,

6  at 27, Philip Morris USA's RJN Ex. G.  Marlboro Miles do not have any cash face value;

7  they are simply proofs of purchase on the cigarette package with the designation "Five

8  Miles," and therefore are not gift certificates.

9       More importantly, the crucial issue on this motion is not whether Marlboro Proofs of

10  Purchase meet the 1997 10-point-font disclosure exception — the issue is whether they are

11  governed by the statute at all.  Thus, the definition of gift certificate associated with the

12  original 1996 statute is as relevant as the history of the 1997 "clean up" amendments upon

13  which plaintiff relies.  The amendments, like the rest of the statute, apply *only* to "gift

14  certificates."

15       In 1997, the Legislature did not expand the application of the statute to include

16  anything more than "gift certificates," let alone proofs of purchase.  Indeed, plaintiff's own

17  legislative history excerpts note that the 1997 amendment was merely a "clean-up measure"

18  intended to remove "unintended consequences" of the original bill.  Plaintiff's RJN Exs. 4 -

19  6.  Among other things, the "clean up" amendments applied a 10-point font disclosure

20  requirement to certain types of gift certificates, including those issued under an "awards,

21  loyalty, or promotional program," which are permitted to expire.  This is the amendment on

22  which plaintiff relies.  But plaintiff's argument is misplaced because the 1997 amendments

23  did nothing to alter the statute's application only to "gift certificates."  Every source

24  available to the Court indicates that Marlboro Proofs of Purchase are not gift certificates

25  governed by Section 1749.5, and nothing in plaintiff's opposition permits any other

26  construction.[2]

27  _____

28       [2] Plaintiff also misreads the legislative history of the 1997 amendment.  She quotes
    two disembodied phrases from sections of that history and argues that this shows that the

**B.    Plaintiff's UCL, CLRA and Implied Covenant Claims Are All Based on Section 1749.5 and None of Them States a Cause of Action**

Plaintiff's final argument is that her claims survive even if Section 1749.5 does not apply. She says that her UCL claim is based on allegations that the Marlboro Miles program is "unfair" or "deceptive" to consumers and that those allegations provide an independent basis for her claims. Opp. at 9. But plaintiff's position is not supported by her own complaint.

First, reading the *entire* complaint, it is clear that the sole basis for plaintiff's claims is the supposed Section 1749.5 violation. In the third paragraph of the complaint, plaintiff describes why she believes Marlboro Proofs of Purchase violate the law.

> PHILIP MORRIS has violated California law by imposing illegal expiration dates on the Marlboro Miles promotion. These expiration dates - not printed or stated on the face of the "5 Miles" and "Five Miles" award certificates - are illegal, *since Section 1749.5 of the California Civil Code makes it unlawful* to issue a certificate for free gifts pursuant to an awards, loyalty, or promotional program subject to an expiration date without stating the expiration date in capital letters in at least 10-point font on the front of the certificate.

(Emphasis added.) The rest of the complaint is replete with references to the statute, and there is no other alleged basis for any of the claims. *See* Complaint ¶ 3 (noting the expiration date must appear on the front - a statutory requirement); ¶ 4 (expiration date fails to appear in capital letters in 10-point font on the front of certificate "as required by [Section] 1749.5"); ¶ 15 (class definition refers to "specified" Section 1749.5 requirements); ¶ 22 (listing supposed "common" questions, all of which go to statutory violation);

---

statute was intended to govern "awards and loyalty certificates" and "award certificates earned by customers in connection with customer loyalty and frequent purchase incentive programs." Opp. at 9 n.3. Although these two pieces of the legislative history do use these terms they do so plainly *in reference to particular types of gift certificates. See* Plaintiff's Ex. 3, at AP-1 ("AB 1054 WILL: Provide an exemption to the prohibition against *gift certificates* with expiration dates in three very specific limited instances: 1. For "awards and loyalty" certificates. . . ."); Plaintiff's Ex. 3, at AP-8 ("THE BILL WILL: Provide an exemption to the prohibition against gift certificates with expiration dates for very specific instances: for *gift certificates* that are sold at a discount, item-specific, or award certificates . . . .") (emphasis added; italics in original omitted).

