USDC SCAN INDEX SHEET










```
JPP    2/23/06    15:04
3:05-CV-01876   REYNOLDS V. PHILIP MORRIS USA
*14*
*O.*
```



FILED

2006 FEB 23 PM 1:55

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORTNEY REYNOLDS, individually, on her own behalf, on behalf of all persons similarly situated, and on behalf of the general public,<br><br>　　　　　　　　Plaintiff,<br>v.<br>PHILIP MORRIS U.S.A., INC.,<br>　　　　　　　　Defendant. | Civil No. 05cv1876 JAH (BLM)<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br>[DOC. NO. 4] |

## INTRODUCTION

On December 15, 2005, Defendant Philip Morris U.S.A., Inc. ("Defendant") motion to dismiss Plaintiff Cortney Reynolds' ("Plaintiff") complaint came on regularly for hearing. Anna S. McLean and Chad R. Fuller appeared on behalf of Defendant. Kyle Nordrehaug appeared on behalf of Plaintiff. Now, after a careful consideration of the pleadings, relevant exhibits, the oral argument of counsel at the hearing, and for the reasons set forth below, this Court DENIES Defendant's motion to dismiss under Federal Rules of Civil Procedure 12(b)(6).

## BACKGROUND

1. **Factual Background**[1]

Defendant sells the cigarette brand "Marlboro," and during the relevant period promoted this cigarette brand through its program "Marlboro Miles." The Marlboro Miles program

---

[1] The facts herein are taken from Plaintiff's complaint.



allows a customer to collect "Marlboro Miles" incentives, which are printed directly on the package of each cigarette pack. *See* Doc. No. 5, Exh. 1. The Marlboro Miles incentives do not have any other wording or terms printed on the cigarette package, including any applicable expiration date. *See* id. The program works by allowing customers to exchange the collected Marlboro Miles for merchandise from the Defendant. The program is an incentive program because "more valuable gifts could be acquired for more certificates." Cplt. at 7.

Plaintiff collected Marlboro Miles incentives during the relevant period which are subject to expiration dates. "The Old Miles held by Plaintiff were made subject to a unilaterally-imposed expiration date after he purchased them. The New Miles held by Plaintiff Reynolds have been made subject to a prospective expiration date." Cplt. at 8.

2. **Procedural Background**

Plaintiff filed a complaint as a class action suit on September 29, 2005, alleging that Defendant "violated California law by imposing illegal expiration dates" on Defendant's Marlboro Miles promotion. *See* Cplt. at 2. Defendant filed the instant motion to dismiss under Fed. R. Civ. P. 12(b)(6) on October 24, 2005. Doc. No. 4. Plaintiff filed an opposition to Defendant's motion on December 1, 2005. Doc. No. 9. Defendant filed a reply on December 8, 2005. Doc. No. 12. On December 15, 2005, after oral argument, the Court took this matter under submission.

## DISCUSSION

1. **Legal Standard**

    A.   **Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of a claim under this Rule is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Navarro, 250 F.3d at 732. Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); *see also* Neitzke v. Williams, 490 U.S. 319, 326 (1989)

1  ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of
2  law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory
3  yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. However,
4  motions to dismiss are generally disfavored and rarely granted. *See* Gilligan v. Jamco Dev.
5  Corp., 108 F.3d 246, 249 (9th Cir. 1997).

6  In reviewing a motion to dismiss under Rule 12(b)(6), the Court must assume the truth
7  of all factual allegations and must construe all inferences from them in the light most favorable
8  to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v.
9  Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions cast
10 in the form of factual allegations need not be taken as true. Ileto v. Glock, Inc., 349 F.3d 1191,
11 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

12 "Generally, a district court may not consider any material beyond the pleadings in ruling
13 on a Rule 12(b)(6) motion." Hal Roach Studios v. Richard Feiner and Co., 896 F.2d 1542,
14 1555 n.19 (9th Cir. 1990) (citing Fort Vancouver Plywood Co. v. United States, 747 F.2d 547,
15 552 (9th Cir. 1984)). "However, material which is properly submitted as part of the complaint
16 may be considered." Hal Roach Studios, 896 F.2d at 1555 n. 19 (citing Amfac Mtg. Corp. v.
17 Arizona Mall of Tempe, 583 F.2d 426 (9th Cir. 1978)). In addition, a court may, on a motion
18 to dismiss, take judicial notice of matters of public record. *See* Lee v. City of Los Angeles, 250
19 F.3d 668, 688-89 (9th Cir. 2001).

