GREGORY P. STONE (State Bar No. 78329)
MARTIN D. BERN (State Bar No. 153203)
JOSHUA P. GROBAN (State Bar No. 200095)
MUNGER, TOLLES & OLSON LLP
355 So. Grand Avenue, 35th Floor
Los Angeles, California  90071-1560
Telephone:    (213) 683-9100
Facsimile:     (213) 687-3702

GERALD L. McMAHON (State Bar No. 36050)
DANIEL E. EATON (State Bar No. 144663)
SELTZER CAPLAN McMAHON VITEK
750 B Street, Suite 2100
San Diego, California  92101-8122
Telephone:    (619) 685-3003
Facsimile:     (619) 685-3100

Attorneys for Defendant
PHILIP MORRIS USA INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORTNEY REYNOLDS, individually, on her own behalf, on behalf of all persons similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>PHILIP MORRIS USA INC.,<br><br>Defendant. | CASE NO.  05 CV 1876 JAH<br><br>**PHILIP MORRIS USA INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>The Honorable John Houston<br><br>Courtroom:    11<br>Date:             December 7, 2006<br>Time:             3:00 p.m. |

# TABLE OF AUTHORITIES

Page(s)

## FEDERAL CASES

*Arizona v. California*,
  460 U.S. 605 (1983) .................................................................................................. 2

*Behrens v. Pelletier*,
  516 U.S. 299 (1996) .................................................................................................. 2

*Boutilier v. INS*,
  387 U.S. 118 (1967) .................................................................................................. 6

*City of Arcadia v. EPA*,
  265 F. Supp. 2d 1142 (N.D. Cal. 2003) ................................................................... 4

*City of Los Angeles v. Santa Monica Baykeeper*,
  254 F.3d 882 (9th Cir. 2001) .................................................................................... 2

*Coleman v. Quaker Oats Co.*,
  232 F.3d 1271 (9th Cir. 2000) ................................................................................ 10

*Daugherty v. American Honda Motor Co.*,
  ___ Cal. Rptr. ___, 2006 WL 3073017 (Cal. Ct. App. Nov. 8, 2006) ............ 7, 8, 10

*Hansen v. Schubert*,
  ___ F. Supp. 2d ___, 2006 WL 2792819 (E.D. Cal. Sept. 28, 2006) ....................... 4

*McKenzie v. BellSouth Telecomms., Inc.*,
  219 F.3d 508 (6th Cir. 2000) .................................................................................... 2

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
  319 F. Supp. 2d 1059 (C.D. Cal. 2003) .................................................................... 9

*Pub. Citizen v. U.S. Dep't of Justice*,
  491 U.S. 440 (1989) .................................................................................................. 6

*Robbins v. Wilkie*,
  433 F.3d 755 (10th Cir. 2006) .................................................................................. 2

*United States v. Bohonus*,
  628 F.2d 1167 (9th Cir. 1980) .................................................................................. 6

*United States v. Lence*,
  466 F.3d 721 (9th Cir. 2006) .................................................................................... 3

*United States v. Smith*,
  389 F.3d 944 (9th Cir. 2004) .................................................................................... 2

*Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc.*,
  178 F. Supp. 2d 1099 (C.D. Cal. 2001) .................................................................... 9

*Waul v. Circuit City Stores, Inc.*,
  2004 WL 1535825 (Cal. Ct. App. July 9, 2004) ...................................................... 4

## STATE CASES

*Bardin v. Daimlerchrysler Corp.*,
  136 Cal. App. 4th 1255 (2006) ................................................................................. 7

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
  20 Cal. 4th 163 (1999) .................................................................................. 6, 7

*Cortez v. Purolator Air Filtration Prods. Co.*,
  23 Cal. 4th 163 (2000) ........................................................................................ 9

*Day v. AT&T Corp.*,
  63 Cal. App. 4th 325 (1998) ............................................................................... 9

*Freeman v. Wal-Mart Stores, Inc.*,
  111 Cal. App. 4th 660 (2003) ............................................................................. 4

*Inline, Inc. v. A.V.L. Holding Co.*,
  125 Cal. App. 4th 895 (2005) .......................................................................... 8, 9

*MW Erectors, Inc. v. Niederhauser Ornamental & Metal Works Co.*,
  36 Cal. 4th 412 (2005) ................................................................................... 5, 6

