UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORTNEY REYNOLDS, individually, on her own behalf, on behalf of all persons similarly situated, and on behalf of the general public,<br><br>                Plaintiff,<br>v.<br>PHILIP MORRIS U.S.A., INC.,<br><br>                Defendant. | Civil No. 05cv1876 JAH (BLM)<br><br>**ORDER DENYING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT AND FOR PARTIAL SUMMARY JUDGMENT**<br><br>**[Doc. Nos. 25 and 32]** |

## INTRODUCTION

Pending before this Court is Defendant Phillip Morris U.S.A., Inc.'s("Defendant") motion for summary judgment, or in the alternative, motion for partial summary judgment, and Defendant's motion for partial summary judgment of Plaintiff Cortney Reynolds ("Plaintiff") complaint. Doc. Nos. 25 and 32. The motions were taken under submission pursuant to Civ.LR 7.1(d.1). Now, after a careful consideration of the pleadings, relevant exhibits, and for the reasons set forth below, this Court DENIES Defendant's motion for summary judgment, or in the alternative partial summary judgment (Doc. No. 32), and motion for partial summary judgment (Doc. No. 25).

## BACKGROUND

Plaintiff filed the instant complaint as a class action suit on September 29, 2005, alleging causes of action for unfair business practices under California Business & Professions Code §

17200 et seq. ("UCL") and the California Consumers Legal Remedies Act ("CLRA"), as well as breach of the implied covenant of good faith and fair dealing. *See* Cplt. Plaintiff also seeks declaratory relief and payment for alleged unjust enrichment by Defendant. Cplt. at 11-12.

On October 24, 2005, Defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Doc. No. 4. Plaintiff filed an opposition to Defendant's motion on December 1, 2005. Doc. No. 9. Defendant filed a reply on December 8, 2005. Doc. No. 12. Oral argument was held on December 15, 2005, after which this Court took the matter under submission. Doc. No. 13. On February 23, 2006, this Court issued an Order denying Defendant's motion to dismiss in its entirety. Doc. No. 14.

On September 13, 2006, Defendant filed a motion for partial summary judgment on Plaintiff's third cause of action for breach of the implied covenant of good faith and fair dealing. Doc. No. 25. Plaintiff filed an opposition on November 2, 2006. Doc. No. 41. Defendant filed a reply on November 9, 2006. Doc. No. 45.

On October 20, 2006, Defendant filed a motion for summary judgment of Plaintiff's remaining claims, or in the alternative, for partial summary judgment of Plaintiff's claim for restitution under the UCL. Doc. No. 32. Plaintiff filed an opposition on November 22, 2006. Doc. No. 50. Defendant filed a reply on November 30, 2006. Doc. No. 53. This Court took both summary judgment motions under submission on December 4, 2006, pursuant to Civ.LR 7.1(d.1). Doc. No. 54.

## **DISCUSSION**

I.  **Legal Standard - Motion for Summary Judgment**

Summary judgment is properly granted when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the initial burden of establishing an absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Where the party

moving for summary judgment does not bear the burden of proof at trial, it may show that no genuine issue of material fact exists by demonstrating that "there is an absence of evidence to support the non–moving party's case." Id. at 325. The moving party is not required to produce evidence showing the absence of a genuine issue of material fact, nor is it required to offer evidence negating the moving party's claim. Lujan v. National Wildlife Fed'n, 497 U.S. 871, 885 (1990); United Steelworkers v. Phelps Dodge Corp., 865 F.2d 1539, 1542 (9th Cir. 1989). "Rather, the motion may, and should, be granted so long as whatever is before the District Court demonstrates that the standard for entry of judgment, as set forth in Rule 56(c), is satisfied." Lujan, 497 U.S. at 885 (quoting Celotex, 477 U.S. at 323).

Once the moving party meets the requirements of Rule 56, the burden shifts to the party resisting the motion, who "must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Without specific facts to support the conclusion, a bald assertion of the "ultimate fact" is insufficient. *See* Schneider v. TRW, Inc., 938 F.2d 986, 990-91 (9th Cir. 1991). A material fact is one that is relevant to an element of a claim or defense and the existence of which might affect the outcome of the suit. The materiality of a fact is thus determined by the substantive law governing the claim or defense. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Anderson, 477 U.S. at 255).