7

1 ¶ 26 ("imposition of expiration dates is illegal" and noting only basis for illegality is Section

2 1749.5).

3    Second, plaintiff's UCL claim does not allege that the Miles program is "likely to

4 deceive" anyone, nor does plaintiff allege any misleading statement by Philip Morris USA.

5 Thus, the complaint clearly does not plead a claim under the "fraudulent" prong of the

6 statute.

7    Third, to be "unfair" under the UCL, a business practice must at least violate the

8 spirit or intent of California law or offend stated public policy. *Cel-Tech Commc'ns, Inc. v.*

9 *Los Angeles Cellular Tel. Co.,* 20 Cal. 4th 163, 186-87 (1999). Plaintiff recognizes this

10 requirement — she alleges it in paragraph 35 of her complaint. However, the only violation

11 of California law and public policy plaintiff alleges is a supposed violation of

12 Section 1749.5. Since Marlboro Proofs of Purchase do not, as a matter of law, violate that

13 provision, there is no basis for the unfairness claim. Plaintiff's UCL claim is, in her own

14 words, based solely on *"unlawful* practices." Complaint ¶ 36.

15    Plaintiff's CLRA and declaratory relief claims are also explicitly tied to the supposed

16 Section 1749.5 violation. Complaint ¶¶ 40, 41, 48. Plaintiff does not mention these claims

17 in her opposition, and thus apparently concedes that they fail.

18    Plaintiff's breach of implied covenant claim also alleges that Marlboro Proofs of

19 Purchase are gift certificates regulated by Section 1749.5 and that the alleged violation of

20 that statute is the basis for the purported breach of contract. *Id.* ¶ 45.

21    Finally, plaintiff fails to address the authority cited in Philip Morris USA's opening

22 brief regarding the independent basis for dismissal of the implied covenant of good faith

23 and fair dealing claim. As noted in the opening brief, there is no privity of contract between

24 an indirect purchaser and a manufacturer. *Burr v. Sherwin Williams Co.,* 42 Cal. 2d 682,

25 695 (1954). Such privity is required to make out an implied covenant claim. *Isaacson v.*

26 *Cal. Ins. Guar. Ass'n,* 44 Cal. 3d 775, 789 (1988). Plaintiff alleges that she "holds or has

27 held" Miles, the same criteria she alleges for inclusion in the purported class. Complaint

28 ¶¶ 15, 25. Plaintiff also alleges that "[t]hrough the sale of cigarette packages with Marlboro

8

1 | Miles" . . . , PHILIP MORRIS entered into a contract of sale with consumers." *Id.* ¶ 45.

2 | Note that these allegations do not say that plaintiff or members of the purported class

3 | actually bought cigarettes from Philip Morris USA (and, indeed, Philip Morris USA does

4 | not sell cigarettes directly to the public). Rather, it is a legal conclusion — that a contract

5 | exists between them — and so may be disregarded by the Court. *See In re Syntex Corp.*

6 | *Sec. Litig.,* 95 F.3d 922, 926 (9th Cir. 1996).

7 | The facts as alleged by plaintiff do not fit into the implied covenant rubric, because

8 | plaintiff does not and cannot allege that she actually bought cigarettes directly from Philip

9 | Morris USA. For that alternative reason, plaintiff's breach of covenant claim should be

10 | dismissed with prejudice.

11 | **III.    CONCLUSION**

12 | For all of the above reasons and those set forth in Philip Morris USA's opening

13 | papers, plaintiff's Complaint should be dismissed in its entirety.

14 | Dated: December 8, 2005          Respectfully submitted,

15 |

16 | HELLER EHRMAN LLP

17 |

18 | By _____

19 | ANNA S. McLEAN

20 | Attorneys for PHILIP MORRIS USA INC.