20 **B.    California Gift Certificate Legislation**

21 California Civil Code § 1749.5 states in relevant part:

> (a) It is unlawful for any person or entity to sell a gift certificate to a purchaser that contains any of the following:
> (1) An expiration date.
> (2) A service fee, including, but not limited to, a service fee for dormancy, except as provided in subdivision (e). . . .
> (d) This section does not apply to any of the following gift certificates issued on or after January 1, 1998, provided the expiration date appears in capital letters in at least 10-point font on the front of the gift certificate:
> (1) Gift certificates that are distributed by the issuer to a consumer pursuant to an awards, loyalty, or promotional program without any money or other thing of value being given in exchange for the gift certificate by the consumer. . . .

28 Cal. Civ. Code § 1749.5 (West 2005).

2.     Analysis

Defendant Philip-Morris seeks dismissal of the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Defendant contends that its Marlboro Miles are "Proof of Purchases" and not gift certificates, and therefore are not subject to Cal. Civ. Code § 1749.5. *See* Doc. No. 5 at 1. Defendant argues that the plain language of the statute, California legislative history and case law, as well as the construction of other state statutes and their legislative history all support this assertion. Defendant also asserts that the complaint fails to plead essential facts under a cognizable legal theory. Plaintiff argues that the Marlboro Miles promotion awards are gift certificates within the plain meaning of the California statute.

A.     California Civil Code § 1749.5

a.     Plain Language Interpretation

Defendant first argues that the plain language of the statute precludes any definition of gift certificates that includes the Marlboro Miles promotion points. Defendant instead, terms the Marlboro Miles promotion points as "Proofs of Purchase," not "'a *certificate* usually presented as a *gift* that entitles the recipient to select merchandise *of an indicated cash value* at a commercial establishment.'" Doc. No. 5 at 1, citing to American Heritage Dictionary of the English Language (4th ed. 2000) (emphasis in original).

Plaintiff points out that Defendant relies upon the 1996 version of § 1749.5, which does not provide for an exception for loyalty or promotion programs. The 1997 version, upon which Plaintiff relies, explicitly provides an exception for "gift certificates that are distributed to a consumer pursuant to an awards, loyalty, or promotional program" provided that the gift certificate has an expiration date appearing "in capital letters in at least 10-point font on the front of the gift certificate." *See* Doc. No. 9 at 3. Plaintiff contends that Defendant's Marlboro Miles gift certificates fall under this category since it is an "awards, loyalty, or promotional program without any money or other thing of value being given in exchange for the gift certificate by the consumer." Id. at 3-4. Plaintiff concludes that since § 1749.5 explicitly allows for expiration dates for awards, loyalty or promotional programs, "the Court may not under the maxim of statutory construction . . . imply additional exemptions." Id. at 1.

In 1997, the California legislature amended § 1749.5 to include key changes to the statutory exemptions allowed in conjunction with gift certificates. Prior to the amendments, the statute read in relevant part:

> (a) On or after January 1, 1997, it is unlawful for any person or entity to sell a gift certificate to a purchaser containing an expiration date. Any gift certificate sold after that date shall be redeemable in cash for its cash value, or subject to replacement with a new gift certificate at no cost to the purchaser or holder.
> (b) A gift certificate sold without an expiration date is valid continuously except when refunded or replaced with a new gift certificate.
> (c) This section shall not apply to gift certificates that are distributed to a consumer for promotional purposes without any money or other thing of value being given in exchange for the gift certificate by the consumer.

Cal. Civ. Code § 1749.5 (West 1997).

A.B. 1054 "revise[d] the existing exemption to make it applicable to specified gift certificates distributed by the issuer . . . to a consumer pursuant to an awards, loyalty, or promotional program, as specified." 1997 Cal. Legis. Serv. ch. 472 (West 1997). The 1997 amendments, thus, added the following relevant language to section (c) of the statute:

> (c) This section shall not apply to any of the following gift certificates issued on or after January 1, 1998, provided the expiration date appears in capital letters in at least 10-point font on the front of the gift certificate:
>     (1) Gift certificates that are distributed by the issuer to a consumer *pursuant to an awards, loyalty, or promotional program without any money or other thing of value being given in exchange for the gift certificate by the consumer.*

Id. (emphasis added). The 1997 amendments, therefore, explicitly provide a definition of gift certificates that include certificates awarded "pursuant to an awards, loyalty, or promotional program without any money or other thing of value being given exchange for the gift certificate by the consumer." *See* Cal. Civ. Code § 1749.5(c)(1) (West 1997).