*Plotkin v. Sajahtera, Inc.*,
  106 Cal. App. 4th 953 (2003) .......................................................................... 7, 8

*Wayne v. Staples, Inc.*,
  135 Cal. App. 4th 466 (2006) ............................................................................. 7

**FEDERAL RULES**

Fed. R. Civ. P.
  1 ....................................................................................................................... 10
  12(b)(6) .............................................................................................................. 2
  56 ..................................................................................................................... 10

**STATE STATUTES**

Civil Code
  § 1749.5 ..................................................................................................... *passim*
  § 1781 .............................................................................................................. 10

**OTHER AUTHORITIES**

American Heritage Dictionary of the English Language (4th ed. 2000) ...................... 4

## I. INTRODUCTION

Plaintiff has chosen not to address most of the legal issues raised in PM USA's motion for summary judgment. PM USA raised a new and dispositive legal argument that the requirements of § 1749.5 apply only to gift certificates that are "sold," which "Marlboro Miles" undeniably are not. Opening Mem. at 2, 16-20. Plaintiff fails to respond substantively to this argument, thereby conceding summary judgment of her claim under the UCL's "unlawful" prong.

PM USA has submitted evidence and expert testimony that place § 1749.5(d) in its proper context by demonstrating how Omaha Steaks gift certificates, which were a "reward" item in the 2003 Marlboro catalog, were distributed to qualified adult smokers "pursuant to an awards, loyalty or promotional program without any money or other thing of value being given in exchange." Thus, while "Marlboro Miles" proofs of purchase and other "point" or "UPC"-based promotions may be used to *obtain* "gift certificates," they themselves do not *constitute* gift certificates under § 1749.5(d). This interpretation is true to the language of the statute. Plaintiff offers no response to this evidence, or to the charge that her interpretation of § 1749.5 would lead to nonsensical results and render the statute unconstitutionally void for vagueness. Plaintiff's arguments regarding her remaining claims under the UCL and CLRA fare no better.

Plaintiff's opposition also confirms that her claim under the UCL for restitution is in actuality an impermissible *damages* theory of recovery. Plaintiff readily concedes that her "Marlboro Miles" proofs of purchase were obtained "without any money or other thing of value being given in exchange." Accordingly, there is no "vested property interest" in money taken from Plaintiff by PM USA to be "restored" to her.

Much of Plaintiff's brief refutes arguments that *were not made*, disputes facts that *were not asserted*, and distinguishes cases that *were not cited*.[1] In addition, Plaintiff's lengthy and inaccurate factual summary includes an incorrect assertion of the "law of the case" doctrine and an unsupported request for judicial estoppel based on the prior testimony of Mr. Michael Mahan. To top it off, Plaintiff's brief is replete with unsupported accusations, and misrepresentations of the evidence, as set forth in PM USA's Response To Plaintiff's Statement Of Genuine Issues.

---

[1] *See* Opp. at 6:9-9:1; 11:15-12:12; 14:6-10; 15:3-17; 16:23-25 & n.9; 20:14-21:18; and 22:2-14.

## II. ARGUMENT

### A. Plaintiff's "Law Of The Case" And "Judicial Estoppel" Arguments Are Frivolous And Unsupported By Fact Or Law

Without providing any legal citation or analysis, Plaintiff asserts that this Court's denial of PM USA's motion to dismiss is "law of the case." Opp. at 5-6, 13-14. On the contrary, "[a]ll rulings of a trial court are subject to revision at any time before the entry of judgment." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888-89 (9th Cir. 2001). Indeed, the law of the case doctrine is "wholly inapposite" where a district court has not been divested of jurisdiction over its prior order. *United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004). "A district court's decision denying a defendant's motion to dismiss on [a legal issue] is not law of the case for purposes of a subsequent motion for summary judgment on [the same legal issue]." *Robbins v. Wilkie*, 433 F.3d 755, 764-65 (10th Cir. 2006); *see also Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) ("[L]egally relevant factors . . . will be different on summary judgment than on an earlier motion to dismiss."); *McKenzie v. BellSouth Telecomms., Inc.*, 219 F.3d 508, 513 (6th Cir. 2000) ("[H]olding on a motion to dismiss does not establish the law of the case for purposes of summary judgment, when the complaint has been supplemented by discovery.").