When making this determination, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *See* Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] ... ruling on a motion for summary judgment." Anderson, 477 U.S. at 255.

**II.    Analysis**

Defendant seeks partial summary judgment of Plaintiff's third cause of action for breach of the implied covenant of good faith and fair dealing. Doc. No. 26. Defendant also seeks

summary judgment of Plaintiff's remaining claims for declaratory relief and for violations under California's unfair competition law and Consumer Legal Remedies Act. Doc. No. 32. In the alternative, Defendant seeks partial summary judgment of Plaintiff's restitution claim. Id.

### A. Motion for Partial Summary Judgment (Doc. No. 25)

Defendant contends that Plaintiff's claim for breach of the implied covenant of good faith and fair dealing fails because there is no contract between Plaintiff and Defendant. Doc. No. 26 at 1. Defendant asserts that there is no enforceable contract since: 1) the purchase of a product at retail cannot create a contract; and 2) the alleged "terms" between the parties are not sufficiently definite, and therefore cannot create a contract.

In response, Plaintiff argues that: 1) a unilateral contract was created through Defendant's promotional offer; 2) Civil Code § 1749.5 creates a contractual obligation by Defendant "to redeem the issued Marlboro Miles as 'valid' 'currency'"; 3) Defendant received consideration through increased purchases; 4) doctrine of promissory estoppel bars Defendant from denying the existence of a contractual obligation; and 5) issues of fact preclude a finding of summary judgment.[1] Doc. No. 41 at 1-3. Defendant replies that Plaintiffs arguments are irrelevant because no contract can be assumed through the implication of § 1749.5. Doc. No. 45 at 1. In addition, Defendant argues that Plaintiff's attempt to create an issue of fact through additional allegations should be disregarded by this Court. Id. at 2.

#### 1. Additional Allegations

Defendant argues in its reply that Plaintiff's attempt to insert new allegations not present in her complaint in order to create a contractual relationship is impermissible. Doc. No. 45 at 2. In particular, Defendant asserts that Plaintiff cannot now claim in her opposition that "a contract existed between the parties because '[Defendant] instructed customers, including the Plaintiff, to buy Marlboro cigarettes and collect the Marlboro Miles certificates to save up enough Miles for redemption'" Id., citing to Pl. Opp. at 13.

---

[1] Plaintiff asserts "this Court held that ... [t]he program is an incentive program because 'more valuable gifts could be required for more certificates.'" Doc. No. 41 at 3, citing to Order of Feb. 23, 2006 at 1-2. Plaintiff's statement is incorrect. The Court in this statement was merely reiterating background facts presented in Plaintiff's complaint, which this Court must take as true on a motion to dismiss. Accordingly, this Court will disregard Plaintiff's argument regarding any purported holding based on a reiteration of facts asserted in Plaintiff's complaint.

4

Federal Rule of Civil Procedure 8(a)(2) requires that the allegations in the complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewcz v. Sorerna N.A., 534 U.S. 506, 512 (2002). The Federal Rules adopt a flexible pleading policy when viewing a complaint, requiring only "minimal notice pleading requirements of Rule 8(a)(2)." Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003).

The Ninth Circuit, however, recognizes that the raising of new factual allegations and theories of liability "would prejudice the defendant who faces different burdens and defenses" at the summary judgment stage. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1291 (9th Cir. 2000), citing Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 642 (3d Cir. 1993); *see also* Pickern v. Pier 1 Imports (U.S.), Inc., 457 F.3d 963, 968-69 (9th Cir. 2006) (new allegations asserted in summary judgment opposition impermissible under Fed. R. Civ. P. 8(a)(2)).

In Pickern, the Ninth Circuit noted that although plaintiff laid out broad claims in her complaint, the court found no specific grounds behind her claims, and thus held that "[plaintiff] did not [] provide any notice concerning the grounds on which she based this claim." 457 F.3d at 968. The court accordingly upheld the district court's decision to exclude new factual allegations to support plaintiff's disability barriers claim because plaintiff "failed to provide adequate notice of the new allegations." Id. at 969. The Ninth Circuit specifically found that the new allegations, which were part of an expert's report submitted during settlement negotiations, could not be considered as timely filed. Id. Accordingly, the Court found that the untimely filing unfairly precluded any attempt by defendant to seek discovery regarding the new allegations, and thus barred entry of these allegations. Id.