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

9

1  ANNA S. McLEAN (Bar No. 142233)
   DANIEL K. SLAUGHTER (Bar No. 136725)
2  HELLER EHRMAN LLP
   333 Bush Street
3  San Francisco, CA 94104-2878
   Telephone:  (415) 772-6000
4  Facsimile: (415) 772-6268

5  DAVID E. KLEINFELD (Bar No. 110734)
   CHAD R. FULLER (Bar. No. 190830)
6  HELLER EHRMAN LLP
   4350 La Jolla Village Drive
7  7th floor
   San Diego, CA  92122-1246
8  Telephone:  (858) 450-8400
   Facsimile:  (858) 450-8499
9
   Attorneys for Defendant
10 PHILIP MORRIS USA INC.

11                UNITED STATES DISTRICT COURT

12              SOUTHERN DISTRICT OF CALIFORNIA

13

14  CORTNEY REYNOLDS,                       Case No.: 05 CV 1876 JAH

15                        Plaintiff,        CLASS ACTION

16        v.                               **DECLARATION OF SERVICE**

17  PHILIP MORRIS USA INC.,                 The Honorable John A. Houston
                                            Courtroom:  11
18                        Defendant.        Date:  December 15, 2005
                                            Time:  3:00 p.m.
19

20

21

22

23

24

25

26

27

28

1    I, Dawn Masadao, declare as follows:

2    I am employed with the law firm of Heller Ehrman LLP, attorneys of record for

3    Defendant Philip Morris USA Inc. My business address is 4350 La Jolla Village Drive, 7th

4    Floor, San Diego, California 92122. On December 8, 2005, I served the document(s) listed

5    below on the interested parties in this action in the manner indicated below:

6                                **Documents Served:**

7    **DEFENDANT PHILIP MORRIS USA INC.'S REPLY MEMORANDUM IN
     SUPPORT OF MOTION TO DISMISS COMPLAINT**

8    **[Fed. R. Civ. P. 12(b)(6)]**

9    in this action by delivering a true copy thereof to the following:

10   Norman B. Blumenthal
     David R. Markham

11   Kyle Nordrehaug

12   Cathy K. Kazemi
     Blumenthal & Markham

13   2255 Calle Clara
     La Jolla, CA 92037

14   Tel: 858-551-1223

15   Fax: 858-551-1232
     Attorneys for Plaintiff

16                               **Manner of Service**

17

18   [ ]    BY MAIL: I am readily familiar with the business practice for collection and
            processing correspondence for mailing with the United States Postal Service. I

19          know that the correspondence was deposited with the United States Postal Service
            on the same day this declaration was executed in the ordinary course of business. I

20          know that the envelopes were sealed, and with postage thereon fully prepaid, placed
            for collection and mailing on this date, following ordinary business practices, in the

21          United States mail at San Diego, California. I caused the document(s) to be sent by

22          mail via United States Postal Service to the parties as identified above.

23   [✓]    BY HAND DELIVERY: I caused the document(s) named above to be delivered by
            hand to the party(s) identified above by personal delivery at the address indicated

24          above by Cal Express, whose address is 1302 Kettner Blvd., San Diego, California

25          92101, by close of business on the date indicated.

26   [ ]    E-MAIL TRANSMISSION: I caused the foregoing documents to be transmitted via
            electronic mail to the parties listed on the attached service list.

27

28

                                          1

1  [  ]  <u>BY FEDEX</u>.  I caused the document(s) identified above to be delivered to the above

2  party(ies) via next business day delivery by FEDEX overnight delivery service.

3  [  ]  <u>BY FACSIMILE</u>: I caused the document(s) to be sent via facsimile to the party(ies)

identified above.  The facsimile machine I used complied with California Rules of

4  Court, Rule 2003(3), the transmission was reported as complete, and no error was

5  reported by the machine.  Pursuant to California Rules of Court, Rule 2005, I caused

the machine to print a transmission record of the transmission.

6
    I declare under penalty of perjury under the laws of the State of California that the

7  foregoing is true and correct.

8    Executed at San Diego, California, on December 8, 2005.

9

10  _____

11  Dawn Masadao

12  SD 770668 v1
    (22656.0136)
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

DECLARATION OF SERVICE: 05 CV 1876 JAH