In applying this definition to the facts in this case, this Court finds that Defendant's Marlboro Miles incentive fall under the purview of Cal. Civ. Code § 1749.5. The Marlboro Miles incentive program is awarded "pursuant to an awards, loyalty, or promotional program." Id. Moreover, Marlboro Miles are given to customers "without any money or other thing of value being given [in] exchange" for the incentive certificates." Id. The 1997 amended definition, therefore, negates Defendant's argument that the "plain language of the statute" precludes the inclusion of Defendant's Marlboro Miles certificates in its definition. Accordingly, this Court finds that the plain language of the statute supports Plaintiff's claim

that the Marlboro Miles incentives fall under the purview of California Civil Code § 1749.5.

        b.    <u>Legislative History</u>

This Court's inquiry ceases "if the statutory language is 'unambiguous' and 'the statutory scheme is clear and consistent,'" thus making unnecessary a review of legislative history. *See* <u>Barnhart v. Sigmon Coal Co., Inc.</u>, 534 U.S. 438, 450 (2002), quoting <u>Robinson v. Shell Oil, Co.</u>, 519 U.S. 337, 340 (1997). Regardless, Defendant argues that, although the statute does not define the term "gift certificate," the applicable legislative history indicates that the definition of "gift certificate" should be narrowly construed to mean certificates that are purchased by a consumer and given as gifts. Even if this Court determined that consideration of legislative history was necessary, Defendant's argument would fail.

First, defendant's argument that gift certificates should be construed as "being 'purchased by a consumer from a retailer'" does not appear to co-exist with the language in the current version of § 1749.5(d)(1),[2] which provides that gift certificates can be "distributed by the issuer to a consumer pursuant to . . . a promotional program *without any money or other thing.*" Cal. Civ. Code § 1749.5(d)(1) (West 2005) (emphasis added). This language explicitly suggests that gift certificates are not always purchased from a retailer and instead can have no value attached to them, in direct contravention to Defendant's limited construction.

In addition, as Plaintiff points out, Defendant uses legislative history that either applies to earlier non-relevant versions of § 1749.5, which did not have the current exception language of subsection d(1), or addresses a specific sub-type of gift cards/certificates that impose service charges after a defined period of time, as allowed in § 1749.5(e). This legislative history is not applicable and does not support Defendant's narrowed construction that gift certificates are purchased from a retailer.

As such, even if the Court resorted to legislative history to construe the meaning of "gift certificates," Defendant's citation of legislative history does not support its narrowed construction.

---

[2] California Civil Code § 1749.5 was amended in 2003 to include the allowance of dormancy fees to gift certificates that do not fall under the statutory exemptions. *See* Stats. 2003, c. 116 (West 2003). Section designations in the statute were changed accordingly.

c.   Case Authority

Defendant next cites to two cases in support of its view that the term "gift certificate" should be narrowly construed. In Freeman, the California appellate court analyzed whether Wal-Mart's program to charge a service fee on gift cards it sold was a violation of § 1749.5. The court found that a service fee was not equivalent to an expiration date, and therefore Wal-Mart's program was not in violation of § 1749.5. Defendant also presents as persuasive authority Waul v. Circuit City Stores, 2004 WL 1535825 (Cal.App.1 Dist. July 9, 2004) (unpublished decision).[3] The appellate court in Waul found that "merchandise cards" which were given as part of a promotional program, did not come under the purview of § 1749.5 because the cards were "not purchased or obtained as gifts." Defendant likens the Marlboro Miles to the gift cards in Waul, and argues that, as in Waul, Defendant's promotional program should not be under the purview of § 1749.5.

This Court has reviewed Freeman and Waul, and finds that the facts of these cases are inapposite to the instant matter. Both Waul and Freeman deal with whether a "gift card" should have an expiration date. Here, Plaintiff is not arguing whether or not a "gift card," or a certificate or award that can be construed as a gift certificate, should have an expiration date. Rather, Plaintiff argues that Defendant's Marlboro Miles are award certificates that fall under the exception to § 1749.5, and as such can have an expiration date only if the expiration date is printed in 10-point font on the front of the certificate. *See* Doc. No. 9 at 4.