In deciding PM USA's motion to dismiss, the Court (as required by Rule 12(b)(6)) accepted as true the factual allegations in Plaintiff's Complaint. *See* Order, filed February 23, 2006 ("Order") at 1 n.1.[2] PM USA's motion for summary judgment, however, is supported by documentary, testimonial and expert evidence that was not, and could not, be presented to the Court in a motion to dismiss. Accordingly, the law of the case doctrine has no bearing here.[3]

Second, Plaintiff asserts that PM USA is "judicially estopped" by the trial testimony of Mr. Michael Mahan. But none of Mr. Mahan's testimony is contrary to anything asserted in PM

---

[2] Plaintiff even goes so far as to cite to the Order's "Factual Background" section (in which the Court expressly stated that it was assuming the facts alleged in the Complaint to be true) and characterize it as a "holding" of the Court. Opp. at 5; Order at 1 n.1.

[3] Even were the Court's decision "law of the case" (which it is not), "it is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice." *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983).

USA's motion. The doctrine of judicial estoppel applies only when a party takes a position that is "clearly inconsistent" with its earlier position. *United States v. Lence*, 466 F.3d 721, 726 (9th Cir. 2006). Tellingly, Plaintiff does not provide a *single* citation to PM USA's brief identifying any assertions that are inconsistent with Mr. Mahan's testimony. Opp. at 6-8. Plaintiff also mischaracterizes Mr. Mahan's "testimony." She claims that he was asked at trial "whether the Marlboro customer is buying the Miles with his cigarette purchase." Opp. at 7:6-7. The transcript reveals, however, that Mr. Mahan was asked a *completely different question*.[4] See Pl.'s NOL, Ex. 27 at p. 57. Plaintiff then provides four block quotes of "sworn" testimony, Opp. at 7-8, that are actually lifted from a *draft speech*, and are not trial testimony at all. *Compare id. with* Pl.'s NOL, Ex. 28. Because Plaintiff has not identified any statement by PM USA that is "clearly inconsistent" with Mr. Mahan's prior trial testimony, her judicial estoppel claim fails.

Lastly, PM USA's motion for summary judgment is not, as Plaintiff contends, an improper motion for reconsideration under Local Rule 7.1(i) because it is a *different* motion seeking *different* relief based on facts that could not be presented in a motion to dismiss, such as (1) the terms and conditions of "Marlboro Miles" catalog promotions, (2) expert testimony regarding gift certificates, and (3) concessions from Plaintiff's deposition. Plaintiff cannot sidestep this motion by construing the Court's motion to dismiss ruling as a final judgment.

### B. Plaintiff's Failure To Respond To PM USA's Arguments Mandates Entry Of Summary Judgment On Plaintiff's UCL "Unlawful" Prong Claim

In an overconfident display of reliance on her "law of the case" argument, Plaintiff has chosen not to respond to the majority of legal arguments presented by PM USA regarding Plaintiff's claim under the "unlawful" prong of the UCL. Plaintiff also does not join issue with the *new* evidence, *new* expert testimony and *new* legal arguments that were not previously before the Court. The few arguments Plaintiff does raise in her opposition are demonstrably incorrect.

*First*, Plaintiff does not address PM USA's argument (Opening Mem. at 2, 16-20) that the requirements of § 1749.5 apply only to gift certificates that are "sold," which "Marlboro Miles"

---

[4] "Q. What was the significance of your discovery of these complaints to you in your capacity as vice-president of promotion in Marlboro?" Pl.'s NOL, Ex. 27 at p. 57. .

undeniably are not.[5] *See* Opp. at 14:19-21. This argument was *not* raised in PM USA's motion to dismiss, as Plaintiff contends. Opp. at 13. In its motion to dismiss, PM USA argued that "the *definition* of 'gift certificate' should be narrowly construed to mean certificates that are purchased by a consumer." Order at 6 (emphasis added). Here, PM USA argues that, regardless of how gift certificate is defined, § 1749.5 only applies to those gift certificates that are *sold*. Plaintiff's complete failure to address the merits of this new argument is a concession of her claim under the "unlawful" prong of the UCL. *See Hansen v. Schubert*, ___ F. Supp. 2d ___, 2006 WL 2792819, at *10 n.14 (E.D. Cal. Sept. 28, 2006) (failure to respond treated as "non-opposition" to motion); *City of Arcadia v. EPA*, 265 F. Supp. 2d 1142, 1154, n.16 (N.D. Cal. 2003) (failure to respond is a "waiver" of "opposition to the argument").