In the instant matter, Plaintiff states in support of her claim for a unilateral contract that Defendant "instructed customers, including the Plaintiff, to buy Marlboro cigarettes and collect the Marlboro Miles certificates to save up enough Miles for redemption." Doc. No. 41 at 13. Defendant argues that this statement goes outside the factual allegation boundaries of the complaint. In contrast to Pickern, however, a liberal reading of the complaint reveals that this statement should not come as a surprise to Defendant. In her complaint, Plaintiff details the incentive program that Defendant allegedly engaged in, including that Defendant advertised

and offered awards in exchange for a buyer's collection of "5 Miles" award certificates. *See* Cpt. at 2 ("Philip Morris includes these certificates with the intent that they be cut from the packages by consumers who will then present them to Philip Morris for free gifts."). The "instruction" alluded to in Plaintiff's pleading, therefore, comes from the alleged incentive program set-up by Defendant that tells, or "instructs," customers that in exchange for saving certificates, and thus buying products, they will be rewarded with gifts from Defendant. Accordingly, taking the factual allegations in the light most favorable to Plaintiff, the non-moving party, this Court finds that Plaintiff did not fail to provide adequate notice to Defendant regarding "instruct[ing] customers ... to buy Marlboro cigarettes and collect [] Marlboro Miles," and thus will be considered by this Court in its analysis.

### 2. Unilateral Contract

Plaintiff asserts that California law provides for promotional offers as a basis for a unilateral contract "if it calls for the 'performance of a specific act.'" Doc. No. 41 at 12, citing to Harris v. Times, Inc., 191 Cal.App.3d 449, 455 (1987); Donovan v. RRL Corp., 26 Cal.4th 261, 272 (2001). Defendant replies that evidence of a promotional offer through direct mailings or postcard advertisements do not pertain to Plaintiff in the instant matter, and therefore she cannot rely on them as evidence of a promotional offer. Doc. No. 45 at 3. Defendant also contends that even if the promotional offers were considered by this Court, the combination of the promotional offers with the "Marlboro Miles" do not give rise to a contractual obligation. Id. at 5.

Although advertisements are generally not treated by the courts as offers to contract, there are exceptions to this rule. Harris v. Time, Inc., 191 Cal.App.3d at 455. One fundamental exception where "an advertisement can constitute an offer, and form the basis of a unilateral contract, [is] if [the advertisement] calls for performance of a specific act without further communication and leaves nothing for negotiation." Id. An example where a unilateral contract may be construed from an advertisement is where a company advertises a giveaway to a customer in exchange for the customer's act of coming into a store. Accordingly, if the advertisement Plaintiff now cites "calls for performance of a specific act without further

communication," a unilateral contract may follow.

Defendant states in its reply that Plaintiff's pleading provides, without explanation, two advertisements from 1994 and 1999 in support of her contention that Defendant's advertisements created a unilateral contract. Doc. No. 45 at 3, referring to Plaintiff's Ntc. of Lodgement at Exhs. 7 and 18. Defendant goes on to state that the advertisements cannot form the basis of a unilateral contract because Plaintiff does not contend that she saw the advertisement, nor did she act on them. Id. The record appears to support Defendant's contention. Nowhere in the record does Plaintiff state that the advertisements provided in her exhibits were viewed by her, nor does she rely in her pleadings on these specific advertisements. The advertisements, therefore, cannot form the basis of a unilateral contract between Plaintiff and Defendant. This Court, accordingly, will not consider the advertisements contained in exhibits attached to her pleadings as a basis for a unilateral contract between the parties.

Defendant further points to the absence of contentions in Plaintiff's pleadings or evidence in the entire record to support Plaintiff's claim that a unilateral contract exists. Doc. No. 45 at 3. A review of the record, however, does not support Defendant's contentions. Plaintiff in her deposition testified to the "word of mouth" advertisement that was prevalent in Defendant's alleged advertising campaign, and therefore does plead the presence of advertising by Defendant. *See* Reynolds Depo. at 169:19-22. Moreover, Plaintiff testified to her personal knowledge of the Marlboro catalogs, and the items that were offered by Defendant, disputing Defendant's contentions that Plaintiff "never familiarized herself with the terms and conditions of any PM USA promotions." *See* id. at 195:6-199-25; Doc. No. 29 at ¶ 7. Accordingly, contrary to Defendant's contentions, Plaintiff has sufficiently plead knowledge of advertisements by Defendant of the alleged incentive program, and Defendant's advertising efforts in promoting its incentive program.