On the contrary, Defendant's arguments that the Marlboro Miles incentives are like the gift cards in Waul weakens their argument that § 1749.5 does not apply. As mentioned above, the Waul court did not address whether the merchandise cards given as part of a promotional program came under the exception in § 1749.5, only that the gift cards could have expiration dates because they were not sold. Thus, Defendant's Marlboro Miles, like the gift cards in Waul, also falls under the exemptions in § 1749.5 because it is a promotional item given out as part of a promotional program that could have expiration dates, as Plaintiff alleges in her

---

[3]Ninth Circuit rules do not preclude from consideration non-Ninth Circuit unpublished decisions. Henning v. Teradyne, 256 F.Supp.2d 1118, 1128 (S.D. Cal. 2002).

complaint.

         d.     <u>Judicial Notice/Other State's constructions</u>

Defendant also argues that other state statutes construe gift certificates narrowly. Both Plaintiff and Defendant ask the court to take judicial notice of legislative history, as well as other state statutes and California case law. *See* Doc. No. 6 at Exhs. 1-11 and Doc. No 10.

Federal Rule of Evidence (FRE) 201 allows judicial notice to be taken on adjudicative facts. Fed. R. Evid. 201 (West 2005). The accompanying notes of FRE 201 states that this rule does not cover legislative facts, and instead must be of adjudicative facts that are "beyond reasonable controversy." <u>Id</u>.

In addition, although judicial notice can be taken in a 12(b)(6) motion, it is done so for the limited purpose of acknowledging that there is no reasonable dispute over the authenticity of the document, "not for the truth of the facts contained therein." *See* <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 690 (9th Cir. 2001). Thus, this Court is limited to acknowledging the authenticity of the documents in a motion to dismiss.

Moreover, even if the Court considered Defendant's argument that non-California statutes support a narrowed definition of "gift certificate," Defendant would not be entirely correct. Although the majority of states support a narrowed construction of "gift certificate," the state of Washington gives a very broad definition of "gift certificate" as an "instrument evidencing a promise by the seller or issuer of the record that consumer goods or services will be provided to the bearer of the record to the value or credit shown in the record and includes gift cards." Doc. No. 6 at Exh. 11. Thus, at least one other state statute supports a broader definition of "gift certificate" to include non-purchased certificates, like Defendant's Marlboro Miles incentives.

Finally, since other state statutes support varying constructions of "gift certificate," this Court finds those statutes, singly or in combination, do not suggest there are adjudicative facts that are beyond reasonable controversy. Thus, to the extent that the parties request this Court to take judicial notice of legislative facts of other states, or of adjudicative facts that are "beyond reasonable controversy," this Court must DENY this request.

### B. Deficient Complaint

Defendant also argues that Plaintiff's complaint fails to use the term "gift certificate," and therefore is deficient because Cal. Civ. Code § 1749.5 only applies to gift certificates. Defendant states that Plaintiff, instead, uses the terms "certificates," "award certificates," and "award promotions," but does not use the term "gift certificates." *See* Doc. No. 5 at 1. Defendant concludes that this lack of use of the correct term renders the complaint defective. Id. Plaintiff does not address this argument in her opposition.

In a motion to dismiss, all factual allegations are construed as true, and all inferences from them are drawn in the light most favorable to the nonmoving party. *See* Thompson, 295 F.3d at 895. In addition, under the Federal Rules of Civil Procedure, this Court applies liberal pleading standards when analyzing the sufficiency of a complaint. *See* U.S. v. Howell, 318 F.2d 162, 166 (9th Cir. 1963). Keeping this in mind, this Court finds that Plaintiff has met her burden of alleging sufficient facts to bring a cause of action under Cal. Civ. Code § 1749.5. Although she does not specifically use the term "gift certificate," Plaintiff does refer to Defendant's Marlboro Miles program as "certificates which are included on each Marlboro and Marlboro Light package" which can be redeemed for a free gift. Cplt. at 2. Moreover, Plaintiff also identifies that the Marlboro Miles incentives are in violation of Cal. Civ. Code § 1749.5. Id. Thus, the complaint survives this Court's scrutiny under the liberal pleading standards of Rule 8 by providing fair notice of the elements of each claim pending against defendant. *See* Sidebotham v. Robison, 216 F.2d 816, 831 (9th Cir. 1954) ("[A]llegations [in the complaint] deserve the liberal interpretation enjoined by Rule 1 of the Federal Rules of Civil Procedure.)"; *see also* Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984); Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

### C. Conclusion

For the reasons stated above, this Court finds that Defendant's Marlboro Miles incentives fall within the purview of Cal. Civ. Code § 1749.5. Accordingly, this Court hereby DENIES Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6).

///

## CONCLUSION AND ORDER

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **DENIED.**

**IT IS SO ORDERED.**

Dated:   February 21, 2006

JOHN A. HOUSTON
United States District Judge

cc: Magistrate Judge Major
All Counsel of Record