*Second*, through her silence, Plaintiff concedes that "Marlboro Miles" proofs of purchase[6] lack the fundamental attributes of a "gift certificate," as that term is defined in the dictionary, interpreted by the Legislative Counsel of California, and implemented by the California Courts of Appeal.[7] Plaintiff instead contends that these definitions are irrelevant, arguing that "[t]he 1997 amendment of Civil Code § 1749.5 explicitly defines 'gift certificates' to include *certificates* 'that are distributed to a consumer pursuant to an awards, loyalty or promotional program.'" Opp. at 14 (emphasis added).[8] Upon closer scrutiny, however, it is clear that § 1749.5(d)(1) sets forth an

---

[5] "Sell: To exchange or deliver for money or its equivalent." *American Heritage Dictionary of the English Language* (4th ed. 2000).

[6] Plaintiff takes issue with PM USA's description of "Marlboro Miles" as "proofs of purchase." Opp. at 1. According to Plaintiff, "Marlboro Miles" are more appropriately characterized as "certificates," even though she offers no evidence to support that description. *Id.* at 2-4, 7-10. A proof of purchase is commonly defined as an item that is "specified by the manufacturer as appropriate proof of product purchase in compliance with the terms of a mail in offer." NOL, Ex. 17. In any event, these linguistic distinctions have no bearing upon the question whether "Marlboro Miles" have the attributes of a "*gift certificate*," which is the issue raised here.

[7] Plaintiff argues that *Waul v. Circuit City Stores, Inc.*, 2004 WL 1535825 (Cal. Ct. App. July 9, 2004) does not apply here because it involved "gift cards," and not "gift certificates." Opp. at 15, n.8. As explained in the moving papers, *Waul* held that the merchandise cards were not subject to § 1749.5 because they were "not purchased or obtained as gifts." *Id.* at *3; Opening Mem. at 10-11. Thus, *Waul* did not address whether the exception in §1749.5(d)(1) applied to the merchandise cards because it determined that the statute did not apply *at all. Id.*

[8] Plaintiff's argument that § 1749.5 contains a definition of gift certificate contradicts *Freeman v. Wal-Mart Stores, Inc.*, 111 Cal. App. 4th 660, 666 (2003) – a case decided after the 1997 amendment – in which the Court found that § 1749.5 "does not define the term [gift certificate]." In addition, the subsection that defines "gift certificate," § 1749.45, merely states that a "gift

exemption not for "*certificates*," but for "***gift* *certificates***" "that are distributed by the issuer to a consumer pursuant to an awards, loyalty or promotional program." *See also* Opening Mem. at 11-12. Plaintiff's selective use of quotations from § 1749.5(d)(1) omits the word "***gift***." Opp. at 14:15-17. Once this sleight of hand is exposed, the faulty logic of Plaintiff's purported "definition" becomes apparent: (1) if ***gift* *certificates*** "that are distributed to a consumer pursuant to an awards, loyalty or promotional program" are regulated by § 1749.5(d)(1), and (2) "Marlboro Miles" are distributed "pursuant to an awards, loyalty or promotional program," (3) then "Marlboro Miles" must be gift certificates. This simply does not hold water.

*Third*, Plaintiff ignores the new evidence and expert testimony of Pierce Pelouze. *See* Opening Mem. at 12-13. The Omaha Steaks gift certificates, and the various gift certificates issued as part of the American Express "Rewards Program," place § 1749.5(d) in its proper context by demonstrating how "gift certificates" are distributed "pursuant to an awards, loyalty or promotional program without any money or other thing of value being given in exchange." § 1749.5(d)(1). Thus, while consumers can use "Marlboro Miles" and other "point" or "UPC"-based promotions to obtain "gift certificates," the "Miles," "points," and "UPCs" themselves are not gift certificates.[9] This interpretation of § 1749.5(d) gives meaning to *all* of the words in the statute, and is entirely consistent with the common definition of "gift certificate."

*Fourth*, Plaintiff asks the Court to ignore the practical effects of her proposed interpretation of § 1749.5, which would make numerous wrappers, lids, bottle caps, and other tangible items evidencing a consumer's proof of purchase "gift certificates" subject to § 1749.5.[10] Opp. at 16-17. Plaintiff fails to confront the extensive case law stating that courts should give "consideration . . . to the consequences that will flow from a particular interpretation," *MW*

---

card" is a "gift certificate," but fails to define the term "gift certificate" itself.