The mere presence of advertisements or catalogs, however, does not automatically convert any of Defendant's actions into a unilateral contract. To avoid summary judgment, Plaintiff instead bears the burden of demonstrating a genuine issue of material fact that Defendant's advertisements created a unilateral contract between Plaintiff and Defendant,

necessary for pursuing her claim of breach of the implied covenant of good faith and fair dealing. *See* Fireman's Fund Ins. Co. v. Maryland Casualty Co., 21 Cal.App.4th 1586, 1599 (1994) (existence of contract necessary to sustain a cause of action under breach of the implied covenant of good faith and fair dealing.). As discussed, the mere knowledge or presence of advertisements do not create a unilateral contract; instead, the advertisement must "call[] for performance of a specific act without further communication and leave[] nothing for negotiation." Harris, 191 Cal.App.3d at 455.

Viewing the record in the light most favorable to Plaintiff, the non-moving party, this Court finds a genuine issue of material fact regarding whether there existed a unilateral contract between the parties. To create a unilateral contract, the offer relied upon in the advertisement must be stated "in clear and positive terms, promis[ing] to render performance in exchange for something requested by the advertiser." Donovan v. RRL Corp., 26 Cal.4th 261, 272 (2001), citing to 1 Corbin, Contracts § 2.4 at 116-117 (rev. ed. 1993). In addition, a court must determine "whether the recipient of the advertisement reasonably might have concluded that by acting in accordance with the request a contract would be formed." Id. In the instant matter, Plaintiff disputes Defendant's contentions that she was not familiarized with the terms and conditions of Defendant's "Marlboro Miles" promotions, asserting instead that she "understood that the Marlboro Miles offer required multiple acts on my part to participate." Doc. No. 41-3, Reynolds Decl. at ¶ 3. Plaintiff lists the acts as consisting of "the purchase of Marlboro cigarettes, the clipping of Marlboro Miles certificates, the saving of Marlboro Miles certificates and the eventual mailing of a sufficient number of Marlboro Miles certificates for products offered by PM." Id. Plaintiff, accordingly, disputes Defendant's contentions regarding the lack of clear and definite terms of the incentive program, and instead asserts that she had knowledge of clear and specific terms offered by Defendant. Accordingly, a genuine issue of material fact is present that cannot be resolved by this Court, precluding dismissal here on summary judgment.

### 3. Other Issues

Because this Court finds a genuine issue of material fact regarding the existence of a

unilateral contract between the parties, the Court will not reach the issues of promissory estoppel, consideration and Cal. Civ. Code § 1749.5 in allegedly creating a contract between the parties.

### 4. Conclusion

For the foregoing reasons, this Court DENIES Defendant's motion for partial summary judgment of Plaintiff's breach of the implied covenant of good faith and fair dealing claim. Doc. No. 25.

## B. Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment (Doc. No. 32)

Defendant next asserts in its motion for summary judgment, or in the alternative for partial summary judgment, that Plaintiff's claims under the UCL, and the CLRA, as well as her claims for declaratory relief and for restitution, should be dismissed on summary judgment by this Court. Doc. No. 32. Defendant contends that: 1) Cal. Civ. Code § 1749.5 does not apply to the "'Marlboro Miles' proofs of purchase"; 2) Plaintiff fails to support a cause of action under the "unfair" prong of the UCL; and 3) restitutionary relief under the UCL is not available to Plaintiff because no money was paid for the Marlboro Miles proofs of purchase.