[9] Plaintiff also fails to address PM USA's argument that "Marlboro Miles" proofs of purchase, unlike Omaha Steaks gift certificates, were distributed pursuant to the sale of cigarettes at *retail*, and not "pursuant to" an *awards, loyalty or promotional program*. *See* Opening Mem. at 13 n.11.

[10] Plaintiff also responds by asserting that "in every example used by PM, the expiration date was plainly disclosed at the time of issuance." Opp. at 17. This is factually inaccurate. The "Betty Crocker" points, Kellogg's cereal UPC symbol, and Campbell's label submitted in support of PM USA's motion do *not* contain any expiration date. *See* Def.'s NOL, Exs. 18-20.

*Erectors, Inc. v. Niederhauser Ornamental & Metal Works Co.*, 36 Cal. 4th 412, 426 (2005), and avoid interpreting statutes in a manner that leads to odd or unreasonable results. *Pub. Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 453-55 (1989).[11]

*Finally*, Plaintiff fails to counter PM USA's void for vagueness argument. PM USA argues that the California Legislature did not supply a "sufficiently definite warning" that the term "gift certificate" as used in § 1749.5, was meant to include items that lack the fundamental attributes of a gift certificate. Opening Mem. at 15-16. Plaintiff has pointed to nothing that warned PM USA and other manufacturers of consumer goods that, according to "common understanding and practice[]," wrappers, lids, bottle caps and UPC symbols would fall within the definition of "gift certificates" whenever they are used as part of "an awards loyalty or promotional program." *United States v. Bohonus*, 628 F.2d 1167, 1173 (9th Cir. 1980). Nor does Plaintiff contest that the common definition of "gift certificate" is that set forth in the dictionary. And her own deposition testimony confirms the vagueness of her reading of the statute. *See* Opening Mem. at 16.[12]

### C. Summary Judgment On Plaintiff's Claim Under The "Unfair" Prong Of The UCL Is Also Appropriate

Plaintiff argues that her claim, whether measured under the "unfairness" standard adopted in *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163 (1999), or the amorphous pre-*Cel-Tech* balancing test, is not suited to summary adjudication. Neither argument has merit.

Under *Cel-Tech*, a business practice is only unfair if it is "tethered to some legislatively declared policy" or "violates the policy or spirit" of a statute. *Id.* at 186-87. Plaintiff contends

---

[11] Plaintiff similarly fails to confront the California Legislature's statement that it did not intend § 1749.5 to apply to items such as trading stamps and premium coupons, which are, by statutory definition, devices that allow the person holding them to obtain merchandise free of charge (or at a reduced rate.) Opening Mem. at 14-15. This Legislative History shows that § 1749.5 was not meant to regulate every device that can be used to obtain rewards from a loyalty program.

[12] Plaintiff argues at length that § 1749.5 is not an impermissible regulation of PM USA's free speech rights. PM USA never claimed it was; rather it argued that the Court should apply a heightened *vagueness* standard because the regulations at issue may implicate First Amendment rights. Opening Mem. at 15. Plaintiff also wrongly suggests that "void for vagueness" applies only to criminal statutes, Opp. at 21, n.10, but it is well-established that the "doctrine [is] applicable to civil as well as criminal actions." *Boutilier v. INS*, 387 U.S. 118, 123 (1967).

that PM USA's conduct is "unfair" under *Cel-Tech* because "even if there is a technical reason why PM USA did not violate the letter of Civil Code § 1749.5," PM USA's conduct violated "the public policy underlying § 1749.5." Opp. at 18. However, § 1749.5 only regulates *gift certificates* that are *sold*. "Marlboro Miles" proofs of purchase are neither gift certificates, nor are they sold. Accordingly, the policies underlying §1749.5 are not implicated here.

Plaintiff also asserts that under the pre-*Cel-Tech* balancing test, the question whether PM USA's conduct was "unfair" is a factual issue that cannot be resolved on summary judgment. That is incorrect; courts may dismiss unfairness claims prior to trial if the alleged business practice is not unfair. *See, e.g., Bardin v. Daimlerchrysler Corp.*, 136 Cal. App. 4th 1255, 1271 (2006). In fact, courts have held that summary judgment is appropriate where the evidence demonstrates that the defendant provided the consumer notice of the challenged business practice. *See, e.g., Wayne v. Staples, Inc.*, 135 Cal. App. 4th 466, 484 (2006); *Plotkin v. Sajahtera, Inc.*, 106 Cal. App. 4th 953, 964-66 (2003).