### 1. California Civil Code § 1749.5

Defendant first asserts that "Plaintiff's claim under the 'unlawful' prong of the UCL fails as a matter of law because 'Marlboro Miles' proofs of purchase are not regulated by Civil Code § 1749.5." Doc. No. 32 at 7. Defendant contends that "[b]ecause 'Marlboro Miles' proofs of purchase are *not* 'gift certificates,' and are *not* 'sold,' this claim fails." Id. (emphases in original). Defendant cites several reasons to find § 1749.5 inapplicable, including: 1) plain language definition of "gift certificate"; 2) Marlboro Miles do not "'entitle' the holder" to merchandise or services in a specified amount; 3) Marlboro Miles are not acquired by one party to be gifted to another; 4) the language of § 1749.5 does not expand the definition of gift certificate to any loyalty or awards program; 5) Plaintiff's interpretation of § 1749.5 would lead to "absurd and unreasonable results"; and 6) Plaintiff's interpretation is unconstitutional, and would violate "constitutionally protected commercial speech rights" under the "'void for vagueness' doctrine."

Id. at 7-16. In addition, Defendant alleges that because the "'Marlboro Miles' proofs of purchases" were not sold, § 1749.5 cannot apply. Id. at 16.

In response, Plaintiff contends that Defendant's motion impermissibly "seeks to have this Court reconsider the prior legal ruling in this case." Doc. No. 50 at 1, 13. Plaintiff points to this Court's prior Order, dated February 23, 2006, denying Defendant's previous motion to dismiss. Id. Plaintiff also asserts that newly discovered evidence supports its contentions that the "Marlboro Miles" program were not "proofs of purchase," but are gift certificates within the meaning of § 1749.5 because Defendant itself viewed the certificates as "currency" to be used by a consumer as an incentive. Id. at 1, 9. Plaintiff also alleges that Defendant is judicially estopped from arguing that Marlboro Miles are only proofs of purchases because of prior in-court representations made in other litigation. Id. at 8. In reply, Defendant asserts that Plaintiff overlooked "a new and dispositive legal argument that the requirements of § 1749.5 apply only to gift certificates that are 'sold,' which 'Marlboro Miles' undeniably are not." Doc. No. 53 at 1.

In its Order, dated February 23, 2006, this Court explicitly rejected Defendant's argument that § 1749.5 was inapplicable to Defendant's "Marlboro Miles" at issue here. Doc. No. 14. In doing so, this Court reviewed Defendant's arguments regarding the dictionary definition of "gift certificate," the plain language of the statute, the legislative history of California's gift certificate legislation, California case law cited by Defendant, including Freeman v. Wal-Mart Stores Inc., 111 Cal.App.4th 660 (2003) and Waul v. Circuit City Stores, 2004 WL 1535825 (Cal.App.1 Dist. July 9, 2004), as well as the definition of gift certificates by other jurisdictions. *See* Doc. No. 14 at 4-8. This Court, therefore, has already thoroughly considered the majority of Defendant's arguments presented in the instant motion for summary judgment, and thus rejects any suggestion by Defendant that it reconsider its Order now, especially in light of the lengthy delay between this Court's Order and the filing of this motion. *See* Civ.LR 7.1.i (with few exceptions, "no motion or application for reconsideration shall be filed more than 30 days after the entry of the ruling ...").

Defendant in reply contrasts the instant motion with the prior motion to dismiss, stating

that its summary judgment motion "is [now] supported by documentary, testimonial and expert evidence that was not, and could not, be presented to the Court in a motion to dismiss." Doc. No. 53 at 2. Defendant's argument is unpersuasive. In contrast to Defendant's contentions, the arguments provided by Defendant almost precisely mirror the arguments presented in its motion to dismiss, which this Court, as discussed, thoroughly considered in light of the entire record. That Defendants now have introduced deposition testimony to suggest that Plaintiff may have allegedly interpreted the "Marlboro Miles" differently, or her alleged lack of knowledge of the "Marlboro Miles" program is of no moment here. This Court, in its motion to dismiss Order, looked at the plain language of the statute, as well as the accompanying legislative history and the available case law in determining that the "Marlboro Miles incentive fall under the purview of Cal. Civ. Code § 1749.5." Order at 5. Plaintiff's alleged viewpoints or knowledge would play no role in this Court's determination of the applicability of § 1749.5 on the "Marlboro Miles" incentives.