In *Plotkin*, plaintiff alleged that defendant valet parking service engaged in an unfair business practice by failing to post signs indicating that there was a charge associated with its parking service. 106 Cal. App. 4th at 964. Plaintiff alleged that as a result of the defendant's failure to post a sign, he assumed the service was free. The court held as a matter of law that the alleged conduct did not violate the UCL because, despite the absence of a sign, defendant provided a ticket informing plaintiff that there was a charge associated with the service:

> The ticket provides reasonable and advance notice of the charge. Although a rate sign could arguably have been better notice, there is no requirement that the reasonable notice has to be the best possible notice.

*Id.* at 966. Likewise, the evidence here demonstrates that PM USA's catalogs expressly stated the dates during which its "Marlboro Miles" promotions were valid. *See* Fernandez Decl. ¶ 5; NOL, Exs. 3-11. Plaintiff did not read the terms and conditions of the promotions, but instead (like the plaintiff in *Plotkin*), *assumed* that the promotions would run forever. *See* Reynolds Depo. at 231:23-232:22. Plaintiff's failure does not render PM USA's promotion unfair.[13]

---

[13] Furthermore, a California court has recently held that a business practice may not be deemed unfair if it results in an injury "the consumers themselves could reasonably have avoided." *Daugherty v. American Honda Motor Co.*, ___ Cal. Rptr. ___, 2006 WL 3073017, *8 (Cal. Ct.

Plaintiff also claims she asserted a claim in her complaint under the "fraudulent" or "deceptive" prong of the UCL, Opp. at 20, but she did not. Plaintiff's First Cause of Action alleges only that PM USA "engaged in an 'unlawful' business practice" and "an 'unfair' business practice." Comp. ¶¶ 34-35. In any event, a claim under the "deceptive prong" would fail for the same reason as Plaintiff's unfairness claim: PM USA's conduct was not likely to deceive a reasonable consumer because PM USA provided notice regarding the duration of each "Marlboro Miles" promotion. *See Plotkin*, 106 Cal. App. 4th at 964-65.

### D. Plaintiff Is Not Entitled To Restitution Under The UCL

In its moving papers, PM USA established that Plaintiff is not entitled to restitution under the UCL because she paid nothing quantifiable – and PM USA received nothing quantifiable – for her "Marlboro Miles" proofs of purchase. Plaintiff concedes this point, yet contends for the first time that she is entitled to restitution because she has "suffered an economic injury" to a "vested property interest" equal to the alleged monetary value of her "Marlboro Miles." Opp. at 23-24. As explained below, compensation for Plaintiff's alleged "economic injury" is recoverable, if at all, only as *damages*, which are not recoverable under the UCL. Opening Mem. at 21-22.

California courts have drawn a clear line between damages and restitution in the context of section 17203 and the UCL:

> On one hand, damages describes a payment made to compensate a party for injuries suffered. In contrast, a monetary payment is more properly characterized as restitutionary than compensatory in nature when the defendant is asked to return something he wrongfully received; he is not asked to compensate the plaintiff for injury suffered as a result of his conduct.

*Inline, Inc. v. A.V.L. Holding Co.*, 125 Cal. App. 4th 895, 903 (2005). Accordingly, a UCL plaintiff may recover restitution if, and only if, she meets one of two tests:

> 1) the plaintiff has an ownership interest in and possessed the property before giving it to the defendant (a 'possessory ownership interest'), or 2) the plaintiff did not possess the property [now in the defendant's

---

App. Nov. 8, 2006). It is unrefuted that merely by reading the terms and conditions of PM USA's catalog promotions and participating before the stated deadlines, Plaintiff "could reasonably have avoided" the injury of which she now complains.

possession], but has a vested ownership interest in it (a 'non-possessory but vested ownership interest').

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1093 (C.D. Cal. 2003). An example of a "vested ownership interest" is earned wages that are due and payable. *Id.* at 1093, n.12, citing *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 178 (2000). "[E]arned wages that are due and payable . . . are as much the property of the employee *who has given his or her labor to the employer in exchange for that property* as is property a person surrenders through an unfair business practice." *Cortez*, 23 Cal. 4th at 178 (emphasis added). "By his work [the plaintiff in *Cortez*] had conferred an affirmative benefit that was concrete and there was no other way to make him whole but to require payment." *Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F. Supp. 2d 1099, 1122 (C.D. Cal. 2001).