In addition, even if this Court were to accept Defendant's arguments as timely under this Court's rules, the Federal Rules of Civil Procedure limits this Court's scope when reconsidering a prior ruling. Under Fed. R. Civ. P. 60(b), a court may relieve a party from final judgment or order for: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence. . .; (3) fraud. . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged. . .; or (6) any other reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b) (West 2006). A motion for reconsideration, thus, "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Kona Enters. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted). Defendant's argument, therefore, that "a new and dispositive legal argument" precludes denial of summary judgment is unpersuasive where the legal argument referred to was available at the time Defendant's motion to dismiss was pending. Defendant, moreover, does not demonstrate that this Court committed clear error or that newly discovered evidence or an intervening change in the

controlling law is applicable here. This Court, accordingly, rejects Defendant's contentions regarding the inapplicability of Cal. Civ. Code § 1749.5 in relation to Plaintiff's claims under the UCL and CLRA, and DENIES Defendant's motion for summary judgment.[2]

### 2. Restitutionary Relief

Defendant next contends that this Court should deny Plaintiff's claim for restitutionary relief, asserting that because Plaintiff paid nothing for her Marlboro Miles, she can receive nothing under the UCL, which provides only "injunctive relief and restitution" damages. Doc. No. 32 at 21-22, citing to Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1150 (2003). In response, Plaintiff, citing to Korea Supply, argues instead that the applicable statutes do not limit restitutionary damages to "cash paid directly by consumers to the UCL defendant, but includes the loss by plaintiff, and resulting gain by the defendant, of any vested interest in money or property." Doc. No. 50 at 23.

California Business & Professions Code § 17203 gives reviewing courts the authority to "make such orders or judgments ... as may be necessary to restore to any person in interest any money or property ... which may have been acquired by means of such unfair competition." Such orders are aimed at not only deterring future UCL violations, but also "to foreclose retention by the violator of its ill-gotten gains." Bank of the West v. Superior Court, 2 Cal.4th 1254, 267 (1992). California courts, however, have limited the remedies available under § 17203 to only equitable remedies for violations of the UCL, including injunctive and restitutionary releif. See Kraus v. Trinity Management Services, Inc., 23 Cal.4th 116, 126 (2000). An order for restitution may be defined as one "compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person." Id. at 126-27. Thus, California case law provides restitutionary damages under the UCL not only for money or property that was once in the plaintiff's possession, but also for property in which a plaintiff has a vested interest. Madrid v. Perot

---

[2] Because the UCL is written in the disjunctive, this Court will not address issues pertaining to the unfair prong of the UCL. See McKell v. Washington Mutual, Inc., 142 Cal.App.4th 1457, 1471 (2006) ("A business practice need only meet one of the three criteria to be considered unfair competition.").

Systems Corp., 130 Cal.App.4th 440, 453 (2005), citing to Korea Supply, 29 Cal.4th at 1144-45.

In the instant matter, Plaintiff claims a vested property interest in the "Marlboro Miles" incentives that Defendant allegedly unilaterally terminated. Doc. No. 50 at 22. Plaintiff also contends that Defendant's argument regarding the lack of value of the "Marlboro Miles" incentives is disingenuous in light of testimony by Defendant's executives that the "Marlboro Miles" incentives were quantifiable "as between 2 cents and 4 cents per Mile." Id. at 23, citing to Exh. 27 at 72. A review of the record before this Court appears to support the presence of disputed issues of material facts in the instant matter. Although Plaintiff is only entitled to restitutionary, and not compensatory, damages, Plaintiff may be entitled to any value that Defendant may have gained from the alleged unfair competition act. Both parties here, however, dispute whether "Marlboro Miles" on its own have monetary value, and thus the value (if any) of Defendant's alleged "ill-gotten gains." *See* Doc. No. 50 at 23-24; Doc. No. 53 at 8-9. As discussed, this Court is limited in a summary judgment motion, and thus cannot act as a trier of fact in the determination of whether "Marlboro Miles" hold any value to allow restitutionary damages to Plaintiff. Accordingly, the record before the Court requires that it must DENY Defendant's motion for summary judgment of Plaintiff's restitution claims under the UCL.

## CONCLUSION AND ORDER

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that Defendant's motion for partial summary judgment (Doc. No. 25), and motion for summary judgment, or in the alternative for partial summary judgment (Doc. No. 32), are **DENIED**.

**IT IS SO ORDERED.**

DATED: June 5, 2007

HON. JOHN A. HOUSTON
United States District Judge

cc: Magistrate Judge Major
All Counsel of Record