Courts may not award UCL restitution to plaintiff in the form of the fair market value of property of which the defendant allegedly wrongfully disposed. "[R]equiring trial courts to evaluate and calibrate a plaintiff's retrieval costs to fair market value or some other index would take the court into forays beyond simply restoring money or property pursuant to section 17203." *Inline*, 125 Cal. App. 4th at 905. Yet that is precisely the theory Plaintiff asserts here. She seeks "restitution" of the market value of her "Marlboro Miles" proofs of purchase that PM USA allegedly has diminished by ceasing to issue new "Marlboro Miles" promotions. In doing so, plaintiff is seeking "recovery" of property (1) that she did not pay for, (2) that she never gave to PM USA, and (3) that PM USA has never held.[14] Indeed, plaintiff herself contends that she obtained her "Marlboro Miles" "without any money *or other thing of value* being given in exchange." Opp. at 14:19-21. There is thus no "money" or "other thing of value" (i.e. property) to restore to her.[15] Plaintiff's alleged "economic loss," measured by the diminished value of her

---

[14] The only benefits that Plaintiff claims PM USA wrongfully retained are (1) increased consumer loyalty, (2) increased market share, and (3) the "benefit" of not having to purchase inventory for future "Marlboro Miles" catalog orders. Opp. at 3, 17, and 24, n.14. Plaintiff does not contend, however, that she has any property interest in those abstract and unquantified benefits that PM USA allegedly received.

[15] Plaintiff's argument regarding Mr. Mahan's past testimony on the cost of Marlboro catalog items misses the mark. In determining whether a right to restitution exists, the cost of catalog items *to PM USA* cannot substitute for the "quantifiable sums" that *Plaintiff* "must have given up . . . [but] was entitled to keep." *Day v. AT&T Corp.*, 63 Cal. App. 4th 325, 340 (1998). *See also*

"Marlboro Miles" proofs of purchase, is not a claim for restitution of anything given to or held by PM USA, and as such constitutes, at most, an unrecoverable claim for damages.

### E. Plaintiff's CLRA Claim Fails As A Matter Of Law Because § 1749.5 Does Not Apply To "Marlboro Miles" Proofs Of Purchase

Plaintiff concedes that her CLRA claim, as pled, "follows this Court's ruling on the application of Civil Code § 1749.5 to the Marlboro Miles certificates." Opp. at 24.[16] Plaintiff then argues, for the first time, that regardless of whether § 1749.5 applies, PM USA's omission of an expiration date on "Marlboro Miles" proofs of purchase is actionable under the CLRA because it was likely to deceive consumers. *Id.* at 24-25. This allegation is not contained in her Complaint or sworn discovery responses,[17] and cannot be added in opposition to this motion for summary judgment. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000).

In any event, Plaintiff's new argument fails. Under the CLRA, an *omission* is only actionable if it is "contrary to a representation actually made by the defendant" or if the defendant was legally obliged to disclose the withheld information. *Daugherty*, 2006 WL 3073017, at *5-6 (certified for publication). It is undisputed that PM USA never represented that "Marlboro Miles" proofs of purchase would be useable until the end of time. *See* Fernandez Decl. ¶¶ 4, 5. Furthermore, as explained above, PM USA had no legal obligation to disclose such information on the proofs of purchase. Accordingly, Plaintiff cannot predicate a CLRA claim on PM USA's omission of expiration dates on the "Marlboro Miles" proofs of purchase.

DATED:  November 30, 2006         MUNGER, TOLLES & OLSON LLP

By: _____/s/ Martin D. Bern_____
            MARTIN D. BERN

Attorneys for Defendant
PHILIP MORRIS USA INC.

---

Opening Mem. at 22-23.

[16] Plaintiff asserts that Civ. Code § 1781 prohibits summary adjudication of a CLRA claim. Opp. at 24, n.15. The federal rules, however, "govern the procedure in the United States district courts in all suits of a civil nature." *See* Fed. R. Civ. P. 1. Accordingly, Fed. R. Civ. P. 56 applies here.

[17] Plaintiff's sworn interrogatory responses demonstrate that her CLRA claim, as originally pled, hinges entirely on a finding that "Marlboro Miles" are "gift certificates" regulated by § 1749.5. *See* PM USA's NOL, Ex. 15; Opening Mem. at 24-25.